**Jacob S. Gill,** OSB No. 033238
Email: jgill@stollberne.com
STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. Oak Street, Suite 500
Portland, Oregon 97204
Telephone: (503) 227-1600
Facsimile:  (503) 227-6840

**Andrew T. Oliver**  (to be admitted *pro hac vice*)
Email: aoliver@ATWiplaw.com
AMIN, TUROCY & WATSON, LLP
160 West Santa Clara Street, Suite 975
San Jose, California 95113
Telephone: (650) 618-6481
Facsimile:  (216) 696-8731

**Jenny W. Chen** (to be admitted *pro hac vice*)
Email: Jenny.Chen@ChenIPLaw.com
CHEN IP LAW GROUP
7F, N0. 1, Alley 30, Lane 358
Rueiguang Road
Neihu District,  Taipei City  114
Taiwan (R.O.C.)
Telephone: +(886)-2-7721-8855
Facsimile:  +(886)-2.-7721-8822

**Attorneys for Defendant**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| MASS ENGINEERED DESIGN, INC., | Case No. 3:16-CV-01510-SI |
| Plaintiff, | |
| v. | **DEFENDANT PLANAR SYSTEMS, INC.'S REQUEST FOR CASE MANAGEMENT CONFERENCE** |
| PLANAR SYSTEMS, INC., | |
| Defendant. | **DEMAND FOR JURY TRIAL** |

Pursuant to LR 16-2(c) and court order,[1] Defendant Planar Systems, Inc. ("Planar") hereby requests that the court set a case management conference and set a schedule for this case. Planar notes that its lead counsel will be out of the country until August 2, 2016, and requests that the case management conference be scheduled no earlier than August 5, 2016.

## I.    INTRODUCTION

This patent infringement case was filed on May 5, 2014, in the U.S. District Court for the Eastern District of Texas ("EDTX"), as case no. 6:14-cv-00414 (the "414 Case").  On July 14, 2014, in its first substantive filing, Planar moved to dismiss or transfer venue to this Court.  (ECF No. 11 in the 414 Case).  It is Planar's position that this motion deprived the EDTX of the authority to conduct further proceedings in the case prior to ordering the transfer.  *See, e.g., In re Google Inc.*, 2015 WL 5294800, at *1 (Fed. Cir. July 16, 2015) (ordering EDTX to stay all proceedings pending ruling on the transfer motion and noting, "We [have] stressed 'the importance of addressing motions to transfer at the outset of litigation.'") (citations omitted).

Despite Planar's prompt filing of the motion to transfer, the EDTX ordered the parties to attend a case management conference (ECF Nos. 17, 21 in the 414 Case), consolidated the 414 Case with case no. 6:14-cv-00411 (the "411 Case") and other cases that have since settled (*see* ECF No. 22 in the 414 Case), and ordered the parties to begin substantive proceedings (ECF No. 26 in the 411 Case).  Even though Planar objected to continuing proceedings in the EDTX, Planar complied with the EDTX orders to avoid being sanctioned.  These objectionable

---

[1] The Order entered on March 24, 2015, as ECF No. 24 in case no. 6:14-cv-414, in the U.S. Dist. Ct. for the Eastern District of Texas (the "Partial Transfer Order"), states, "Upon receipt of this order in the District of Oregon" the transferred case "will be immediately assigned to a judge…"  Partial Transfer Order p. 14.  The Partial Transfer Order directs Planar, "Immediately upon receipt of this Court's claim construction order, Planar shall notify its assigned judge in the District of Oregon, and shall request a case management conference be set as soon as possible." *Id.*

PAGE 2 **-  DEFENDANT PLANAR SYSTEMS, INC.'S REQUEST FOR CASE MANAGEMENT CONFERENCE**

proceedings included proposing schedules, participating in claim construction proceedings, and providing discovery, all under EDTX rules, rather than the rules of this Court.

