John Mansfield, OSB No. 055390
  john@harrisbricken.com
HARRIS BRICKEN, LLP
121 SW Morrison Ave., Suite 400
Portland, OR 97204
P: 503.207.7313

Stephen F. Schlather (pro hac vice)
  sschlather@ip-lit.com
John J. Edmonds (pro hac vice)
  jedmonds@ip-lit.com
Shea N. Palavan (pro hac vice)
  spalavan@ip-lit.com
Brandon G. Moore (pro hac vice)
  bmoore@ip-lit.com
COLLINS EDMONDS
SCHLATHER & TOWER PLLC
1616 South Voss Road, Suite 125
Houston, Texas 77057
P: 713.364.2371

Attorneys for Plaintiff Mass Engineered Design, Inc.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON
## PORTLAND DIVISION

| | |
|---|---|
| **MASS ENGINEERED DESIGN, INC.,** | Case No.: 3:16-cv-01510-SI |
| Plaintiff, | **PLAINTIFF'S ANSWER TO DEFENDANT'S AMENDED COUNTERCLAIMS** |
| v. | |
| **PLANAR SYSTEMS, INC.** | |
| Defendant. | **DEMAND FOR JURY TRIAL** |

Plaintiff Mass Engineered Design, Inc.("Mass") answers the amended counterclaims of Defendant Planar Systems, Inc. ("Planar") (Doc 81) by corresponding paragraph number as follows:

1.    Admitted.

2.    Admitted.

3.    Admitted that this Court has jurisdiction over Planar's alleged counterclaims. Mass denies that Planar's declaratory claims have any merit and further denies that Planar is entitled to any declaratory relief.

4.    Admitted that, as a result of the transfer of this matter from the District Court For the Eastern District of Texas, this Court has personal jurisdiction over Mass solely for purposes of this case.

5.    Admitted.

6.    Admitted that Mass has alleged infringement by Planar of the Patents-in-Suit and that an actual and justiciable controversy exists between Mass and Planar for purposes of declaratory jurisdiction. Denied that Planar is entitled to any declaratory or other relief.

First Counterclaim – Declaratory Judgment of Non-infringement

7.    Mass incorporates here its answers and responses to Planar's previous allegations.

8.    Denied.

9.    Denied.

10.    Mass incorporates here its answers and responses to Planar's previous allegations.

11.    Denied.

12.    Denied.

13.    Mass incorporates here its answers and responses to Planar's previous allegations.

14.    Denied.

15.    Denied.



16.    Admitted.

17.    Admitted that on October 13, 1998, Mark Elchuk filed U.S. Patent Application No. 09/172,193 on behalf of named inventor Jerry Moscovitch.  Otherwise, denied.

18.    Admitted.

19.    Admitted.

20.    Admitted that 37 CFR §1.172 requires a sworn oath or declaration in reissue applications filed prior to September 16, 2012.  Admitted that 37 CFR §1.175 requires that the reissue oath or declaration "state at least one error being relied upon as the basis for reissue" and that "All errors being corrected in the reissue application up to the time of filing of the oath or declaration under this paragraph arose without any deceptive intention on the part of the applicant."  Otherwise, denied.

21.    Denied.

22.    Denied.

23.    Admitted that the applicant's reissue oath or declaration is part of the process a reissue application.  Mass lacks knowledge or information sufficient to form a belief about the truth of the other allegations in this paragraph.

24.    Admitted.

25.    Admitted that Mr. Moscovitch attempted to and did comply with all relevant requirements for obtaining a reissue patent, including as evidenced by the reissue of the '978 Patent.  Admitted that Mr. Moscovitch submitted to the USPTO a reissue declaration on or about October 1, 1998.  To the extent the allegations in this paragraph are not addressed by the foregoing, denied.

26.    Denied.

27.    Admitted.

28.    Denied.

29.    Admitted that the Moscovitch Declaration contains the following statement: "I relied on Mr. Waraksa's professional judgement that a claim of the scope as claim 6 above was not patentable in view of the prior art that Mr. Waraksa and I reviewed prior to preparing and filing the '158 application." Otherwise, denied.

