**Jacob S. Gill,** OSB No. 033238
Email: jgill@stollberne.com
STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. Oak Street, Suite 500
Portland, Oregon 97204
Telephone:     (503) 227-1600
Facsimile:     (503) 227-6840

**Jenny W. Chen** (admitted *pro hac vice*)
Email: Jenny.Chen@ChenIPLaw.com
CHEN IP LAW GROUP
7F, N0. 1, Alley 30, Lane 358
Rueiguang Road
Neihu District,  Taipei City  114
Taiwan (R.O.C.)
Telephone: (886)-2-7721-8855
Facsimile:  (886)-2-7721-8822

**Andrew T. Oliver**  (admitted *pro hac vice*)
Email: aoliver@ATWiplaw.com
AMIN, TUROCY & WATSON, LLP
160 West Santa Clara Street, Suite 975
San Jose, California 95113
Telephone: (650) 618-6481
Facsimile:  (216) 696-8731

**Attorneys for Defendant Planar Systems, Inc.**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| MASS ENGINEERED DESIGN, INC., | Case No. 3:16-CV-01510-SI |
| Plaintiff, | **DEFENDANT PLANAR SYSTEMS, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT OF NONINFRINGEMENT OF THE '978 PATENT** |
| v. | |
| PLANAR SYSTEMS, INC., | |
| Defendant. | **[AUTHORIZED TO BE FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER]** |

**Table of Contents**

I.    Introduction ........................................................................................... 1

II.    Legal Standards .................................................................................... 3

    A.    Summary Judgment is Appropriate ........................................... 3

    B.    Direct Infringement ..................................................................... 5

    C.    Induced Infringement .................................................................. 5

    D.    Contributory Infringement .......................................................... 6

III.    Argument – Planar is Entitled to Partial Summary Judgment of
    Noninfringement of the '978 Patent ..................................................... 6

    A.    Partial Summary Judgment of No Direct Infringement is
        Appropriate Because Mass Does Not Have Any Evidence
        Showing Direct Infringement ..................................................... 6

    B.    Partial Summary Judgment of No Induced Infringement
        With Respect to Planar's Distributor Customers is
        Appropriate ................................................................................. 9

        1.    Ingram Micro Inc. .......................................................... 10

        2.    Tech Data Product Management, Inc. ............................. 12

        3.    Synnex Corporation ....................................................... 13

        4.    Ma Laboratories, Inc. ..................................................... 14

        5.    ASI Computer Technologies Inc. ................................... 15

        6.    Syx Distribution, Inc. ..................................................... 16

        7.    CDW Logistics, Inc. ...................................................... 17

        8.    D & H Distributing Company ......................................... 18

        9.    Other Distributors .......................................................... 18

        10.    Potential Government Infringement ............................... 20

    C.    The Sales and Alleged Infringement For Which Planar
        Seeks Summary Judgment Are Not Like The Sales For Which Circumstantial
        Evidence Was Sufficient In Prior Cases ................................... 22

D. Partial Summary Judgment of No Contributory Infringement Should Be Entered .......................................................................................... 24

IV.    Conclusion ............................................................................................. 25

# Table of Authorities

**Cases**

*ACCO Brands, Inc. v. ABA Locks Manufacturer Co., Ltd.*
   501 F.3d 1307 (Fed. Cir. 2007)................................................................. 5, 6

*American Int'l. Group, Inc. v. American Int'l Bank*
   926 F.2d 829 (9th Cir. 1991). ................................................................. 5, 7

*Anderson v. Liberty Lobby, Inc.*
   477 U.S. 242 (1986)................................................................. 4, 7, 11, 24

*Aro Mfg. Co. v. Convertible Top Replacement Co.*
   365 U.S. 336 (1961) ................................................................................... 6

*Astornet Technologies Inc. v. BAE Systems, Inc.*
   802 F.3d 1271 (Fed. Cir. 2015)........................................................... 20, 21

*Bernal v. Paradigm Talent and Literary Agency*
   788 F. Supp. 2d 1043 (C.D. Cal. 2010) ....................................................... 4

*Builders Concrete, Inc. v. Bremerton Concrete Products Co.*
   757 F.2d 255 (Fed. Cir. 1985)................................................................ 5, 7

*Convolve, Inc. v. Compaq Computer Corp.*
   812 F.3d 1313 (Fed. Cir. 2016) ................................................................... 5

*Deepsouth Packing Co. v. Laitram Corp.*
   406 U.S. 518 (1972)............................................................................ 6, 11

*DSU Med. Corp. v. JMS Co.*
   471 F.3d 1293 (Fed. Cir. 2006)............................................................ 5, 11

*Dynacore Holdings Corp. v. U.S. Philips Corp.*
   363 F.3d 1263 (Fed. Cir. 2004) ................................................................. 12

*Epcon Gas Sys. Inc. v. Bauer Compressors, Inc.*
   289 F.3d 1022 (Fed. Cir. 2002)........................................................... 6, 24

*Fay v. Cordesman*
   109 U.S. 408 (1883)............................................................................. 5, 7

*Golden Blount, Inc. v. Robert H. Peterson Co.*
   438 F.3d 1354 (Fed. Cir. 2006) ................................................................. 24

*Hasan v. Eastern Washington State University*
   no. 11-35038 (9th Cir. June 12, 2012) ......................................................... 4

*Largan Precision Co. v. Genius Electronic Optical Co.*
   646 Fed. Appx. 946 (Fed. Cir. 2016) .................................................... 6, 22

*Mass Engineered Design, Inc. v. Ergotron, Inc.*
  633 F. Supp. 2d 361 (E.D. Tex. 2009) ................................................................. 23

*Meade v. Cedarapids, Inc.*
  164 F.3d 1218 (9th Cir. 1999) ......................................................... 4, 7, 12, 24

*Medgraph, Inc. v. Medtronic, Inc.*
  843 F.3d 942, 1012 (Fed. Cir. 2016) .................................................... 3, 4

*Microsoft Corp. v. AT&T Corp.*
  127 S. Ct. 1746 (2007) ................................................................................ 11

*Moleculon Research v. CBS, Inc.*
  793 F.3d 1261 (Fed. Cir. 1986) ............................................................... 23

*Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*
  843 F.3d 1315 (Fed. Cir. 2016) ............................................................... 12

*Scott v. Harris*
  550 U.S. 372, 380 (2007) ............................................................................. 4

*State of Cal. v. Campbell*
  138 F.3d 772 (9th Cir. 1998) ....................................................................... 4

*Summers v. A. Teichert & Son*
  127 F.3d 1150 (9th Cir. 1997) ................................................................. 5, 8

*Toshiba Corp. v. Imation Corp.*
  681 F.3d 1358 (Fed. Cir. 2012) ........................................................... 22, 23

**Statutes**

28 U.S.C. §1498 .............................................................................................. 20, 21

35 U.S.C. §271 .............................................................................................. passim

**Other Authorities**

Anacapa's website
  www.anacapamicro.com ................................................................................ 21

CDW's annual report
  http://investor.cdw.com/secfiling.cfm?filingID=1402057-17-7&CIK=1402057 ................... 20

Zones Inc.'s website
  www.zones.com/site/statics/static_page.html?name=solutions/public-sector/
  federal-government/index ............................................................................ 21

## L.R. 7-1 Compliance

Pursuant to Local Rule 7-1, the parties made a good faith effort by telephone conference to resolve this dispute and have been unable to do so.