On March 24, 2015, over eight months after Planar filed the motion to dismiss or transfer, the EDTX entered an order transferring the case that the Court styled as a "CONDITIONALLY GRANTED" order.  (ECF No. 24 in the 424 Case (emphasis in original)).  Despite finding that transfer was proper, the EDTX did not transfer the case, but stated that "Planar WILL BE TRANSFERRED to the District of Oregon immediately upon entry of this Court's Markman opinion."  (*Id.* at 14 (emphasis in original)).  Under Federal Circuit law, the case should have been immediately transferred. *See, e.g., In re Google*, 2015 WL 5294800, at *2 ("IT IS ORDERED THAT: … the lower court must issue a decision on Google's transfer motion within 30 days … and stay all other proceedings pending final resolution of the transfer motion.").

After ordering that transfer was proper, the EDTX conducted a claim construction hearing and allowed discovery and pretrial proceedings to continue.  Realizing that the EDTX may not transfer the case prior to trial, may issue substantively prejudicial motions under EDTX rules, and may attempt to foreclose Planar's right to take discovery and proceed under the Local Rules of this Court, Planar moved for an emergency stay on October 16, 2015. (ECF No. 142). The Court granted the motion and stayed proceedings with respect to Planar on October 19, 2015.  (ECF No. 145).

On March 3, 2016 (over 19 months after Planar moved to transfer and almost 1 year after the EDTX ordered the transfer), the EDTX issued its claim construction order, triggering the transfer to this Court.  (ECF No. 170).  (It is Planar's contention that the EDTX exceeded its authority in construing the claims of the asserted patents and, thereby, attempting to direct this Court to follow the EDTX claim construction order.)  On March 17, 2016, Planar filed an

**PAGE 3 - DEFENDANT PLANAR SYSTEMS, INC.'S REQUEST FOR CASE MANAGEMENT CONFERENCE**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

objection to one of the constructions.  Based on this, the EDTX delayed transfer of the case

further.  On July 20, 2016, the EDTX issued an order adopting the original claim construction

and overruling Planar's objection.  (ECF No. 195).  Now, over two years after Planar filed its

motion to transfer, the EDTX has transferred the case to this district.

      Planar therefore requests a case management conference based upon issuance of the

claim construction order (*id.* at ECF No. 170 and 195) and the order stating, "Immediately upon

receipt of this Court's claim construction order, Planar shall notify its assigned judge in the

District of Oregon, and shall request a case management conference be set as soon as possible."

(ECF No. 24 at 14 in the 424 Case).  Planar notes that the requirement to notify the assigned

judge in the District of Oregon could not occur immediately upon entry of the EDTX claim

construction order, as it had to be delayed until a judge was assigned.

## II.    REQUEST FOR CASE MANAGEMENT CONFERENCE

      Planar agrees with the EDTX that a case management conference should be set to:

      (a) Determine whether the local rules of the EDTX should apply to a case that is properly

in this Court, thereby subjecting this Court to significant motion practice based upon the EDTX

Patent Local Rules;

      (b) Determine whether further claim construction proceedings should be undertaken;

      (c) Determine a period for discovery to be taken;

      (d) Determine a schedule for expert witness disclosures and discovery;

      (e) Determine a schedule for summary judgment motions; and

      (f) Determine a pre-trial and trial schedule.

      The EDTX ordered that "Upon receipt of this order in the District of Oregon, the

conditionally transferred case will be immediately assigned to a judge who will be informed of

PAGE 4 -  **DEFENDANT PLANAR SYSTEMS, INC.'S REQUEST FOR CASE
MANAGEMENT CONFERENCE**

the case management schedule and progress of these cases.  The judge will be requested to accommodate that schedule as nearly as possible, consistent with his or her own schedule." (ECF No. 24 at 14 in the 414 Case).  Notwithstanding the question of whether it is proper for the EDTX to issue procedural orders to this Court, it will be impossible to accommodate the schedule set by the EDTX.  And Planar contends that it was improper to undertake any proceedings in the EDTX after filing of the motion to transfer, such that this Court should consider whether to rely upon the EDTX proceedings or reconsider part or all of such proceedings.