30.    Denied.

31.    Admitted.

32.    Denied.

33.    Admitted.

34.    Admitted that Moscovitch requested that Waraksa provide his file regarding the '939 Patent to Moscovitch for delivery to Mr. Moscovitch's new patent counsel.  Denied that any "letter reporting the issuance of the '939 patent" was contained in that file.  Mass lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding Mr. Waraksa's secretary, Cindy Powell, and, on that basis, denies same.  Mass lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding whether Mr. Waraksa still has a copy of said letter.  Otherwise, denied.

35.    Admitted.

36.    Admitted that Mr. Moscovitch requested that Waraksa provide his file regarding the '939 Patent to Moscovitch for delivery to Moscovitch's new patent counsel.  Mass lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding whether Mr. Waraksa still has a copy of said correspondence.  Otherwise, denied.

37.    Admitted.

38.    Denied.

39.    Admitted.

40.    Denied.

41.    Admitted.

42.    Denied.

43.    Admitted that Moscovitch attempted to and did reissue the '939 Patent as the '978 Patent, including with broader claims directed to the features that Moscovitch identified in the Moscovitch Declaration and pursued in the '193 application.  Otherwise, denied.

44.    Denied.

45.    Denied.

46.    Mass incorporates here its answers and responses to Planar's previous allegations

47.    Admitted.

48.    Denied.

49.    Denied.

50.    Admitted that said statutes are quoted correctly.  To the extent the allegations of this paragraph as not addressed by the foregoing, denied.

51.    Denied.

52.    Admitted that Mr. Moscovitch and Mr. Elchuk were individuals associated with the filing and prosecution of the U.S. Patent Application No. 10/129,884 that led to the '331 patent, had knowledge of the existence, filing date, and at least some content of the '742 application throughout the prosecution of the '884 Application that led to the '331 patent.  Otherwise, denied.

53.    Admitted.

54.    Admitted.

55.    Admitted that a lack of common inventor is prima facie evidence of different inventive entities.  Otherwise, denied.



56.    Admitted.

57.    Admitted that on June 22, 2001, patent attorney Mark Elchuk filed the '259 application, with priority claims to the '742 application and the '733 application, and listing four inventors named Moscovitch, Ian C. Hall, Son Chung, and Mark D. Elchuk.  Admitted that Mr. Elchuk responded to a Notice of Missing Parts on November 28, 2001.  Admitted that the '259 Application issued as the '103 Patent on June 11, 2013 listing Jerry Moscovitch, Ian Hall, Son Chung, and Mark Elchuk as inventors.  Otherwise, denied.

58.    Admitted that on June 4, 2013, Moscovitch filed the '749 application, with priority claims to the '259 application, the '733 application, and the '742 application. Admitted that on December 19, 2013, the '749 application was published as U.S. Patent Application Publication No. US 2013/0334376 A1.  Otherwise, denied.

59.    Admitted that Mr. Elchuk at least assisted with the '742 application, that he was in good faith listed as an inventor on the '742 application based upon a contribution that he had made, that he presumably reviewed the '742 application before filing the '742 application, had the '742 application filed with the patent office, and that he had at least some knowledge of the contents of the '742 application at the time that the '742 application was filed in 1998.  Otherwise, Mass lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

60.    Admitted that Mr. Elchuk was in good faith listed as an inventor on the '259 application based upon a contribution that he had made, that he had the '259 application filed with the patent office, and that he either prosecuted or directed the prosecution of the '259 application between from June 22, 2001 until March 13, 2003.  Otherwise, Mass lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

61.     Admitted that Mr. Elchuk was in good faith listed as an inventor on the '733 application based upon a contribution that he had made, that he had the '733 application filed with the patent office, and that he either prosecuted or directed the prosecution of the '733 application between from June 22, 2001 until March 13, 2003.  Otherwise, Mass lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

62.     Admitted that Moscovitch is an inventor of the '742 application, assisted with the '742 application, reviewed the '742 application before it was filed, and had knowledge of the contents of the '742 application at the time that the '742 application was filed in 1998.  Otherwise, denied.