## Motion

Defendant Planar Systems, Inc. ("Planar") moves for partial summary judgment of (1) no direct infringement of U.S. Patent No. RE36,978 (the '978 patent) with respect to all accused products that do not include "a pair of electronic displays," (2) no inducement of infringement of the '978 patent with respect to all sales to the distributors and international companies identified herein of the accused products that do not include "a pair of electronic displays," and (3) no contributory infringement of the '978 patent with respect to all sales to the distributors and international companies identified herein of the accused products that do not include "a pair of electronic displays."

This motion is supported by the following memorandum and the *Declaration of Andrew T. Oliver in Support of Defendant's Motion for Partial Summary Judgment of Noninfringement of the '978 Patent* ("Oliver Decl.") and *Concise Statement of Material Facts in Support of Defendant's Motion for Partial Summary Judgment of Noninfringement of the '978 Patent* ("Concise Stmt.") filed contemporaneously herewith.

## Memorandum

## I.    Introduction

Plaintiff Mass Engineered Design, Inc. ("Mass") asserts that Planar infringes the '978 patent. The '978 patent is titled "Dual Display System" and describes a specific type of stand for two electronic displays. Oliver Decl., Ex. 1 at p.1 (cover page). The asserted claims are also directed to a specific type of display stand for two electronic displays. A representative Figure from the '978 patent is reproduced below:

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840



FIG. 1

*Id.* at p. 2 (Fig. 1). Infringement of each of the asserted claims requires that the infringing device includes "a pair of electronic displays." *Id*. at p. 16 (col. 11:8-11).

Most of the allegedly infringing products are stands for electronic monitors with NO electronic monitors. Yet, despite this manifest absence, Mass asserts that Planar directly infringes the '978 patent through all sales of such products. This assertion is made, even after the close of all discovery, without any supporting evidence. Instead, it is supported only by the purported expert report of Mass's hired consultant who states that he "assumes" that Planar directly infringes by using the accused products with "a pair of electronic displays." The purported expert does not explain how or why he comes to the conclusion that Planar, an approximately 400 employee company, uses the entire over 300,000 units of the accused products that Mass claims it is entitled to direct infringement damages. No other "support" is put forth by Mass and its purported expert. Thus, Planar is entitled to summary judgment that it does not directly infringe the '978 patent with respect to the accused products that do not include electronic monitors.

With respect to inducement of infringement, Planar sold over 95% of the accused products to distributors or international companies, not to end users in the United States. Mass

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

did not provide evidence that Planar's distributor customers and international customers sell the accused products to end users in the United States who actually assemble the products with "a pair of electronic displays." Instead, the known evidence supports the proposition that some or all of the sales by these distributors are sales outside of the United States. Thus, the end users obtaining the accused products through such sales would presumably assemble them outside of the United States. But assembly of a product (assuming such an act is an infringing act, if taken within in the United States) cannot result in inducement of infringement when such an act takes place outside of the United States, because our patent laws do not cover extraterritorial infringement. Rather, the "direct infringement" that must underlie "inducement of infringement" must occur within the United States. For this reason, and because Mass has not put forward evidence that the sales at issue resulted in use by assembly and incorporation of "a pair of electronic displays" in the United States, Planar requests entry of partial summary judgment of noninfringement with respect to sales to the identified distributors and international companies.

Finally, because contributory infringement also requires an underlying act of direct infringement in the United States, Planar requests entry of partial summary judgment of noninfringement with respect to the same sales to the same distributors mentioned above.

While entry of partial summary judgment of noninfringement will not eliminate every sale that is accused of infringement, if the Court grants summary judgment on each sale for which it is requested, over 95% of the alleged infringement of the '978 patent will be resolved by an order granting this partial summary judgment motion.

## II.    Legal Standards

### A.    Summary Judgment is Appropriate

"Infringement is a question of fact." *Medgraph, Inc. v. Medtronic, Inc.*, 843 F.3d 942, 1012 (Fed. Cir. 2016). "As such, a grant of summary judgment of noninfringement is proper when no reasonable factfinder could find that the accused product contains every claim limitation or its equivalent." *Id.*

Page 3 –   MOTION FOR PARTIAL SUMMARY JUDGMENT OF NONINFRINGEMENT OF THE '978 PATENT **[AUTHORIZED TO BE FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER]**

"Evaluation of summary judgment of noninfringement is a two-part inquiry: first, a court construes the scope and meaning of the asserted patent claims, and then compares the construed claims to the accused product or process." *Id.*

Facts are viewed favorably to the nonmovant, but assumptions and speculation are not:

> At the summary judgment stage, facts must be viewed in the light most favorable to the nonmoving party only if there is a "genuine" dispute as to those facts. Fed. Rule Civ. Proc. 56(c). As we have emphasized, "[w]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986) (footnote omitted). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.

*Scott v. Harris*, 550 U.S. 372, 380 (2007). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). "This requires evidence, not speculation."[1] *Meade v. Cedarapids, Inc.*, 164 F.3d 1218, 1225 (9th Cir. 1999); *see Hasan v. Eastern Washington State University*, no. 11-35038, slip op. (9th Cir. June 12, 2012) (affirming summary judgment and noting "Hasan presents nothing more than pure speculation…"); *see Bernal v. Paradigm Talent and Literary Agency*, 788 F. Supp. 2d 1043, 1058 (C.D. Cal. 2010) (holding that raising a "theoretical possibility … amounts to nothing more than pure speculation" and noting that "Plaintiff has not presented more than a

---

[1] One cannot even obtain Rule 56(f) relief, let alone create a material issue of fact based on speculation. *See State of Cal. v. Campbell*, 138 F.3d 772, 779-780 (9th Cir. 1998) (holding that one cannot even obtain Rule 56(f) relief "where it is clear that the evidence sought … is the object of pure speculation.").

Page 4 –   MOTION FOR PARTIAL SUMMARY JUDGMENT OF NONINFRINGEMENT OF THE '978 PATENT **[AUTHORIZED TO BE FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER]**

scintilla of evidence…" in granting summary judgment to defendants).  "[I]nferences cannot be drawn from thin air; they must be based on evidence which, if believed, would be sufficient to support a judgment for the nonmoving party." *American Int'l. Group, Inc. v. American Int'l Bank*, 926 F.2d 829, 837 (9th Cir. 1991).  "[T]he nonmoving party must introduce some 'significant probative evidence tending to support the complaint.'" *Summers v. A. Teichert & Son*, 127 F.3d 1150, 1152 (9th Cir. 1997).

### B.    Direct Infringement

"Literal infringement requires that the accused device embody every element of the claim." *Builders Concrete, Inc. v. Bremerton Concrete Products Co.*, 757 F.2d 255, 257 (Fed. Cir. 1985) (citing *Fay v. Cordesman*, 109 U.S. 408, 420-21 (1883)).