Notably, since the 411 Case was stayed, various discovery and disclosure periods have lapsed and were not utilized by the EDTX or the parties while the case was stayed.  For example, (1) the fact discovery period lapsed, along with deadlines for: (2) rebuttal expert designations and reports; (3) identification of trial witnesses; (4) amendment of pleadings; (5) identification of rebuttal trial witnesses; (6) summary judgment and Daubert motions; (7) responses to discovery motions; (8) pretrial disclosures; (9) rebuttal designations and objections to deposition testimony; (10) objections to rebuttal deposition testimony; (10) pretrial objections;  (11) joint pretrial order; (12) joint proposed jury instructions; (13) verdict form; (14) motions in limine; (15) responses to motions in limine; (16) estimates of trial time; (17) pretrial conference; (18) jury selection; and (19) the trial date.  (*See* ECF No. 125 in the 411 Case).

Moreover, if this Court decides to proceed under the EDTX schedule, that decision will imply adoption of the EDTX local rules.  Those rules are significantly different from this Court's rules and that should not be applied in a case that is properly in this Court rather than the EDTX. For example, the EDTX discovery rules are significantly different than the rules in this Court, starting with the EDTX elimination of requests for production of documents under Fed. R. Civ.

PAGE 5 -  **DEFENDANT PLANAR SYSTEMS, INC.'S REQUEST FOR CASE MANAGEMENT CONFERENCE**

P. 34, replacement of Rule 26 initial disclosures with alternative disclosures according to court order, and various limits on other rules.  Moreover, adoption of the EDTX rules will imply adoption of the Patent Local Rules of that Court.  If such rules are adopted, this Court will need to adjudicate multiple procedural disputes that were pending in the EDTX, and which would require interpretation of the intricacies of the nuanced EDTX local rules and, in some instances, development of new law regarding application of the EDTX local rules, as certain pending issues appear to be issues of first impression.  These disputes include at least the following:

1)  Mass's motion to strike an expert report under the EDTX Patent Local Rules;

2)  Mass's opposition to the withdrawal of Planar's former counsel;

3)  Mass's request for discovery regarding same;

4)  Planar's expected motion to strike significant portions of Mass's expert report under the EDTX Patent Local Rules;

5)  Planar's expected request for an *in camera* review of documents related to former counsel's withdrawal;

6)  Planar's expected motion for leave to amend its invalidity contentions under the EDTX Patent Local Rules; and

7)  Planar's expected motion for leave to belatedly comply with EDTX Patent Local Rule 3-7 (regarding production of opinions of counsel and the advice of counsel defense).

However, if this Court resets much of the schedule in this case and adopts its own rules, all of these disputes will be mooted without causing undue prejudice to either party.  And this Court will be able to proceed with a clean slate without the prejudice that may otherwise result to the parties due to the EDTX's improper application of the EDTX local rules.

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

## III.      CONCLUSION

For the foregoing reasons, Planar requests that the Court set a case management

conference and set a schedule for this case, beginning with a discovery period and proceeding

according to the Local Rules of this Court.

DATED this 29th day of July, 2016.

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.

By: s/Jacob S. Gill
     **Jacob S. Gill,** OSB No. 033238

209 SW Oak Street, Suite 500
Portland, OR 97204
Telephone:     (503) 227-1600
Facsimile:     (503) 227-6840
Email:          jgill@stollberne.com

-And-

**Andrew T. Oliver** (to be admitted *pro hac vice*)
Email: aoliver@ATWiplaw.com
AMIN, TUROCY & WATSON, LLP
160 West Santa Clara Street, Suite 975
San Jose, California 95113
Telephone: (650) 618-6481
Facsimile:  (216) 696-8731

**Jenny W. Chen** (to be admitted *pro hac vice*)
Email: Jenny.Chen@ChenIPLaw.com
CHEN IP LAW GROUP
7F, N0. 1, Alley 30, Lane 358
Rueiguang Road
Neihu District,  Taipei City  114
Taiwan (R.O.C.)
Telephone:  +(886)-2-7721-8855
Facsimile:   +(886)-2.-7721-8822

**Attorneys for Defendant**

PAGE 7 -  **DEFENDANT PLANAR SYSTEMS, INC.'S REQUEST FOR CASE
            MANAGEMENT CONFERENCE**