63.     Admitted that Mr. Moscovitch is an inventor of the '259 application and had knowledge of its contents at least as early as the time it was filed.  Denied that Mr. Moscovitch memorized the application such that he has exact knowledge of its contents thereafter.

64.     Admitted that Mr. Moscovitch is an inventor of 733 application and had knowledge of its contents at least as early as the time it was filed.  Denied that Mr. Moscovitch memorized the application such that he has exact knowledge of its contents thereafter.

65.     Admitted.

66.     Admitted that Mr. Moscovitch understood and Mr. Elchuck presumably understood that December 23, 1998 is prior to November 12, 1999.  Admitted that Mr. Moscovitch and Mr. Elchuck had been aware of the filing of the '742 application.  Admitted that Mr. Moscovitch and Mr. Elchuck had been aware of the priority filing of the '331 patent.  To the extent this paragraph is intended to imply other allegations it is denied.  Otherwise denied.

67.     Admitted that on May 10, 2002, Mr. Elchuk filed or had an assistant file an Information Disclosure Statement ("IDS") with the USPTO during prosecution of U.S. Patent Application No. 10/129,884 (the "'884 application") from which the '331 patent issued.  Admitted that the IDS did

not cite the '742 application, the '733 application, or the '259 application in that IDS.  Admitted that Mr. Elchuck determined what he believed was appropriate to be cited in the IDS.  Otherwise, denied.

68.    Admitted.

69.    Admitted that one of the foregoing was a pending application and thus "co-pending" in that respect on May 10, 2002.  Otherwise denied.

70.    Admitted that Mr. Elchuck either prosecuted or directed the prosecution of same during about said dates. Otherwise, Mass lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

71.    Mass lacks knowledge or information sufficient to form a belief about the truth of the allegation of ¶71 about what Mr. Elchuck knew at that time, and, on that basis, denies knowledge of what Mr. Elchuck knew.  Otherwise, denied.

72.    Denied.

73.    Admitted.

74.    Mass admits that on or about October 21, 2004, Mr. Moscovitch, through his patent attorneys, filed an Amendment and Response to the pending '884 application, in which Moscovitch requested, inter alia, allowance of new claims 2-57. Mass admits that the Amendment and Response included at least new claims 13, 27, 45, and 51.  Mass further admits that with regard to certain limitations, claims 13, 27, 45, and 51 were broader in certain respects than certain previously pending claims.  Otherwise, denied.

75.    Admitted.

76.    Denied.

77.    Admitted that in or about October 2005, Mr. Moscovitch hired Allan Tameshtit as an employee of Mass.  Otherwise, denied.

78.     Admitted that from approximately October 2005 through the date on which the '331 patent issued, January 24, 2012, Moscovitch was associated with the filing or prosecution of the application that led to the '331 patent, within the meaning of 37 CFR §1.56, and had a duty of candor to the patent office.  Admitted that at least from once he re-registered as a patent agent in 2010 that Dr. Tameshtit became associated with the filing or prosecution of the application that led to the '331 patent, within the meaning of 37 CFR §1.56, and had a duty of candor to the patent office.

79.     Admitted that Dr. Tameshtit became a patent agent registered with the USPTO for a second time in 2010.  Otherwise, denied.

80.     Admitted.

81.     Admitted that the filing on or about said date was signed by Mr. Moscovitch and likely physically prepared by Dr. Tameshtit at Mr. Moscovitch's direction.  Admitted that said document cites 37 CFR 1.56 in a paragraph disclosing material information to the patent examiner.  Due to the passage of many years, Mass lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in this paragraph.