A court does not err in "granting summary judgment of no direct infringement" to a defendant if the accused products "do not meet" a single "limitation present in the asserted claims." *Convolve, Inc. v. Compaq Computer Corp.*, 812 F.3d 1313, 1317-18 (Fed. Cir. 2016).

"In order to prove direct infringement, a patentee must either point to specific instances of direct infringement or show that the accused device necessarily infringes the patent in suit." *ACCO Brands, Inc. v. ABA Locks Manufacturer Co., Ltd.*, 501 F.3d 1307, 1313 (Fed. Cir. 2007).

### C.    Induced Infringement

"Whoever actively induces infringement of a patent shall be liable as an infringer."  35 U.S.C. §271(b).  The "infringement" in this statute refers to direct infringement under section 271(a), which involves a person who "without authority makes, uses, offers to sell, or sells any patented invention, within the United States…."  35 U.S.C. §271(a).

With respect to this case, where Mass cannot show – beyond prohibited speculation – that the claims were completely infringed domestically, the language "within the United States" is an important part of the statute.  The *en banc* Federal Circuit confirmed that direct infringement that has been induced must be proven to have taken place "within the United States." *See DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1246 (Fed. Cir. 2006) (approving jury instruction that states,

Page 5 –    MOTION FOR PARTIAL SUMMARY JUDGMENT OF NONINFRINGEMENT OF THE '978 PATENT **[AUTHORIZED TO BE FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER]**

"… [I]nduced infringement does not require any activity by the indirect infringer in this country, as long as the direct infringement occurs here.").  Referring to 35 U.S.C. §271, the Supreme Court ruled, "The statute makes it clear that it is not an infringement to make or use a patented product outside of the United States."  *Deepsouth Packing Co. v. Laitram Corp.*, 406 U.S. 518, 527 (1972) (holding that to get an injunction for inducing infringement, the plaintiff "must show a §271(a) direct infringement by [defendant] in the United States…").

"Induced infringement requires proof of direct infringement by some party."  *Largan Precision Co. v. Genius Electronic Optical Co.*, 646 Fed. Appx. 946, 948 (Fed. Cir. 2016). "Hypothetical instances of direct infringement are insufficient to establish vicarious liability or indirect infringement."  *ACCO*, 501 F.3d at 1314.

### D.    Contributory Infringement

"A finding of contributory infringement [like inducement] requires underlying proof of direct infringement."  *Epcon Gas Sys. Inc. v. Bauer Compressors, Inc.*, 289 F.3d 1022, 1033 (Fed. Cir. 2002).  "It is settled that if there is no direct infringement of a patent there can be no contributory infringement."  *Aro Mfg. Co. v. Convertible Top Replacement Co.*, 365 U.S. 336, 341 (1961).

### III.    Argument – Planar is Entitled to Partial Summary Judgment of Noninfringement of the '978 Patent

#### A.    Partial Summary Judgment of No Direct Infringement is Appropriate Because Mass Does Not Have Any Evidence Showing Direct Infringement

Because Mass has not provided evidence that the accused products accounting for over 99.94% of Mass's damages claim were used by Planar to directly infringe the '978 patent, summary judgment of no direct infringement of the '978 patent with respect to those products is warranted and appropriate.  Specifically, the following accused products are sold by Planar without electronic displays (model numbers 997-5253-00; 997-5602-00; 997-6035-00; 997-6504-00; and 997-7705-00), while infringement of the asserted claims of the '978 patent requires "a pair of electronic displays."  Oliver Decl., Ex. 1 at p. 16 (col. 11:8-11).  Thus, because

Page 6 –  MOTION FOR PARTIAL SUMMARY JUDGMENT OF NONINFRINGEMENT OF THE '978 PATENT **[AUTHORIZED TO BE FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER]**

"[l]iteral infringement requires that the accused device embody every element of the claim" and the "pair of electronic displays" are missing from these accused devices, summary judgment of no direct infringement is appropriate. *Builders Concrete, Inc. v. Bremerton Concrete Products Co.*, 757 F.2d 255, 257 (Fed. Cir. 1985) (citing *Fay v. Cordesman*, 109 U.S. 408, 420-21 (1883)).

Mass has not and will not be able to show any credible evidence contradicting this and creating a material factual dispute. When Mass was asked in two interrogatories to provide "in detail all facts" pertaining to how Planar allegedly infringed,[2] Mass recited the accused product model numbers and incorporated the not-yet served "expert reports directed to the above identified Planar products of Mass's expert Dr. Akin." Oliver Decl., Ex. 2 at p. 15 (interrogatory nos. 10 and 11). Mass didn't provide any other evidence prior to or after the close of discovery. And purported "expert" Dr. Akin's report provides a vague statement without any support claiming one should assume that (a) Planar uses unidentified display systems with monitors, (b) Planar displays the unidentified systems to its customers, and (c) photographs on a website potentially show use. However, such speculation cannot create a disputed material fact. "[T]here must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). "This requires evidence, not speculation." *Meade v. Cedarapids, Inc.*, 164 F.3d 1218, 1225 (9th Cir. 1999). "[I]nferences cannot be drawn from thin air; they must be based on evidence which, if believed, would be sufficient to support a judgment for the nonmoving party." *American Int'l. Group, Inc. v. American Int'l Bank*, 926 F.2d 829, 837 (9th Cir. 1991). "[T]he nonmoving party must introduce some 'significant probative evidence tending to support the complaint.'" *Summers v. A. Teichert & Son*, 127 F.3d

---

[2] The Court specifically permitted this contention interrogatory to obtain infringement contentions. *See* ECF No. 54 at p. 27:16-22 (in response to defendant's suggestion that the parties serve "a simple contention interrogatory … saying disclose your infringement positions…," the Court stated, "… [Y]ou'll see in the local rules we do have a local rule that prohibits contention interrogatories. What we mean by that here is something that doesn't apply as closely in patent cases, but I think if you all have an interrogatory to each other that basically says disclose all invalidity contentions or other appropriate types of matters, that will not run afoul of our prohibition of contention interrogatories.").

Page 7 –   MOTION FOR PARTIAL SUMMARY JUDGMENT OF NONINFRINGEMENT OF THE '978 PATENT **[AUTHORIZED TO BE FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER]**

1150, 1152 (9th Cir. 1997).

Dr. Akin's speculation does not support judgment (or even avoid summary judgment) for Mass. And Dr. Akin's statement is so vague that it isn't even clear whether he is even referring to one of the accused products when he just states that he assumes that "Planar uses its own display systems." This can be contrasted to the other portions of his report where he identifies the accused products using his moniker "Infringing Products" or other identifiers of specific products. Additionally, despite having deposed Planar multiple times, Mass did not collect evidence supporting this assumption and actually collected evidence contradicting parts of it. For example, the deposition testimony of a Planar witness establishes that the marketing and advertising of the accused products is limited to website and print advertising, with no suggestion supporting Dr. Akin's assumption that "Planar uses [the accused systems] … when displaying such systems to resellers and customers." *See* Oliver Decl., Ex. 4 at pp. 2-3 and 6 (Tr. at 64:21-65:7, 68:20-24). And there is no support for Dr. Akin's speculation that the images "shown on [Planar's] website" were created from photos of actual use, that any possible use was by Planar, or that any possible use was in the United States. Dr. Akin simply doesn't have more than "pure speculation" and certainly did not identify any "significant probative evidence" establishing a disputed material fact. *Summers v. A. Teichert & Son*, 127 F.3d 1150, 1152 (9th Cir. 1997) ("[T]he nonmoving party must introduce some 'significant probative evidence tending to support the complaint.'").