82.     Admitted that prior to making the filing on or about said date, Mr. Moscovitch and Dr. Tameshtit had discussed and agreed that each would be providing any prior art deemed to be material or even potentially material.  Admitted that prior to making the filing on or about said date, Mr. Moscovitch and Dr. Tameshtit had each provided prior art deemed by them to be material or even potentially material. Admitted that prior to making the filing on or about said date, Mr. Moscovitch and/or Dr. Tameshtit had each  provided prior art deemed to be material or even potentially material. Admitted that the filing on or about said date was likely physically prepared by Dr. Tameshtit at Mr. Moscovitch's direction and subject to the foregoing.  Admitted that prior to making the filing on or about said date, Mr. Moscovitch and Dr. Tameshtit may have discussed one or more specific prior

art references at some level.  Denied that Mr. Moscovitch and Dr. Tameshtit recall specifics of discussions that occurred many years ago about specific prior art including specifics of discussions of prior art cited in this filing.  Admitted that the filing on or about said date does not disclose the '742 application, the '733 application, or the '259 application.  However, the IDS dated April 25, 2005 had already disclosed WO00/38493 including its written disclosure and lineage.  Denied that the '742 application, the '733 application and/or the '259 application were material, citable prior art.  Due to the passage of many years, Mass lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in this paragraph.

83.    Admitted.

84.    Admitted that the filing on or about said date was signed by Mr. Moscovitch and likely physically prepared by Dr. Tameshtit at Mr. Moscovitch's direction.  Admitted that said document cites 37 CFR 1.56 in a paragraph disclosing material information to the patent examiner.  Due to the passage of many years, Mass lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in this paragraph.

85.    Admitted that prior to making the filing on or about said date, Mr. Moscovitch and Dr. Tameshtit had discussed and agreed that each would be providing any prior art deemed to be material or even potentially material.  Admitted that prior to making the filing on or about said date, Mr. Moscovitch and Dr. Tameshtit had each provided prior art deemed by them to be material or even potentially material. Admitted that prior to making the filing on or about said date, Mr. Moscovitch and/or Dr. Tameshtit had each provided prior art deemed to be material or even potentially material.  Admitted that the filing on or about said date was likely physically prepared by Dr. Tameshtit at Mr. Moscovitch's direction and subject to the foregoing.  Admitted that prior to making the filing on or about said date, Mr. Moscovitch and Dr. Tameshtit may have discussed one or more specific prior

HARRIS | BRICKEN

121 SW Morrison, Ste. 400
Portland  OR 97204

art references at some level.  Denied that Mr. Moscovitch and Dr. Tameshtit recall specifics of discussions that occurred many years ago about specific prior art including specifics of discussions of prior art cited in this filing.  Admitted that the filing on or about said date does not disclose the '742 application, the '733 application, or the '259 application.  However, the IDS dated April 25, 2005 had already disclosed WO00/38493 including its written disclosure and lineage.  Denied that the '742 application, the '733 application and/or the '259 application were material, citable prior art. Due to the passage of many years, Mass lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in this paragraph.

86.    Admitted that on or about December 17, 2007, Mr. Moscovitch, personally filed a Response To Non-Final Office Action And Disclosure Of Information Under 37 CFR 1.56.  Admitted that this Response cancelled all of the then pending claims and added new claims 62-72.  Admitted that Mr. Moscovitch indicated that "the pending application is in condition for allowance." Otherwise, denied.

87.    Admitted that Dr. Tameshtit provided non-legal, ministerial assistance with said document and that it was signed by Mr. Moscovitch. Admitted that said document cites 37 CFR 1.56 in a paragraph disclosing material information to the patent examiner.  Otherwise denied.