Accordingly, Planar moves the Court for summary judgment of no direct infringement under 35 U.S.C. §271(a) of the '978 patent, with respect to its accused model numbers 997-5253-00; 997-5602-00; 997-6035-00; 997-6504-00; and 997-7705-00, products on which Mass bases over 99.94% of its damages claim. Planar does not move for summary judgment of no direct infringement regarding product numbers 997-7721-00 and 997-7720-00, products for which Mass claims a total of less than $700 in damages.

Page 8 –  MOTION FOR PARTIAL SUMMARY JUDGMENT OF NONINFRINGEMENT OF THE '978 PATENT **[AUTHORIZED TO BE FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER]**

**B.    Partial Summary Judgment of No Induced Infringement With Respect to Planar's Distributor Customers is Appropriate**

Mass's assertions of induced infringement with respect to the Planar's distributor clients suffer from the same problems, i.e., no evidence of the underlying direct infringement in the United States.  Mass relies solely on assumptions that the noninfringing accused products are combined by these distributors with monitors within the United States, resulting in alleged infringement.  However, there is not a scintilla of evidence that these distributors ever assemble the accused products with monitors in the United States (or anywhere).  And there is not a scintilla of evidence establishing that these distributors sell even one of the accused products to an end user in the United States who assembles the products with monitors.  Rather, the distributors distribute their products internationally.  Mass knows this, but got greedy and seeks to claim damages for 100% of the products by choosing not to collect or adduce evidence identifying the countries where the products are actually assembled and used with monitors by end users.  However, this attempt to overreach fails, because Mass did not collect evidence that could possibly establish "by a preponderance of the evidence" that any of these accused products were sold to end users in the United States or that those end users assembled the products in the United States with the "pair of electronic displays" required by the claims for infringement.  Instead, the evidence of record shows that it is more likely than not that the accused products are sold to end users in other countries and never assembled or used in the United States.

The distributors for which Planar seeks summary judgment of no induced infringement are as follows.

Page 9 –   MOTION FOR PARTIAL SUMMARY JUDGMENT OF NONINFRINGEMENT OF
THE '978 PATENT **[AUTHORIZED TO BE FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER]**

### 1.    Ingram Micro Inc.

Planar sold over 91,000 units of the accused products that do not include monitors[3] to Ingram Micro, Inc. ("Ingram").  Oliver Decl., Ex. 7 (PLANAR003810-12).  Ingram is a distributor, not an end user.  *See, e.g.,* Oliver Decl., Ex. 8 at p. 3 (PLANAR00031) (Ingram "Distribution Agreement").  Because Ingram is a distributor, it is not reasonable to assume that Ingram assembled the accused products with monitors or used the products; the reasonable assumption is that Ingram distributed the products to customers.

Planar granted Ingram the right to sell Planar products "to its customers within North America."  Oliver Decl., Ex. 8 at p. 3 (PLANAR00031).  The Court can take judicial notice that North America includes Canada and Mexico.  Fed. R. Evid. 201.  Additionally, while Planar's agreement with Ingram provided certain rights in North America, the agreement did not contain any provision restricting Ingram to only North America.  Oliver Decl., Ex. 8 at pp. 3-11 (PLANAR000031-39).  To the contrary, the agreement includes several provisions contemplating sales in other continents, including: "worldwide license to market" in ¶3.5(a); requirements to provide export information in ¶3.5(b); requirement for insurance with "coverage territory" that is "worldwide" in ¶3.7; "International Warranty" in ¶8.5; reference to "The United Nations Convention on Contracts for the International Sale of Goods"[4] in ¶12.4.  *Id.*

And Ingram is a worldwide distributor.  Ingram's website shows that it has "Local sales offices and/or representatives in 45 countries," "154 distribution centers worldwide," and "more

---

[3] As noted above, the only accused products that include monitors are product number 997-7721-00 and 997-7720-00.  None of these products were sold to Ingram or any of the other distributor customers listed below, except for 18 units of the -7721 product that were sold to CDW and noted below.  Oliver Decl., Ex. 7 at p. 3 (PLANAR003812) (listing customers who received the -7720 and -7721 products).  Planar does not move for summary judgment with respect to the -7720 and -7721 products, which account for approximately 0.06% (i.e., less than $700) of Mass's damages claim.

[4] Planar notes that ¶12.4 states that the United Nations convention does not apply, but if the goods were intended for distribution in the United States, there would be no reason or need to indicate a choice of laws.  Contracting for a choice between international and U.S. law would only be needed in situations where some or all aspects of the contemplated sales are to take place outside of the U.S.

Page 10 – MOTION FOR PARTIAL SUMMARY JUDGMENT OF NONINFRINGEMENT OF THE '978 PATENT **[AUTHORIZED TO BE FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER]**

than 200,000 customers in approximately 160 countries."  Oliver Decl., Ex. 9.  Ingram's location

map shows that, in North America alone, it has locations in three countries.  Oliver Decl., Ex. 10.

Because Mass did not collect or present evidence during the discovery period that **even a**

**single one** of Ingram's sales of the accused products was in the United States, the only

reasonable assumption is that Ingram distributed the Planar products worldwide, to the 160

countries that it serves.  But U.S. patent law does not govern those 160 countries:

> The presumption that United States law governs domestically but
> does not rule the world applies with particular force in patent law.
> The traditional understanding that our patent law "operate[s] only
> domestically and d[oes] not extend to foreign activities," [], is
> embedded in the Patent Act itself, which provides that a patent
> confers exclusive rights in an invention within the United States.

*Microsoft Corp. v. AT&T Corp.*, 127 S. Ct. 1746, 1758 (2007).  And to obtain damages for

"inducement of infringement" under 35 U.S.C. §271(b) as Mass seeks, the *en banc* Federal

Circuit confirmed that direct infringement that has been induced must be proven to have taken

place "within the United States."  *See DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1246 (Fed.

Cir. 2006) (approving jury instruction that states, "…[I]nduced infringement does not require any

activity by the indirect infringer in this country, as long as the direct infringement occurs here.").

Referring to 35 U.S.C. §271, the Supreme Court ruled, "The statute makes it clear that it is not

an infringement to make or use a patented product outside of the United States."  *Deepsouth*

*Packing Co. v. Laitram Corp.*, 406 U.S. 518, 527 (1972) (holding that to get an injunction for

inducing infringement, the plaintiff "must show a §271(a) direct infringement by [defendant] in

the United States…").