88.    Admitted.

89.    Denied.

90.    Admitted that prior to making the filing on or about said date, Mr. Moscovitch and Dr. Tameshtit had discussed and agreed that each would be providing any prior art deemed to be material or even potentially material.  Admitted that prior to making the filing on or about said date, Mr. Moscovitch and Dr. Tameshtit had each provided prior art deemed by them to be material or even potentially material. Admitted that prior to making the filing on or about said date, Mr. Moscovitch

HARRIS | BRICKEN

121 SW Morrison, Ste. 400
Portland  OR 97204

and/or Dr. Tameshtit had each  provided prior art deemed to be material or even potentially material. Admitted that the filing on or about said date was likely physically prepared by Dr. Tameshtit at Mr. Moscovitch's direction and subject to the foregoing.  Admitted that prior to making the filing on or about said date, Mr. Moscovitch and Dr. Tameshtit may have discussed one or more specific prior art references at some level.  Denied that Mr. Moscovitch and Dr. Tameshtit recall specifics of discussions that occurred many years ago about specific prior art including specifics of discussions of prior art cited in this filing.  Admitted that the filing on or about said date does not disclose the '742 application, the '733 application, or the '259 application.  However, the IDS dated April 25, 2005 had already disclosed WO00/38493 including its written disclosure and lineage.  Denied that the '742 application, the '733 application and/or the '259 application were material, citable prior art. Due to the passage of many years, Mass lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in this paragraph.

91.    Admitted that Mr. Moscovitch filed an Amendment After Final Action Under 37 C.F.R. 1.116 Submitted In Conjunction With A Request For Continued Examination, And Disclosure Of Information Under 37 CFR 1.56 on July 15, 2008.  Admitted that the Amendment amended certain pending claims of the application. Admitted that Mr. Moscovitch indicated that "the pending application is in condition for allowance." Otherwise, denied.

92.    Admitted that the filing on or about said date was signed by Mr. Moscovitch and likely physically prepared by Dr. Tameshtit at Mr. Moscovitch's direction.  Admitted that said document cites 37 CFR 1.56 in a paragraph disclosing material information to the patent examiner.  Due to the passage of many years, Mass lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in this paragraph.

93.    Admitted.



94.    Admitted that the Amendment filed July 15, 2008 distinguishes the cited and referenced prior art by, inter alia, pointing out that such prior art fails to describe "a support arm that is bowed at the front of the arm and along most of the length of the arm…."  Admitted that the Amendment filed July 15, 2008 points out that certain prior art disclosed arms that are "straight."  Admitted that the Amendment filed July 15, 2008 describes a hypothetical wherein "two arms would not describe a smooth curve."  Denied as to Planar's characterization of this Office Action Response, which speaks for itself.  Otherwise denied.

95.    Denied.

96.    Admitted that prior to making the filing on or about said date, Mr. Moscovitch and Dr. Tameshtit had discussed and agreed that each would be providing any prior art deemed to be material or even potentially material.  Admitted that prior to making the filing on or about said date, Mr. Moscovitch and Dr. Tameshtit had each provided prior art deemed by them to be material or even potentially material. Admitted that prior to making the filing on or about said date, Mr. Moscovitch and/or Dr. Tameshtit had each   provided prior art deemed to be material or even potentially material. Admitted that the filing on or about said date was likely physically prepared by Dr. Tameshtit at Mr. Moscovitch's direction and subject to the foregoing.  Admitted that prior to making the filing on or about said date, Mr. Moscovitch and Dr. Tameshtit may have discussed one or more specific prior art references at some level.  Denied that Mr. Moscovitch and Dr. Tameshtit recall specifics of discussions that occurred many years ago about specific prior art including specifics of discussions of prior art cited in this filing.  Admitted that the filing on or about said date does not disclose the '742 application, the '733 application, or the '259 application.  However, the IDS dated April 25, 2005 had already disclosed WO00/38493 including its written disclosure and lineage.  Denied that the '742 application, the '733 application and/or the '259 application were material, citable prior art.

HB HARRIS | BRICKEN

121 SW Morrison, Ste. 400
Portland  OR 97204

Due to the passage of many years, Mass lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in this paragraph.

97.    Admitted that Mr. Moscovitch personally filed Amendments to the claims of the '884 application. Denied that occurred on or about February 18, 2009. Admitted that Mr. Moscovitch filed an IDS on or about February 18, 2009.