In this lawsuit, because sales of an accused product without any displays is not enough to

infringe the '978 patent, but the act of assembling or using the stand with "a pair of electronic

displays" is required, Mass cannot obtain damages unless it demonstrates that the assembly or

use happened in the United States.  With respect to the more than 91,000 units sold to Ingram for

distribution in up to 160 countries, however, it is not reasonable to speculate and "assume" that

Page 11 – MOTION FOR PARTIAL SUMMARY JUDGMENT OF NONINFRINGEMENT OF
   THE '978 PATENT **[AUTHORIZED TO BE FILED UNDER SEAL PURSUANT
   TO PROTECTIVE ORDER]**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

those sales were made and that assembly or use occurred in the United States.  Mass must present evidence, not speculation.  *Anderson*, 477 U.S. at 252 ("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."); *Meade*, 164 F.3d at 1225 ("This requires evidence, not speculation.").  This is Mass's affirmative burden.  *Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, 843 F.3d 1315, 1331 (Fed. Cir. 2016) ("[T]o prevail under a theory of indirect infringement, [plaintiff] must first prove that the defendants' actions led to direct infringement of the [patent-in-suit].") (citing *Dynacore Holdings Corp. v. U.S. Philips Corp.*, 363 F.3d 1263, 1274 (Fed. Cir. 2004)).

For these reasons, and because Mass did not provide any such evidence during the discovery period despite requests from Planar for all evidence of infringement, summary judgment of noninfringement of the '978 patent should be granted with respect to all sales to Ingram.

### 2.    Tech Data Product Management, Inc.

Planar sold over 66,000 units of the accused products that do not include monitors to Tech Data Product Management, Inc. ("TDPM").  Oliver Decl., Ex. 7 (PLANAR003810-12).  TDPM is also a distributor, not an end user.  *See, e.g.,* Oliver Decl., Ex. 8 at p. 16 (PLANAR00044) (TDPM "Distribution Agreement").  Because TDPM is a distributor, it is also not reasonable to assume that TDPM assembled the accused products with monitors or used the products itself; the reasonable assumption is that TDPM distributed the products to customers.[5]

Planar granted TDPM the right to sell Planar products in a "Territory" defined as "the United States and Canada."  Oliver Decl., Ex. 8 at p. 17 (PLANAR000045).  In October 2010, this "Territory" was expanded to include Mexico as well.  *Id.* at 33 (PLANAR000061).

---

[5] Even TDPM's customers are defined as including "dealers, resellers, value added resellers, mail order resellers," meaning that those customers might not ever assemble the products with monitors.  Oliver Decl., Ex. 8 at p. 16 (PLANAR000044 at ¶1.1(a)).

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

Additionally, while Planar's agreement with TDPM provided certain rights in those countries, the agreement did not contain any provision restricting TDPM to only those countries. *Id.* at pp. 16-35 (PLANAR000044-63). To the contrary, the agreement includes several provisions contemplating sales in other countries, including: reference to possible "country-specific requirements that differ from the terms herein" at ¶1.3 and reference to the "United Nations Convention on Contracts for the International Sale of Goods" at ¶8.15, ****. *Id.* And the October 2010 Modification stated that "all Products distributed by Tech Data are subject to U.S. Export Regulations and Controls" and that they comply with international requirements for air and maritime shipping, suggesting that all of the products that Planar sold to TDPM were exported. *Id.* at pp. 33-34 (PLANAR000061 at ¶1(c), PLANAR000062 at ¶(ii)).

TDPM is a worldwide distributor. TDPM's website shows that it has 14,000 employees worldwide, serves "100+ countries," and has locations in over 20 countries. Oliver Decl., Ex. 11.

Because Mass did not collect or present evidence during the discovery period that **even a single one** of TDPM's sales of the accused products was in the United States, the only reasonable assumption is that TDPM distributed the Planar products worldwide, to the "100+ countries" that it serves.

For these reasons and based on the reasoning and legal principles cited above with respect to Ingram, summary judgment of noninfringement of the '978 patent should be granted with respect to all sales to TDPM as well.

### 3.  Synnex Corporation

Planar sold over 41,000 units of the accused products that do not include monitors to SYNNEX Corporation ("SYNNEX"). Oliver Decl., Ex. 7 (PLANAR003810-12). SYNNEX is also a distributor, not an end user. *See, e.g., id.*, Ex. 8 at p. 36 (PLANAR000064) (SYNNEX "Distribution Agreement"). Because SYNNEX is a distributor, it is also not reasonable to assume that SYNNEX assembled the accused products with monitors or used the products itself;

Page 13 – MOTION FOR PARTIAL SUMMARY JUDGMENT OF NONINFRINGEMENT OF
THE '978 PATENT **[AUTHORIZED TO BE FILED UNDER SEAL PURSUANT
TO PROTECTIVE ORDER]**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

the reasonable assumption is that SYNNEX distributed the products to customers.

Planar granted SYNNEX the right to distribute Planar products "in the United States of America and Canada." Oliver Decl., Ex. 8 at p. 36 (PLANAR000064). Additionally, while Planar's agreement with SYNNEX provided certain rights in those countries, the agreement did not contain any provision restricting SYNNEX to only those countries. *Id*. at pp. 36-64 (PLANAR000064-92). To the contrary, the agreement includes provisions contemplating sales in other countries, including: "[T]here is no other impediment or restriction, legal or otherwise, that … limits, prohibits or prevents Distributor or Retailers from reselling the Products to their customers anywhere in the world" at ¶10.3(O); a limitation of the indemnification provision to distribution "in the Territory" at ¶12.3; and reference to the "United Nations Convention on Contracts for the International Sale of Goods" at ¶14.7. *Id.*

SYNNEX is an international distributor. SYNNEX's website shows that it "distribute[s] more than 30,000 technology products … to more than 20,000 resellers, system integrators, and retailers throughout the United States, Canada, Japan, Mexico, and China." Oliver Decl., Ex. 12.

Because Mass did not collect or present evidence during the discovery period that **even a single one** of SYNNEX's sales of the accused products was in the United States, the only reasonable assumption is that SYNNEX distributed the Planar products worldwide, to the several countries that it serves.

For these reasons and based on the reasoning and case law cited above with respect to Ingram, summary judgment of noninfringement of the '978 patent should also be granted with respect to all sales to SYNNEX.

### 4.    Ma Laboratories, Inc.

Planar sold over 28,000 units of the accused products that do not include monitors to Ma Laboratories, Inc. ("Ma Labs"). Oliver Decl., Ex. 7 (PLANAR003810-12). Ma Labs is another distributor, not an end user. *See, e.g.,* Oliver Decl., Ex. 13 ("Ma Labs … has been recognized … as a preeminent global distributor…"). Because Ma Labs is a distributor, it is also not reasonable

Page 14 – MOTION FOR PARTIAL SUMMARY JUDGMENT OF NONINFRINGEMENT OF THE '978 PATENT **[AUTHORIZED TO BE FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER]**

to assume that Ma Labs assembled the accused products with monitors or used the products itself; the reasonable assumption is that Ma Labs distributed the products to customers.

Planar entered a "Vendor Terms & Conditions Agreement" with Ma Labs that does not identify territory for distribution.  Oliver Decl., Ex. 8 at pp. 69-74 (PLANAR000097-102).  And, as noted, Ma Labs is a global distributor.  Ma Labs' website shows that it has "10 global distribution hubs" and "Over 10 Facilities in America, Europe and the Asia Pacific Region." *Id*., Ex. 13.

Because Mass did not collect or present evidence during the discovery period that **even a single one** of Ma Labs' sales of the accused products was in the United States, the only reasonable assumption is that Ma Labs distributed the Planar products worldwide.