98.    Admitted that said document was signed by Mr. Moscovitch and that Mr. Moscovitch received certain non-legal, ministerial assistance from Dr. Tameshtit with the document. Admitted that said document cites 37 CFR 1.56 in a paragraph disclosing material information to the patent examiner. Otherwise denied.

99.    Admitted that prior to making the filing on or about said date, Mr. Moscovitch and Dr. Tameshtit had discussed and agreed that each would be providing any prior art deemed to be material or even potentially material. Admitted that prior to making the filing on or about said date, Mr. Moscovitch and Dr. Tameshtit had each provided prior art deemed by them to be material or even potentially material. Admitted that prior to making the filing on or about said date, Mr. Moscovitch and/or Dr. Tameshtit had each  provided prior art deemed to be material or even potentially material. Admitted that the filing on or about said date was likely physically prepared by Dr. Tameshtit at Mr. Moscovitch's direction and subject to the foregoing. Admitted that prior to making the filing on or about said date, Mr. Moscovitch and Dr. Tameshtit may have discussed one or more specific prior art references at some level. Denied that Mr. Moscovitch and Dr. Tameshtit recall specifics of discussions that occurred many years ago about specific prior art including specifics of discussions of prior art cited in this filing. Admitted that the filing on or about said date does not disclose the '742 application, the '733 application, or the '259 application. However, the IDS dated April 25, 2005 had already disclosed WO00/38493 including its written disclosure and lineage. Denied that

the '742 application, the '733 application and/or the '259 application were material, citable prior art. Due to the passage of many years, Mass lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in this paragraph.

100.    Admitted.

101.    Admitted that the filing on or about said date was signed by Mr. Moscovitch and likely physically prepared by Dr. Tameshtit at Mr. Moscovitch's direction.  Admitted that the document states that none of the prior art being considered by the examiner "teach or suggest a bowed support arm for supporting displays as recited in claim 75 (or claim 62)." Denied that the '742 application, the '733 application or the '259 application discloses a bowed support arm for supporting displays. Admitted that the document dated October 7, 2009 does not disclose the '742 application, the '733 application, or the '259 application.  However, the IDS dated April 25, 2005 had already disclosed WO00/38493 including its written disclosure and lineage.  Denied that the '742 application, the '733 application and/or the '259 application were material, citable prior art.  Otherwise, denied.

102.    Admitted that prior to making the filing on or about said date, Mr. Moscovitch and Dr. Tameshtit had discussed and agreed that each would be providing any prior art deemed to be material or even potentially material.  Admitted that prior to making the filing on or about said date, Mr. Moscovitch and Dr. Tameshtit had each provided prior art deemed by them to be material or even potentially material. Admitted that prior to making the filing on or about said date, Mr. Moscovitch and/or Dr. Tameshtit had each   provided prior art deemed to be material or even potentially material. Admitted that the filing on or about said date was likely physically prepared by Dr. Tameshtit at Mr. Moscovitch's direction and subject to the foregoing.  Admitted that prior to making the filing on or about said date, Mr. Moscovitch and Dr. Tameshtit may have discussed one or more specific prior art references at some level.  Denied that Mr. Moscovitch and Dr. Tameshtit recall specifics of

discussions that occurred many years ago about specific prior art including specifics of discussions of prior art cited in this filing.  Admitted that the filing on or about said date does not disclose the '742 application, the '733 application, or the '259 application.  However, the IDS dated April 25, 2005 had already disclosed WO00/38493 including its written disclosure and lineage.  Denied that the '742 application, the '733 application and/or the '259 application were material, citable prior art. Due to the passage of many years, Mass lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in this paragraph.