For these reasons and based on the reasoning and legal principles cited above with respect to Ingram, summary judgment of noninfringement of the '978 patent should be granted with respect to all sales to Ma Labs.

### 5.    ASI Computer Technologies Inc.

Planar sold over 31,000 units of the accused products that do not include monitors to ASI Computer Technologies, Inc. ("ASI").  Oliver Decl., Ex. 7 (PLANAR003810-12).  ASI is also a distributor, not an end user.  *See, e.g., id.*, Ex. 8 at pp. 91-106 (PLANAR00119-134) (ASI "Distribution Agreement").  Because ASI is a distributor, it is also not reasonable to assume that ASI assembled the accused products with monitors or used the products itself; the reasonable assumption is that ASI distributed the products to customers, which themselves are not users but are defined as other distributors: "dealers, resellers, value added resellers, mail order resellers and other entities that acquire the Products from Distributor and resell the Products to End Users." *Id.* at p. 91 (PLANAR000119 at ¶1(c)).

Planar granted ASI the right to sell Planar products "to its customers within the United States of America and Canada."  Oliver Decl., Ex. 8 at p. 92 (PLANAR000120).  Additionally, while Planar's agreement provided certain rights within those countries, the agreement with ASI

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

did not contain any provision restricting ASI to only North America. *Id*. at pp. 91-106 (PLANAR000119-134). To the contrary, the agreement includes provisions contemplating sales in other countries, including: a choice of law excluding "the United Nations Convention on Contracts for the International Sale of Goods." *Id.* at p. 100 (¶10.1(a)).

ASI is an international distributor that distributes to other resellers (who could be international as well). ASI's website shows that, "ASI has operations in four different countries, has over 500 employees …." Oliver Decl., Ex. 14.

Because Mass did not collect or present evidence during the discovery period that **even a single one** of ASI's sales of the accused products was in the United States, the only reasonable assumption is that ASI distributed the Planar products internationally, at least within the various countries where it has operations, and likely more broadly.

For these reasons and based on the reasoning and legal principles cited above with respect to Ingram, summary judgment of noninfringement of the '978 patent should be granted with respect to all sales to ASI.

### 6.    Syx Distribution, Inc.

Planar sold over 21,000 units of the accused products that do not include monitors to Syx Distribution, Inc. ("SYX"). Oliver Decl., Ex. 7 (PLANAR003810-12). Based at least on its name and internet sources, SYX is another distributor, not an end user. *Id*., Ex. 15. Because SYX is a distributor, it is also not reasonable to assume that SYX assembled the accused products with monitors or used the products itself; the reasonable assumption is that SYX distributed the products to customers, who might also be distributors or resellers.

According to internet sources, SYX distributes at least in Canada and the United States. Oliver Decl., Ex. 15. It is possible that SYX distributes to additional countries, but that is unknown because Mass did not provide any evidence suggesting the countries where SYX distributes its products.

Page 16 – MOTION FOR PARTIAL SUMMARY JUDGMENT OF NONINFRINGEMENT OF THE '978 PATENT **[AUTHORIZED TO BE FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER]**

Because Mass did not collect or present evidence during the discovery period that **even a single one** of SYX's sales of the accused products was in the United States, the only reasonable assumption is that SYX distributed the Planar products to various countries.  Without evidence, it is not reasonable to apportion any percentage of those sales or the claimed damages to the United States.

For these reasons and based on the reasoning and legal principles cited above with respect to Ingram, summary judgment of noninfringement of the '978 patent should be granted with respect to all sales to SYX as well.

### 7.    CDW Logistics, Inc.

Planar sold over 16,000 units of the accused products that do not include monitors to CDW Logistics, Inc. ("CDW").[6]  Oliver Decl., Ex. 7 (PLANAR003810-12).  CDW is another distributor, not an end user.  *Id.*, Ex. 16.  Because CDW is a distributor, it is again not reasonable to assume that CDW assembled the accused products with monitors or used the products itself; the reasonable assumption is that CDW distributed the products to customers.

CDW distributes at least in Canada, the United Kingdom, and the United States.  Oliver Decl., Ex. 16.  It is possible that CDW distributes to additional countries, but that is unknown because Mass did not provide any evidence suggesting the countries where CDW distributes its products.

Because Mass did not collect or present evidence during the discovery period that **even a single one** of CDW's sales of the accused products was in the United States, the only reasonable assumption is that CDW distributed the Planar products to various countries.  Without evidence, it is not reasonable to apportion any percentage of those sales or the claimed damages to the United States.

---

[6] Planar notes that it sold 18 units of model no. 997-7721-00 to CDW.  Oliver Ex. 7 at p. 3 (PLANAR003812).  Planar does not move for summary judgment on the 18 units of model no. 997-7721-00, but all other sales to CDW are subject to this motion.

Page 17 – MOTION FOR PARTIAL SUMMARY JUDGMENT OF NONINFRINGEMENT OF THE '978 PATENT **[AUTHORIZED TO BE FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER]**

For these reasons and based on the reasoning and legal principles cited above with respect to Ingram, summary judgment of noninfringement of the '978 patent should be granted with respect to all sales to CDW, excluding 18 units of model no. 997-7721-00.

### 8.    D & H Distributing Company

Planar sold over 10,000 units of the accused products that do not include monitors to D&H Distributing Company ("D&H").  Oliver Decl., Ex. 7 (PLANAR003810-12).  D&H is another distributor, not an end user.  *See, e.g., id.*, Ex. 8 at p. 90 (PLANAR000118).  Because D&H is a distributor, it is again not reasonable to assume that D&H assembled the accused products with monitors or used the products itself; the reasonable assumption is that D&H distributed the products to customers.  As noted in Planar's agreement with D&H, at least some (possibly all) of these customers are "Large Format Retailers" whose customers may or may not be end users.  *Id.*

D&H distributes at least in Canada and the United States.  Oliver Decl., Ex. 8 at p. 90 (PLANAR000118).  It is possible that D&H distributes to additional countries, but that is unknown because Mass did not provide any evidence suggesting the countries where D&H distributes its products.

Because Mass did not collect or present evidence during the discovery period that **even a single one** of D&H's sales of the accused products was in the United States, the only reasonable assumption is that D&H distributed the Planar products to various countries.  Without evidence, it is not reasonable to apportion any percentage of those sales or the claimed damages to the United States.

For these reasons and based on the reasoning and legal principles cited above with respect to Ingram, summary judgment of noninfringement of the '978 patent should be granted with respect to all sales to D&H.