103.   Admitted.

104.   Admitted that the filing on or about said date was signed by Mr. Moscovitch and likely physically prepared by Dr. Tameshtit at Mr. Moscovitch's direction.  Admitted that this document cites 37 CFR 1.56 in a paragraph stating "an information disclosure statement is being provided herewith further to 37 CFR §1.97 and 1.98 (Information disclosure statement)."  Admitted that this document does not disclose the '742 application, the '733 application or the '259 application. However, the IDS dated April 25, 2005 had already disclosed WO00/38493 including its written disclosure and lineage.  Denied that the '742 application, the '733 application and/or the '259 application were material, citable prior art.  Otherwise, denied.

105.   Admitted that prior to making the filing on or about said date, Mr. Moscovitch and Dr. Tameshtit had discussed and agreed that each would be providing any prior art deemed to be material or even potentially material.  Admitted that prior to making the filing on or about said date, Mr. Moscovitch and Dr. Tameshtit had each provided prior art deemed by them to be material or even potentially material. Admitted that prior to making the filing on or about said date, Mr. Moscovitch and/or Dr. Tameshtit had each provided prior art deemed to be material or even potentially material. Admitted that the filing on or about said date was likely physically prepared by Dr. Tameshtit at Mr.

HB HARRIS | BRICKEN

121 SW Morrison, Ste. 400
Portland OR 97204

Moscovitch's direction and subject to the foregoing.  Admitted that prior to making the filing on or about said date, Mr. Moscovitch and Dr. Tameshtit may have discussed one or more specific prior art references at some level.  Denied that Mr. Moscovitch and Dr. Tameshtit recall specifics of discussions that occurred many years ago about specific prior art including specifics of discussions, including any privileged discussions, of prior art cited in this filing.  Admitted that the filing on or about said date does not disclose the '742 application, the '733 application, or the '259 application.  However, the IDS dated April 25, 2005 had already disclosed WO00/38493 including its written disclosure and lineage.  Denied that the '742 application, the '733 application and/or the '259 application were material, citable prior art.  Due to the passage of many years, Mass lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in this paragraph.

106.    Admitted.

107.    Admitted that prior to making such filings, Mr. Moscovitch and Dr. Tameshtit had discussed and agreed that each would be providing any prior art deemed to be material or even potentially material.  Admitted that prior to making such filings, Mr. Moscovitch and Dr. Tameshtit had each provided prior art deemed by them to be material or even potentially material. Admitted that prior to making such filings, Mr. Moscovitch and/or Dr. Tameshtit had each   provided prior art deemed to be material or even potentially material.  Admitted that such filings were likely physically prepared by Dr. Tameshtit at Mr. Moscovitch's direction and subject to the foregoing.  Admitted that prior to making such filings, Mr. Moscovitch and Dr. Tameshtit may have discussed one or more specific prior art references at some level.  Denied that Mr. Moscovitch and Dr. Tameshtit recall specifics of discussions, including privileged discussions, that occurred many years ago about specific prior art including specifics of discussions of prior art cited in this filing.  Admitted that the

filing on or about said date does not disclose the '742 application, the '733 application, or the '259 application. However, the IDS dated April 25, 2005 had already disclosed WO00/38493 including its written disclosure and lineage. Denied that the '742 application, the '733 application and/or the '259 application were material, citable prior art. Due to the passage of many years, Mass lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in this paragraph.

108.    Admitted that Mr. Moscovitch and Dr. Tameshtit had a regular practice of citing relevant and material patent and other materials, including those attributable to Mr. Moscovitch, to patent examiners in connection with Mr. Moscovitch's pending applications. Otherwise, denied.

109.    Admitted that on September 12, 2011, the patent examiner issued a notice of allowability ("NOA") in connection with the '884 application. Admitted that the Notice of Allowance states certain reasons for allowance. Otherwise, denied.

110.    Denied.

111.    Admitted that in the NOA, the patent examiner noted some of the deficiencies of the '939 Patent as prior art and stated with regard to the '939 Patent "[T]he support arm disclosed by Moscovitch is flat and does not bow. Further, the support arm structure disclosed by Moscovitch is not a single piece support arm." Otherwise, denied.