### 9.    Other Distributors

Planar sold over 19,000 additional accused products that do not include monitors to other

Page 18 – MOTION FOR PARTIAL SUMMARY JUDGMENT OF NONINFRINGEMENT OF THE '978 PATENT **[AUTHORIZED TO BE FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER]**

distributors and international companies for whom Mass has not shown even a single sale to an end user in the United States.  Because these are distributors and international companies, it is not reasonable to assume that they assembled the accused products with monitors or used the accused products themselves in the United States.  For these reasons, Planar requests entry of summary judgment of noninfringement of the '978 patent with respect to all of the sales listed in the table below, as supported by Oliver Decl., Ex. 7 (PLANAR003810-12):

| Distributor / International Company | Quantity of 997-5253-00 | Quantity of 997-5602-00 | Quantity of 997-6035-00 | Quantity of 997-6504-00 | Quantity of 997-7705-00 |
|---|---|---|---|---|---|
| AB Distributing, Inc. | 3200 | 5 | | | |
| Almo Distributing Pennsylvania | 3 | | | | |
| Amazon – Vendor Flex in ATL7 | 20 | | | | |
| Amazon Golden State FC LLC – Fullfillment | 795 | | 24 | 40 | 1 |
| Amazon.com.AZDC Inc – Fullfillment | 1020 | | 8 | 24 | |
| Amazon.com.DEDC LLC | | | 4 | | |
| Amazon.com.DEDC LLC * USE#402088* | | | 4 | 4 | |
| Amazon.com.DEDC LLC – Fullfillment | 4310 | | 84 | 148 | 4 |
| Amazon.com.INDC LLC – Fullfillment | 1290 | 4 | 16 | 48 | |
| Amazon.com.KSDC LLC * USE#402180* | 25 | | | | |
| Amazon.com.KSDC LLC – Fullfillment | 15 | | | | |
| Amazon.com.KYDC LLC – Fullfillment | 2165 | | 48 | 100 | 1 |
| Anacapa Micro Products, Inc. | 99 | | | | |
| Avnet Technology Solutions | 1 | | | | |
| Bluestar, Inc. | 2 | 237 | 6 | 3 | |
| Electrograph Systems | 783 | 20 | | | |
| Golden State FC LLC (Amazon) | 45 | | | | |
| Honeywell International Inc. | 21 | 18 | 3 | 2 | |
| Insight Direct Worldwide | 1648 | 172 | 61 | 35 | |
| Isertec S.A. | 2 | | | | |
| PC Connection, Inc. | 1045 | | | | |

Page 19 – MOTION FOR PARTIAL SUMMARY JUDGMENT OF NONINFRINGEMENT OF THE '978 PATENT **[AUTHORIZED TO BE FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER]**

| Distributor / International Company | Quantity of 997-5253-00 | Quantity of 997-5602-00 | Quantity of 997-6035-00 | Quantity of 997-6504-00 | Quantity of 997-7705-00 |
|---|---|---|---|---|---|
| PCM Sales, Inc. V# P971 Drpshp | 123 | 30 | | | |
| Pyrotech Electronics Pvt Ltd | 1 | | | | |
| Viju, Inc. | 5 | | | | |
| Zones, Inc. | 1652 | 17 | 72 | 33 | |
| | | | | | |
| **TOTAL:** | **18270** | **503** | **330** | **437** | **6** |

The grand total of the items listed in the table is over 19,000 units of accused products that do not include monitors. There is no evidence that any end user assembled or otherwise used any of these products in the United States with "a pair of electronic displays."

Accordingly, Planar requests summary judgment of noninfringement of the '978 patent with respect to each of these sales.

### 10.    Potential Government Infringement

The limitation on patent infringement remedies related to federal government infringement also counsels in favor of summary judgment in this matter. Specifically, 28 U.S.C. §1498 requires that the sole remedy against the United States "shall be by action against the United States in the United States Court of Federal Claims…." Section 1498's "language is not limited to claims that are *filed against the United States or its government agencies*." *Astornet Technologies Inc. v. BAE Systems, Inc.*, 802 F.3d 1271, 1277 (Fed. Cir. 2015). Because of this, claims of inducing infringement based on direct infringement by the United States must be dismissed if brought in the district courts. *Id.* at 1278.

In this lawsuit, Mass claims that the induced infringement occurs when "Planar actively and knowingly aids and abets the infringing uses of its infringing products by end users." Oliver Decl., Ex. 3 at p. 25. However, Mass does not identify those "end users." And Planar has shown, above, that many of its sales are to distributors. Many or all of those distributors distribute products to the government. CDW's annual report, for example, at pages 5 and 84, indicates that $1.9 billion of its approximately $14 billion in 2016 sales was to "Various federal,

Page 20 – MOTION FOR PARTIAL SUMMARY JUDGMENT OF NONINFRINGEMENT OF THE '978 PATENT **[AUTHORIZED TO BE FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER]**

state and local agencies." *Available at* http://investor.cdw.com/secfiling.cfm?filingID=1402057-17-7&CIK=1402057.  While this is not broken down in more detail and certainly does not show sales of the accused products in the United States, this is over 13% of sales of which some significant portion might fall under the requirements of 28 U.S.C. §1498.   As another example, many of the distribution agreements contain provisions related to government sales.  *See, e.g.,* Oliver Decl., Ex. 8 at p. 9 (PLANAR000037) (Ingram's "Government Programs" section related to "Federal Acquisition"), p. 28 (PLANAR000056) (TDPM's "Government … Sales Addendum" refers to "federal" governments), p. 63 (PLANAR000091) (Synnex's "Government … Rebate Program" refers to the "Federal Government"), p. 79 (PLANAR000107) (Avnet's "Governmental … Contract Conditions" refers to sales to the "U.S. Government"), and p. 87 (PLANAR000115) (D&H's "Government Discount").  And many of the other distributors to whom Planar sells also refer to government sales.  As a few more examples, Anacapa's website (www.anacapamicro.com) identifies it as a supplier to "government" and "the Department of Homeland Security;" Ma Labs' website states that its customers include "the Government … sector[]" (*see* Oliver Decl., Ex. 13); Zones Inc.'s website includes a Federal section (http://www.zones.com/site/statics/static_page.html?name=solutions/public-sector/federal-government/index).  This list is not exhaustive, but merely exemplary.

Because Mass chose not to gather any information about the identity or location of the end users of the products who allegedly commit direct infringement, there is some unknown probability that a portion of those end users are the United States.  Mass's claims for inducing infringement of the United States must be dismissed.  *Astornet*, 802 F.3d. at 1278.  Without being able to apportion the number or percentage of government sales, it is not possible to know whether Mass is impermissibly claiming damages that it is required to seek in the Court of Federal Claims.  Thus, Mass's claims of inducing infringement should be dismissed on this ground as well.

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600  FAX (503) 227-6840

**C.    The Sales and Alleged Infringement For Which Planar Seeks Summary Judgment Are Not Like The Sales For Which Circumstantial Evidence Was Sufficient In Prior Cases**

Planar expects that Mass will argue that circumstantial evidence can be used to show infringement.  However, this case is not like the cases in which circumstantial evidence has been permitted in the past.