112.    Admitted that in the NOA, the patent examiner noted some of the deficiencies of the '328 Patent as prior art and stated with regard to the '328 Patent "[T]he support arm disclosed by Leveridge is not formed as a single piece component and does not connect to display housing portions at the backs of the displays." Otherwise, denied.

113.    Admitted that in the NOA, the patent examiner noted some of the deficiencies of the '337 Patent as prior art and stated with regard to the '337 Patent "[T]he support structure (201) disclosed

by Mayer is a housing and not a support arm." Otherwise, denied.

114.    Admitted that in the NOA, the patent examiner noted some of the deficiencies of the '313 Patent as prior art and stated with regard to the '313 Patent "[T]he support arm (20) disclosed by Downing connects to the tops of the display panels and does not connect to a support column." Otherwise, denied

115.    Denied.

116.    Denied.

117.    Admitted that during prosecution, publication WO 00/39493, based on the '733 application, was cited to the patent examiner. Admitted that the '493 Publication was prior art at least as of July 6, 2000. Admitted that July 6, 2000 is after the priority date of the '884 Application. Otherwise, denied.

118.    Under Planar's erroneous theory of prior art, which Mass rejects, WO 00/39493 would have disclosed its priority filings including back to December 23, 1998 and thus it would be prior art under Planar's erroneous theory of prior art. Mass lacks knowledge or information sufficient to form a belief about the truth of the allegation of ¶118 and, on that basis, denies same.

119.    Denied that the '742 application or the '259 application are citable or invalidating prior art. Otherwise, denied.

120.    Admitted that each of Mr. Moscovitch, Mr. Elchuk and Dr. Tameshtit had at least some knowledge of the contents of the '742 application at various times. Admitted that Mr. Moscovitch and Dr. Tameshtit had at least knowledge of the contents of applications claiming priority to the '742 application, including the WO 00/39493 publication which was cited to the patent examiner. Otherwise, Mass lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of ¶120 and, on that basis, denies same. Otherwise, denied.

121.    Denied.

122.    Denied.

123.    Mass denies that Planar is entitled to any of the relief that Planar seeks in its prayer for relief.

124.    To the extent necessary, Mass acknowledges that Planar has made a jury demand.  Mass has likewise requested and it hereby re-requests a trial by jury on all issues so triable.

125.    To the extent necessary, Mass specifically denies all allegations of inequitable conduct, Mass generally denies any allegation in the counterclaims not specifically admitted above, and Mass re-alleges infringement, validity, enforceability and damages, and denies any allegations in the counterclaims adverse to same.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff Mass Engineered Design, Inc. respectfully requests that this Court enter judgment denying and dismissing Planar's counterclaims, and that the Court enter judgment in favor of Mass including as requested in Mass's Complaint, as amended or supplemented

HARRIS | BRICKEN

**121 SW Morrison, Ste. 400**
**Portland  OR 97204**

April 14, 2017                              /s/ John J. Edmonds
                                            John Mansfield, OSB No. 055390
                                            HARRIS BRICKEN, LLP
                                            121 SW Morrison Ave., Suite 400
                                            Portland, OR  97204
                                            P: 971.271.8615
                                            john@harrisbricken.com

                                            Stephen F. Schlather (pro hac vice)
                                            sschlather@ip-lit.com
                                            John J. Edmonds (pro hac vice)
                                            jedmonds@ip-lit.com
                                            Shea N. Palavan (pro hac vice)
                                            spalavan@ip-lit.com
                                            Brandon G. Moore (pro hac vice)
                                            bmoore@ip-lit.com
                                            COLLINS EDMONDS
                                            SCHLATHER & TOWER PLLC
                                            1616 South Voss Road, Suite 125
                                            Houston, Texas 77057
                                            P: 713.364.2371

                                            Attorneys for Plaintiff Mass Engineered Design, Inc.

HARRIS | BRICKEN

**121 SW Morrison, Ste. 400**
**Portland  OR 97204**