First, Mass has not shown that any person directly infringed an asserted claim.  But the Federal Circuit requires such a showing to prove infringement by circumstantial evidence:  "Circumstantial evidence must show that at least one person directly infringe an asserted claim during the relevant time period."  *Toshiba Corp. v. Imation Corp.*, 681 F.3d 1358, 1364 (Fed. Cir. 2012).  In this case, however, Planar took written discovery seeking "all facts pertaining to specific activities, products, methods, or processes" that infringe.  Oliver Decl., Ex. 2 at p. 15 (interrogatories nos. 10 and 11).  In its written response, Mass did not "show that at least one person directly infringe[s]" the '978 patent.  *Id.*  Mass did refer to Dr. Akin's report.  *Id.*  Dr. Akin, however, did not "show that at least one person directly infringe[s]" the '978 patent.  *See generally* Oliver Decl., Ex. 3.  Dr. Akin speculated, without evidence, that someone must have directly infringed.  *Id.* at p. 25.  And, critically, for the distributors and international companies identified above and with respect to which summary judgment is sought, there is no evidence establishing that any of the accused products were shipped to any end users in the United States. *See Largan Precision Co. v. Genius Optical Co.*, 646 Fed. Appx. 946, 949 (Fed. Cir. 2016) (refusing to find induced infringement based on circumstantial evidence and distinguishing another case because "there was some evidence of United States sales – the parties stipulated…" whereas "Largan presented no evidence of a single United States sale…").

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600  FAX (503) 227-6840

In *Toshiba v. Imation*, there was no dispute that the products had been used in the United States in an infringing manner,[7] and the infringing mode of use was "not disabled by default," i.e., it was enabled by default, such that a user would automatically infringe. *Toshiba Corp. v. Imation Corp.*, 681 F.3d 1358, 1365 (Fed. Cir. 2012). Additionally, the *Toshiba* case had no dispute parallel to the dispute here, regarding whether a noninfringing distributor (who purchased from a noninfringing seller) actually shipped to an end user in the United States; rather, the U.S. sales were not challenged.

In *Moleculon Research v. CBS, Inc.*, 793 F.3d 1261, 1263, 1272 (Fed. Cir. 1986), the Federal Circuit considered whether sales of a Rubik's cube puzzle coupled with "dissemination of an instruction sheet teaching the method ... with each puzzle, and the availability of a solution booklet…" would provide circumstantial evidence of infringement of a method related to rotating puzzle cubes. *Moleculon v. CBS*. Again, the *Moleculon* case related to performance of a method, not an apparatus. *Id.* And there was no absence of evidence that "extensive puzzle sales" to end users had occurred in the United States.

In *Mass Engineered Design, Inc. v. Ergotron, Inc.*, 633 F. Supp. 2d 361 (E.D. Tex. 2009), the court found the presence of sufficient evidence to show direct infringement by the defendants of that case (not Planar). 633 F. Supp. 2d at 376-377. Planar was not a party to that case. In that case, though, "there was overwhelming evidence that all Defendants bundled the [accused] stands with two flat-panel displays." *Id.* at 377. Here, Planar specifically left its bundled products out of this motion for summary judgment. As noted above, in the argument regarding absence of direct infringement, "Planar does not move for summary judgment of no direct infringement regarding product numbers 997-7721-00 and 997-7720-00, products for which Mass claims a total of less than $700 in damages." Thus, unlike the *Mass v. Ergotron*

---

[7] *See Toshiba Corp. v. Imation Corp.*, no. 09-cv-305, 2010 U.S. Dist. LEXIS 144602 at *36 (W.D. Wis. Dec. 28, 2010) (indicating the existence of defendant's test facility in Minnesota that performed infringing tests).

Page 23 – MOTION FOR PARTIAL SUMMARY JUDGMENT OF NONINFRINGEMENT OF THE '978 PATENT **[AUTHORIZED TO BE FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER]**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

defendants, in this case, less than 0.1% of the accused products were shipped with monitors. And those products are not the subject of this motion.

In *Golden Blount, Inc. v. Robert H. Peterson Co.*, 438 F.3d 1354, 1361 (Fed. Cir. 2006), contrary to this case, there was no dispute regarding whether the infringing devices were provided to end users in the United States who assembled the infringing device. *Id.* at 1362 ("Peterson does not dispute that it assembled eleven devices itself and that each end-user that purchased an [accused product] attached it to a primary burner (or had an installer do it).").

Thus, the cases of which Planar is aware in which the Federal Circuit found infringement based on circumstantial evidence were significantly different than the situation encountered here.

### D.    Partial Summary Judgment of No Contributory Infringement Should Be Entered

For the same reasons detailed above, because Mass cannot prove direct infringement of the '978 patent with respect to the specific distributors and international companies identified above, summary judgment of no contributory infringement is appropriate. "A finding of contributory infringement [like inducement] requires underlying proof of direct infringement." *Epcon Gas Sys. Inc. v. Bauer Compressors, Inc.*, 289 F.3d 1022, 1033 (Fed. Cir. 2002). As noted above, with respect to the identified distributors and international companies, Mass did not produce even a scintilla of evidence of direct infringement. Mass's sole evidence is speculation and assumption. But, "there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252. "This requires evidence, not speculation." *Meade*, 164 F.3d at 1225. Thus, for each of the distributors and international companies where summary judgment of no induced infringement is granted based on the lack of evidence of direct infringement, it is also appropriate to enter summary judgment of no contributory infringement.

Accordingly, Planar requests that the Court enter summary judgment of no contributory infringement of the '978 patent for the products sold to each of the identified distributors and international companies.

Page 24 – MOTION FOR PARTIAL SUMMARY JUDGMENT OF NONINFRINGEMENT OF THE '978 PATENT **[AUTHORIZED TO BE FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER]**

**IV.    Conclusion**

The foregoing analysis shows that there are ample grounds for partial summary judgment of noninfringement of the '978 with respect to the nonbundled products.  Summary judgment of no direct infringement under 35 U.S.C. §271(a) should be entered for all nonbundled products.  Summary judgment of no inducement of infringement under 35 U.S.C. §271(b) should be entered for all nonbundled products sold to the identified distributors and international companies.  And summary judgment of no contributory infringement under 35 U.S.C. §271(c) should be entered for all nonbundled products sold to the same distributors and international companies.  No material factual disputes exist; the sole disputes, if any, will be matters of law.

Accordingly, Planar requests entry of partial summary judgment of noninfringement of the '978 patent, on the grounds set forth herein.

DATED this 18th day of April, 2017.

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.

By: s/Jacob S. Gill
    **Jacob S. Gill,** OSB No. 033238

209 SW Oak Street, Suite 500
Portland, OR 97204
Telephone:    (503) 227-1600
Facsimile:    (503) 227-6840
Email:        jgill@stollberne.com

-And-

**Jenny W. Chen** (admitted *pro hac vice)*
Email: Jenny.Chen@ChenIPLaw.com
CHEN IP LAW GROUP
7F, N0. 1, Alley 30, Lane 358
Rueiguang Road
Neihu District,  Taipei City  114
Taiwan (R.O.C.)
Telephone:  +(886)-2-7721-8855
Facsimile:   +(886)-2.-7721-8822

-And-

Page 25 – MOTION FOR PARTIAL SUMMARY JUDGMENT OF NONINFRINGEMENT OF
        THE '978 PATENT **[AUTHORIZED TO BE FILED UNDER SEAL PURSUANT
        TO PROTECTIVE ORDER]**

**Andrew T. Oliver**  (admitted *pro hac vice)*
Email: aoliver@ATWiplaw.com
AMIN, TUROCY & WATSON, LLP
160 West Santa Clara Street, Suite 975
San Jose, California 95113
Telephone: (650) 618-6481
Facsimile:  (216) 696-8731

**Attorneys for Defendant Planar Systems, Inc.**