**Jacob S. Gill,** OSB No. 033238
Email: jgill@stollberne.com
STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. Oak Street, Suite 500
Portland, Oregon 97204
Telephone:    (503) 227-1600
Facsimile:    (503) 227-6840

**Jenny W. Chen** (admitted *pro hac vice*)
Email: Jenny.Chen@ChenIPLaw.com
CHEN IP LAW GROUP
7F, N0. 1, Alley 30, Lane 358
Rueiguang Road
Neihu District,  Taipei City  114
Taiwan (R.O.C.)
Telephone:  (886)-2-7721-8855
Facsimile:  (886)-2-7721-8822

**Andrew T. Oliver**  (admitted *pro hac vice*)
Email: aoliver@ATWiplaw.com
AMIN, TUROCY & WATSON, LLP
160 West Santa Clara Street, Suite 975
San Jose, California 95113
Telephone: (650) 618-6481
Facsimile:  (216) 696-8731

**Attorneys for Defendant Planar Systems, Inc.**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| MASS ENGINEERED DESIGN, INC., | Case No. 3:16-CV-01510-SI |
| Plaintiff, | **DEFENDANT PLANAR SYSTEMS, INC.'S MOTION FOR SUMMARY JUDGMENT OF INVALIDITY OF THE '331 PATENT** |
| v. | |
| PLANAR SYSTEMS, INC., | **[AUTHORIZED TO BE FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER]** |
| Defendant. | |

## <u>Table of Contents</u>

I.      Introduction ................................................................................................. 2

II.     Legal Standards ........................................................................................... 2

        A.      Summary Judgment is Appropriate ................................................. 2

        B.      Written Description ........................................................................... 3

        C.      Indefiniteness ................................................................................... 4

III.    Argument – The Claims of the '331 Patent Lack Written
        Description and Are Indefinite ..................................................................... 5

        A.      Claims 1 Through 18 of the '331 Patent Are Invalid
                Because the Written Description Does Not Include "At
                Least a Part of the Support Column is Disposed Behind the
                at Least Two Displays" ..................................................................... 6

        B.      Mass's Expected Response to this Motion Does Not Create
                an Issue of Material Fact That Would Lead to Denial of the
                Motion ............................................................................................... 8

        C.      Claims 1 – 18 of the '331 Patent Are Indefinite Because the
                Patent Does Not Provide Reasonable Certainty as to the
                Meaning of "Width of the Base" ....................................................... 9

                1.      Named Inventor and Self-Proclaimed POSITA Jerry
                        Moscovitch Testified, Providing a Party Admission
                        Against Interest, That He Could Not, With
                        Reasonable Certainty, Determine How to Assess the
                        Width of the Base Objectively ........................................... 11

        D.      Mass's Expected Response to this Motion Does Not Create
                an Issue of Material Fact That Would Lead to Denial of the
                Motion ............................................................................................... 16

IV.     Conclusion ................................................................................................... 19

## Table of Authorities

**Cases**

*Ariad Pharms., Inc. v. Eli Lilly & Co.*
  598 F.3d 1336 (Fed. Cir. 2010)......................................................................... 3, 4

*Atlantic Research Marketing Systems, Inc. v. Troy*
  659 F.3d 1345 (Fed. Cir. 2011).............................................................................. 3

*Augme Technologies, Inc. v. Yahoo! Inc.*
  755 F.3d 1326 (Fed. Cir. 2014).............................................................................. 3

*Boston Sci. Corp. v. Johnson & Johnson*
  647 F.3d 1353 (Fed. Cir. 2011).............................................................................. 3

*California Inst. Of Tech. v. Hughes Communications Inc.*
  35 F. Supp. 3d 1176 (C.D. Cal. 2014)
  *aff'd* 663 F3d. Appx. 938, 940-941 (Fed. Cir. 2016) ......................................... 16

*Datamize, LLC v. Plumtree Software, Inc.*,
  417 F.3d 1342 (Fed. Cir. 2005)............................................................................ 13

*Driessen v. Sony Music Entertainment*
  640 Fed. Appx. 892 (Fed. Cir. 2016) .................................................................. 3, 4

*EON Corp. IP Holdings LLC v. AT&T Mobility LLC*
  785 F.3d 616 (Fed. Cir. 2015)................................................................................. 3

*GE Lighting Solutions, LLC v. Lights of America, Inc.*
  2015 WL 4660975 (N.D. OH. Aug. 5, 2015) ....................................................... 16

*Ibormeith IP, LLC v. Mercedes-Benz USA, LLC*
  732 F.3d 1376 (Fed. Cir. 2013)............................................................................... 9

*In re Rouffet*
  149 F.3d 1350 (Fed. Cir. 1998)............................................................................. 10

*IPXL Holdings, L.L.C. v. Amazon.com, Inc.*
  430 F.3d 1377 (Fed. Cir. 2005)......................................................................... 3, 16

*Nautilus, Inc. v. Biosig Instruments, Inc.*
  134 S. Ct. 2120 (2014) ................................................................................... passim

*Noah Systems, Inc. v. Intuit, Inc.*
   675 F.3d 1302 (Fed. Cir. 2012)........................................................................... 2, 9

*Teva Pharmaceuticals USA, Inc. v. Sandoz, Inc.*
  789 F.3d 1335 (Fed. Cir. 2015)......................................................................... 9, 17

*TurboCare Div. of Demag Delaval Turbomachinery Corp. v. GE*
  264 F.3d 1111 (Fed. Cir. 2001)............................................................................... 3

*Wellman, Inc. v. Eastman Chem. Co.*
   642 F.3d 1355 (Fed. Cir. 2011)..................................................................................................... 3

**Statutes**

35 U.S.C. §112........................................................................................................ passim

**L.R. 7-1 Compliance**

Pursuant to Local Rule 7-1, the parties made a good faith effort by telephone conference to resolve this dispute and have been unable to do so.

**Motion**

Defendant Planar Systems, Inc. ("Planar") moves for summary judgment (1) that the asserted claims of U.S. Patent No. 8,102,331 (the '331 patent) are invalid for failure to comply with the written description requirement of 35 U.S.C. §112, based on the late introduction – more than 7 years after filing the patent application – of the term "at least a part of the support column is disposed behind the at least two displays" and (2) that the other claims of the '331 patent that include the problematic term are also invalid for the same reasons.   Plaintiff Mass Engineered Design, Inc. ("Mass") asserts claims 1, 4, and 10 of the '331 patent in this case. Both claims 1 (asserted) and 9 (unasserted) include the problematic term.  Claims 2 – 8 and 11 - 18 are all dependent from claims 1 and 9 and are, therefore, invalid as well.

Planar also moves for summary judgment (1) that the asserted claims of U.S. Patent No. 8,102,331 (the '331 patent) are invalid for failure to comply with the definiteness requirement of 35 U.S.C. §112, based on the inclusion of the term "a single piece support arm [(or a support arm)] … that has a longitudinal length that is longer than the width of the base" and (2) that the other claims of the '331 patent that include the problematic term are also invalid for the same reasons.  Both claims 1 (asserted) and 9 (unasserted) include this problematic term as well. Thus, claims 2 – 8 and 11 - 18 are, therefore, invalid as well.

Accordingly, Planar requests judgment on these two independent grounds that claims 1 – 18 of the '331 patent are invalid.

This motion is supported by the following memorandum and the *Declaration of Andrew T. Oliver in Support of Defendant's Motion for Summary Judgment of Invalidity of the '331 Patent* ("Oliver Decl.") and *Concise Statement of Material Facts in Support of Defendant's of Invalidity of the '331 Patent* ("Concise Stmt.") filed contemporaneously herewith.

Page 1 –   MOTION FOR SUMMARY JUDGMENT OF INVALIDITY OF THE '331 PATENT
**[AUTHORIZED TO BE FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER]**

## Memorandum

### I.    Introduction

Each of claims 1 – 18 of the asserted '331 patent are invalid based on two statutory grounds.  This invalidity is based, first, upon lack of "written description" due to the introduction of the limitation "at least a part of the support column is disposed behind the at least two displays" to the claim language more than 7 years after the patent application was originally filed in the U.S. Patent and Trademark Office.  Second, invalidity is based on indefiniteness of the term "a longitudinal length that is longer than the width of the base."

Section 112 of the patent statute requires that the patent application, on the day that it was filed, contains a written description of the claimed invention.  Where that written description is missing even a small part of the claimed invention, the claims that that include the missing part of the invention are invalid.  Here, the term and concept "at least a part of the support column is disposed behind the at least two displays" was not included in the patent application when it was filed, but rather introduced more than 7 years later.  Because of that, the claims that include this limitation, i.e., claims 1 – 18 are all invalid for lack of written description.

Turning to indefiniteness, 35 U.S.C. §112 requires that the claims of a patent must be definite, or they are invalid.  The Supreme Court recently found that definiteness requires "reasonable certainty" about the scope of patent claims.  Claims 1 – 18 include the limitation "a longitudinal length that is longer than the width of the base."  However, neither the patent specification nor the claims give sufficient guidance as to which "width" to measure.  Therefore, the claims are invalid for failure to comply with the definiteness requirement.

### II.    Legal Standards

#### A.    Summary Judgment is Appropriate

Summary judgment should be granted where there is no dispute of material fact and the movant is entitled to judgment as a matter of law.  *Noah Systems, Inc. v. Intuit, Inc.*, 675 F.3d 1302, 1309–10 (Fed. Cir. 2012).  In deciding whether summary judgment is appropriate, a court

Page 2 –  MOTION FOR SUMMARY JUDGMENT OF INVALIDITY OF THE '331 PATENT
         **[AUTHORIZED TO BE FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER]**

reviews the evidence in the light most favorable to the non-movant and draws all reasonable inferences in the non-movant's favor. *Augme Technologies, Inc. v. Yahoo! Inc.*, 755 F.3d 1326, 1329 (Fed. Cir. 2014).

Written Description:  "While '[c]ompliance with the written description requirement is a question of fact,' this issue is 'amenable to summary judgment in cases where no reasonable fact finder could return a verdict for the non-moving party.'" *Atlantic Research Marketing Systems, Inc. v. Troy*, 659 F.3d 1345, 1353 (Fed. Cir. 2011) (affirming summary judgment of invalidity for lack of written description); *see also Driessen v. Sony Music Entertainment*, 640 Fed. Appx. 892, 893 (Fed. Cir. 2016) (affirming summary judgment of invalidity of multiple claims in three patents for lack of written description).

Indefiniteness:  Indefiniteness is a question of law. *IPXL Holdings, L.L.C. v. Amazon.com, Inc.*, 430 F.3d 1377, 1380 (Fed. Cir. 2005); *Wellman, Inc. v. Eastman Chem. Co.*, 642 F.3d 1355, 1365 (Fed. Cir. 2011).  Indefiniteness of a claim may be decided on summary judgment.  *See, e.g.*, *EON Corp. IP Holdings LLC v. AT&T Mobility LLC*, 785 F.3d 616, 619 (Fed. Cir. 2015) (affirming summary judgment of invalidity for indefiniteness).

### B.    Written Description

The written description inquiry is also amenable to summary judgment. *Boston Sci. Corp. v. Johnson & Johnson*, 647 F.3d 1353, 1361 (Fed. Cir. 2011) ("Compliance with the written description requirement is a question of fact but is amenable to summary judgment in cases where no reasonable fact finder could return a verdict for the non-moving party.").  "[T]he test for sufficiency is whether the disclosure of the application relied upon reasonably conveys to those skilled in the art that the inventor had possession of the claimed subject matter as of the filing date." *Ariad Pharms., Inc. v. Eli Lilly & Co.*, 598 F.3d 1336, 1351 (Fed. Cir. 2010) (*en banc*).  New claims filed after the application filing date must find support in the original specification. *TurboCare Div. of Demag Delaval Turbomachinery Corp. v. GE*, 264 F.3d 1111, 1118 (Fed. Cir. 2001) ("When the applicant adds a claim or otherwise amends his specification

Page 3 –   MOTION FOR SUMMARY JUDGMENT OF INVALIDITY OF THE '331 PATENT
**[AUTHORIZED TO BE FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER]**

after the original filing date…, the new claims or other added material must find support in the original specification."); *Driessen*, 640 Fed. Appx. at 896 (same). "[A] description that merely renders the invention obvious does not satisfy the requirement." *Ariad*, 598 F.3d at 1172. "In order for a disclosure to be inherent, 'the missing descriptive matter must necessarily be present in the [original] application's specification such that one skilled in the art would recognize such a disclosure.'" *Turbocare*, 264 F.3d at 1119. "While the meaning of terms, phrases, or diagrams in a disclosure is to be explained or interpreted from the vantage point of one skilled in the art, all the limitations must appear in the specification." *Turbocare*, 264 F.3d at 1119. And, "[t]he mere presence of [words that appear in the claims] in isolation does not suffice to show that the 'patentee had possession of' the [later added] elements of the claimed invention at the time of the application, as 35 U.S.C. §112(a) requires." *Driessen*, 640 Fed. Appx. at 896 (holding that the appearance of the words "payment," "message," "authorization," and "computer" did not show possession of terms including "payment message" or "authorization message").

C.    **Indefiniteness**

Section 112 ¶ 2 of the patent statute contains requirements that the claims of a patent must be definite. 35 U.S.C. §112 ("The specification shall conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the inventor or a joint inventor regards as the invention.").

In 2014, the Supreme Court defined a standard for deciding whether claims are definite and valid or indefinite and, therefore, invalid. *See generally Nautilus, Inc. v. Biosig Instruments, Inc.*, 134 S. Ct. 2120 (2014). The Supreme Court considered the Federal Circuit's prior test for indefiniteness which allowed that "a patent claim passes the §112 ¶2 threshold so long as the claim is 'amenable to construction,' and the claim, as construed, is not 'insolubly ambiguous.'" *Id.* at 2124. The Court rejected this test, stating, "We conclude that the Federal Circuit's formulation, which tolerates some ambiguous claims but not others, does not satisfy the statute's definiteness requirement." *Id.* The Court stated the new, stricter test, which currently controls

Page 4 –    MOTION FOR SUMMARY JUDGMENT OF INVALIDITY OF THE '331 PATENT
**[AUTHORIZED TO BE FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER]**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

the analysis:

> In place of the "insolubly ambiguous" standard, we hold that a patent is invalid for indefiniteness if its claims, read in light of the specification delineating the patent, and the prosecution history, fail to inform with reasonable certainty, those skilled in the art about the scope of the invention.

*Id.*

## III.    Argument – The Claims of the '331 Patent Lack Written Description and Are Indefinite

The '331 patent is titled "Horizontal Three Screen LCD System" and describes a specific type of stand for three electronic displays.  Oliver Decl., Ex. 1 at p. 1 (cover page).  The asserted claims, however, are directed to a specific type of display stand for two electronic displays.  Two representative Figures from the '331 patent are reproduced below:



*Id.* at pp. 4-5 (Figures 1, 2).  The claimed stand refers to supporting "at least two displays."  The claim limitations at issue in this motion require "at least a part of the support column is disposed behind the at least two displays" and that the "support arm … has a longitudinal length that is longer than the width of the base."  *Id.* at pp. 11-12 ('331 patent claims 1-18).

Of these limitations, the claim limitation reciting that "at least a part of the support column is disposed behind the at least two displays" is not part of the original "written description" of the patent.  The limitation did not appear in the originally-filed patent application, but was added to the claims over seven years later.  The original specification and original claims

Page 5 –   MOTION FOR SUMMARY JUDGMENT OF INVALIDITY OF THE '331 PATENT
**[AUTHORIZED TO BE FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER]**

never used the term, but instead were directed to the three display system identified in the title and illustrated in the figures. The patent owner's attempt to add this term later fails to meet the "written description" requirement. Thus, the claims are invalid under 35 U.S.C. §112 for lack of written description.

Additionally, the claim limitation requiring a "support arm … that has a longitudinal length that is longer than the width of the base" is indefinite. As can be seen in the exemplary figures reproduced above, the only disclosed "base" (labeled 22, with feet 28) has multiple different widths that could be measured, e.g., with or without feet, front-to-back, side-to-side, the thin portion, the thick portion, etc. But neither the patent specification nor the claims give sufficient guidance as to which "width" to measure. And because "length" is measured from left-to-right for this device (based on the term "longitudinal length" of the support arm), it is not clear whether the left-to-right dimension of the base is the "length" or "width." The patent specification does not provide any clarity with respect to this issue. (In the exemplary figures above, this problem might not seem significant, but as Planar will explain below, one attempting to design a non-infringing product might design a very "wide" base to avoid this limitation, yet still be accused of infringement by Mass due to the indefiniteness of the term.) Because one cannot, with "reasonable certainty," determine what "width" means in the context of the claims, the claims containing this term are invalid under 35 U.S.C. §112 for indefiniteness.

A.    **Claims 1 Through 18 of the '331 Patent Are Invalid Because the Written Description Does Not Include "At Least a Part of the Support Column is Disposed Behind the at Least Two Displays"**

The written description requirement of 35 U.S.C. §112 requires that claims 1 – 18 of the '331 patent be declared invalid. Each of these claims contains a claim limitation that is not disclosed in the specification or original claims of the patent application and, thus, lacks written description for this limitation. Specifically, each of the claims contains the limitation "at least a part of the support column is disposed behind the at least two displays." Oliver Decl., Ex. 1 at pp. 11-12 (col. 4:40 – 6:40). To comply with the written description requirement, "all the

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600  FAX (503) 227-6840

limitations must appear in the specification." *Turbocare*, 264 F.3d at 1119.  However, the specification does not disclose a support column behind two displays.  Therefore, the claims are invalid for failure to comply with the written description requirement.

The original claim of the patent application that led to the '331 patent did not contain the requirement that "at least a part of the support column is disposed behind the at least two displays."  Instead, this limitation was added to the claims in 2009, over 7 years after the patent application was filed in the U.S. Patent and Trademark Office and almost 9 years after it was originally filed (with a priority claim).  When adding the limitation to the claims, the patent applicant did not point to any



support in the patent specification.  And the '331 patent specification does not include any disclosure suggesting that the support column is disposed behind at least "two" displays.  The only figure showing the support column behind any display is Figure 1, which shows that part of support column 24 is behind a "single" display 16.  A read of the entire two page text of the specification does not disclose a support column behind "two" or more displays.  In fact, the only reference to another configuration mentioned is a passing reference to a two or four screen system.  Oliver Decl., Ex. 1 at p. 11 (col. 4:15-22).  However, this type of passing reference is insufficient to either explicitly or inherently disclose the limitation and satisfy the written description requirement and, in fact, it does not even suggest that the support column is partially disposed behind at least two displays.  Rather, "In order for a disclosure to be inherent, 'the missing descriptive matter <u>must necessarily be present</u> in the [original] application's specification such that one skilled in the art would recognize such a disclosure.'" *Turbocare*, 264 F.3d at 1119 (emphasis added).  And one of ordinary skill would recognize that a two or four

Page 7 –   MOTION FOR SUMMARY JUDGMENT OF INVALIDITY OF THE '331 PATENT
           **[AUTHORIZED TO BE FILED UNDER SEAL PURSUANT TO PROTECTIVE
           ORDER]**

screen system could be built in many configurations without any (or without two) screens in front of the support column.  For example, one could build a two screen system merely by removing display 16 from the system shown in Figure 1; doing so would result in a system with the support column behind zero displays, not behind two displays.  Because the relevant limitation is not "necessarily" present in the original specification, the written description requirement is not satisfied.

Thus, judgment of invalidity due to lack of written description is appropriate.

**B.    Mass's Expected Response to this Motion Does Not Create an Issue of Material Fact That Would Lead to Denial of the Motion**

Based on fact discovery in this case, the factual support cited by Mass does not create a material issue of fact.  In an interrogatory, Planar asked,

> State YOUR contentions as to how THE '331 PATENT complies with the written description requirement of 35 U.S.C. §112 with respect to the term "at least a part of the support column is disposed behind the at least two displays" that appears in the claims of the THE '331 PATENT, and state the factual basis for such contention.

Oliver Decl., Ex. 3 at p. 20 (interrogatory no. 18).  Mass indicated that its sole factual support is located at col. 2:10-12 and Figures 1-5 of the '331 patent.  *Id*. (response to interrogatory 18).  The cited portion does not have any apparent relation to the issue and reads as follows:

> The base is substantially smaller in width than the horizontal support arm, thus freeing up a significant amount of desk space.

Oliver Decl., Ex. 1 at p. 10 (col. 2:10-12).  Based on Mass's nondisclosure of any factual support during discovery, which estops Mass from adding facts at this late date, Planar does not expect that Mass will be able to respond with any facts that would create an issue of material fact.

Planar notes that, although Mass did not disclose during the discovery period that it intended to introduce facts equating automobiles to the relevant technology, Mass's proposed expert did submit a report attempting to equate the limitation "behind" in the claim term with what he calls the "rear" of an automobile.  However, that proposed expert's example of an

Page 8 –   MOTION FOR SUMMARY JUDGMENT OF INVALIDITY OF THE '331 PATENT
**[AUTHORIZED TO BE FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER]**

automobile, if it is even permitted into evidence due to Mass's refusal to disclose it during discovery, is irrelevant.  The proposed expert neither provides testimony equating an automobile to the relevant technology nor explaining how being at the "rear" of a single automobile is equivalent to being "at least" partially "disposed behind" two or more displays.  Thus, Planar does not expect that any issue of material fact will be created if Mass attempts to rely upon this irrelevant example.  Moreover, "A party cannot transform into a factual matter the internal coherence and context assessment of the patent simply by having an expert offer an opinion on it." *Teva Pharmaceuticals USA, Inc. v. Sandoz, Inc*., 789 F.3d 1335, 1342 (Fed. Cir. 2015).

Accordingly, summary judgment of invalidity due to lack of written description should be entered.

### C.    Claims 1 – 18 of the '331 Patent Are Indefinite Because the Patent Does Not Provide Reasonable Certainty as to the Meaning of "Width of the Base"

Each of the claims of the '331 patent contains the claim limitation requiring that the support arm "has a longitudinal length that is longer than the width of the base" that does not inform a person of ordinary skill in the art about the scope of the invention with reasonable certainty and, thus, is invalid as indefinite.  Specifically, claims 1 and 9 each contain this limitation.  Oliver Decl., Ex. 1 at pp. 11-12 (col. 4:45-50, 5:27-32).  And all of the other claims depend from either claim 1 or claim 9.  *Id.* (col. 4:40 – 6:40).  Thus, each of those claims contains the same limitation.[1]

Compliance with the definiteness requirement dictates that the claims must meet the "reasonable certainty" test.  *Nautilus*, 123 S. Ct. at 2129.  However, the '331 patent discloses a

---

[1] *See, e.g., Ibormeith IP, LLC v. Mercedes-Benz USA, LLC*, 732 F.3d 1376, 1378 (Fed. Cir. 2013) ("[Defendant] argued that [certain] limitations in independent claims 1 and 9 were indefinite. (If so, the dependent claims 5 and 8 would also be invalid, because they incorporate the elements of independent claim 1.)"); *see also Noah Systems, Inc. v. Intuit, Inc.*, 2010 WL 5638627 at *3 (W.D. Pa. Dec. 17, 2010) ("A single indefinite limitation invalidates an entire claim.  In addition, because a dependent claim effectively incorporates the limitations of the independent claim from which it depends, an indefinite limitation in an independent claim also invalidates all of that claim's dependent claims.") (citations omitted).

Page 9 –   MOTION FOR SUMMARY JUDGMENT OF INVALIDITY OF THE '331 PATENT
            **[AUTHORIZED TO BE FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER]**

base with multiple potential widths that could be measured (*see, e.g.*, Figure 4, reproduced below):



Oliver Decl., Ex. 1 at p. 5 (Figure 4).  As can be seen in this figure, the base 22 appears to vary in width and length throughout its rounded form.  Yet, neither the patent specification nor the claims give sufficient (or any) guidance as to which "width" to measure.  For example, the patent does not disclose whether the width should be measured including "feet 28" or without "feet 28."  The patent does not disclose whether the width should be measured including the eye-shaped front portion, the crescent-shaped rear portion, the boomerang-shaped central portion, or all of them.  And, the '331 patent does not provide any guidance that would give reasonable certainty as to whether the side-to-side width, the front-to-back width or some other width of the base is to be measured in accordance of the claims.

This lack of reasonable certainty is important, because a person of ordinary skill in the art ("POSITA")[2] does not have reasonable certainty as to how to determine the scope of the claims without such guidance.  The problem is compounded with the "base" illustrated in the figures of the '331 patent, because any measurement of width would be less than the length of the arm;

---

[2] The person of ordinary skill in the art (or "POSITA") is a hypothetical, legal construct used in various analyses in patent law, and is "akin to the 'reasonable person' used as a reference in negligence determinations."  *In re Rouffet*, 149 F.3d 1350, 1357 (Fed. Cir. 1998).

Page 10 – MOTION FOR SUMMARY JUDGMENT OF INVALIDITY OF THE '331 PATENT
    **[AUTHORIZED TO BE FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER]**

thus, there is no inherent suggestion that one dimension is the width as there might be if one dimension was longer than the arm and the other dimension shorter.  However, in some accused products and/or prior art, the base may have one dimension that is longer than the arm and another dimension that is shorter than the arm.  For such products, the POSITA would need to know which dimension is relevant in order to determine whether the product infringes and/or the scope of the '331 patent over the prior art.  And in designing a hypothetical new product in view of the '331 patent, a product designer may seek to design a new product with a base "width" larger than the longitudinal length of the arm.  To do so, a POSITA must know the direction in which to measure (or whether to measure the long dimension or short dimension) to determine whether the prior art invalidates the claims or the new product infringes the claims.  Without reasonable certainty of this, a POSITA might develop a product with a base that is believed to have a noninfringing width, only to be accused of infringement by Mass because Mass interprets the claims differently.

"Width" is a term that does not denote a specific direction (i.e., direction in which to take the measurement) or size.  And, indeed, width of an object can vary greatly based on where and how it is measured.  The '331 patent does not provide any guidance as to how or where to measure width, because the depicted base is shorter in all directions than the depicted arm.  Thus, one of ordinary skill would not have a "reasonable certainty" as to how or where to measure the width of the base in prior art or an accused product.  The definiteness requirement is not satisfied.

**1.    Named Inventor and Self-Proclaimed POSITA Jerry Moscovitch Testified, Providing a Party Admission Against Interest, That He Could Not, With Reasonable Certainty, Determine How to Assess the Width of the Base Objectively**

The inability of a POSITA to have a reasonable certainty about the meaning of the "width of the base" was confirmed in deposition testimony by Jerry Moscovitch, a self-proclaimed POSITA.  Mr. Moscovitch, the named inventor of the '331 patent, could not place a firm

Page 11 – MOTION FOR SUMMARY JUDGMENT OF INVALIDITY OF THE '331 PATENT
       **[AUTHORIZED TO BE FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER]**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

definition on the term "width of the base" despite having claimed in a sworn declaration that "I meet [Mass's] definition of a POSITA and, as a professional product designer and inventor of the Patents-in-Suit, I also meet any definition of a POSITA that could possibly be applicable to the Patents-in-Suit."  Oliver Decl., Ex. 4 at p. 3 (¶ 5).  (For purposes of this motion only, Planar will treat the claim that "Mr. Moscovitch is a POSITA" as an undisputed fact.)  In addition to asserting that he is a POSITA, Mr. Moscovitch stated: "When I refer to how a POSITA would understand something from the Patents-in-Suit, I am referring to that understanding at the time of each respective invention, in view of the claims, specification, and prosecution history."  *Id.* at p. 4 (¶8).  That understanding is convenient, because the Supreme Court requires assessment of the specification and file history, stating: "[W]e hold that a patent is invalid for indefiniteness if its claims, read in the light of the specification delineating the patent, and the prosecution history, fail to inform, with reasonable certainty, those skilled in the art about the scope of the invention." *Nautilus*, 134 S. Ct. at 2124.  Thus, for purposes of this motion only, Planar does not dispute that Mr. Moscovitch read the claims in "light of the specification … and the prosecution history" and that he was "skilled in the art."

Despite being a POSITA and applying the specification and prosecution history, Mr. Moscovitch testified that "width is just the ordinary meaning of width, side to side dimension."[3] Oliver Decl., Ex. 5 at p. 24 (Tr. at 91:3-18).  And, when pressed, Mr. Moscovitch testified that a piece of paper with dimensions approximately 8 inches by 11 inches would have a "width" of 8 inches when viewed from one angle and a "width" of 11 inches when viewed from a different angle.  *Id.* at pp. 24-25 (Tr. at 92:13-94:4).  So, for POSITA Moscovitch, based on the viewing angle, the width of the base may vary.

---

[3] Notably, "side to side dimension" is something that Mr. Moscovitch added in 2016, as it does not appear in the specification or prosecution file history.  And Mr. Moscovitch did not testify as to whether this "side to side dimension" should include "feet 28" or without "feet 28" or include the eye-shaped front portion, the crescent-shaped rear portion, the boomerang-shaped central portion, or all of them.

Page 12 – MOTION FOR SUMMARY JUDGMENT OF INVALIDITY OF THE '331 PATENT
**[AUTHORIZED TO BE FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER]**

Mr. Moscovitch's testimony establishes that the scope of the claim term varies based on the subjective point of view of the viewer.  As the following examples demonstrate, this is a reasonable conclusion.  For example, a POSITA assessing how to best pack a disassembled product in boxes for efficient shipping might consider that the longest dimension is the length and the other, shorter dimensions, are the width and height.  While a POSITA sitting at a desk viewing a product might consider that the left-to-right dimension is the width, regardless of whether it is the longest, middle, or shortest dimension, and regardless of how the product is oriented.  While a POSITA reading the claim language stating that the support arm "has a longitudinal length that is longer than the width of the base" might understand that because the length of the arm is measured along the longitudinal dimension of the arm (left-to-right in '331 patent figures 2 and 5), then the "width" of any remaining part of the device must be measured in a direction that is perpendicular to the length (e.g., front-to-back).  All of these views might be reasonable in a given circumstance and show that the scope of the claims cannot be determined objectively, with reasonable certainty.

However, "The scope of claim language cannot depend solely on the unrestrained, subjective opinion of a particular individual purportedly practicing the invention.  Some objective standard must be provided in order to allow the public to determine the scope of the claimed invention."  *Datamize, LLC v. Plumtree Software, Inc.*, 417 F.3d 1342, 1350 (Fed. Cir. 2005) (citations omitted).  "A purely subjective construction of [a claim limitation] would not notify the public of the patentee's right to exclude since the meaning of the claim language would depend on the unpredictable vagaries of any one person's opinion…" *Id.*  "[W]hen faced with a purely subjective phrase … a court must determine whether the patent's specification supplies some standard for measuring the scope of the phrase." *Id.* at 1351.  Here, the specification does not provide any standard for how to measure the width of the base.

Additionally, Mr. Moscovitch, a POSITA and the named inventor, could not with "reasonable certainty" state what the "width of the base" would be in a product with extendible

Page 13 – MOTION FOR SUMMARY JUDGMENT OF INVALIDITY OF THE '331 PATENT
**[AUTHORIZED TO BE FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER]**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600  FAX (503) 227-6840

feet,[4] as illustrated below (extendible feet labeled 812 and 814):



Oliver Decl., Ex. 6 (excerpt of Moscovitch Depo. Ex.) at p. 5 (M219670) (Figures 79-80).

Rather, when asked about the above image, Mr. Moscovitch, who describes himself as a

POSITA, could not with "reasonable certainty" say whether the "width" would be assessed with

the feet extended or retracted for purposes of assessing the claim scope:

> Q.: … [P]ull out Exhibit 122 and can you turn to page M219670?
>
> ... Q. Do you recall earlier in the day when we had a discussion about what the meaning of the term "width of the base" referred to?
>
> A. I do.
>
> Q. So do you see Figure 79 and 80?
>
> ... Q. And you see the statement there that says 'base feet are extendible to provide a larger footprint'?

---

[4] It is worth noting that these figures are excerpted from another patent application (Serial No. 60/113,742) of which Mr. Moscovitch is also a named inventor.  Oliver Decl., Ex. 6 at p. 2 (M219573).

Page 14 – MOTION FOR SUMMARY JUDGMENT OF INVALIDITY OF THE '331 PATENT
**[AUTHORIZED TO BE FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER]**

A. I see that statement.

**Q. So if you were looking at this device that's illustrated in Figure 79 and 80 and attempting to [assess] what the width of the base [in] that figure was, would that be assessed with the feet retracted or with the feet extended, based on your understanding of the term "width of the base"?**

A. **I'm not sure.**

Q. Okay. But **would the width of the base vary depending whether – based on your understanding of the term "width of the base", would the width of the base vary based on whether the feet were extended or retracted?**

**A. It could.**

Oliver Decl., Ex. 5 at p. 53 (Tr. at 208:5-209:10) (emphasis added).

As shown, this POSITA (and named inventor) first testified (in an admission against party interest)[5] that he wasn't sure how to assess the width of the base of that product. He followed that testimony with a statement that the "width of the base" _could_ vary. Thus, even after viewing the prosecution file history and the specification, this POSITA did not have "reasonable certainty" as to how to assess the scope of the claims in *his own patent*. One must ask, then, if the patent inventor and owner could not assess a term in his own patent, how could another POSITA assess the term with the "reasonable certainty" required by the Supreme Court? The answer: one could not. This party admission, alone, is enough to grant summary judgment invalidity of indefiniteness, without the need to independently assess the specification or file history. Yet, as set forth above, the specification and file history support the same conclusion; there is no reasonably certain manner of assessing what is meant by "width of the base" in the '331 patent.

Accordingly, summary judgment of invalidity for indefiniteness of claims 1 – 18 should be entered.

---

[5] Mr. Moscovitch is the sole owner and President of plaintiff Mass. Oliver Decl., Ex. 5 at p. 3 (Tr. at 8:4-15).

Page 15 – MOTION FOR SUMMARY JUDGMENT OF INVALIDITY OF THE '331 PATENT
**[AUTHORIZED TO BE FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER]**

### D.    Mass's Expected Response to this Motion Does Not Create an Issue of Material Fact That Would Lead to Denial of the Motion

Based on fact and expert discovery in this case, Planar expects Mass to have two responses to this motion, neither of which creates an issue of material fact that would lead to denial of the motion.  Specifically, Mass's written discovery responses state:

> [T]he phrase 'the width of the base' should be given its plain and ordinary meaning to a person of ordinary skill in the art at least because the meaning of this phrase is not amenable to and does not require further construction or definition and would be well understood by a person of ordinary skill in the art.

Oliver Decl., Ex. 3 at p. 19 (response to interrogatory 17).  Mass further states that the meaning of the term "is properly the subject of expert testimony."  *Id.*

With respect to the first statement, Planar agrees with Mass's admission that the phrase is not amenable to construction or definition.  This was the old standard for indefiniteness, rejected as too lenient by the Supreme Court in *Nautilus*.  However, as more than one sister court has held after *Nautilus*:

> If the claim is not amenable to construction, then the claim is indefinite.  A claim that is not amenable to construction cannot inform a person of ordinary skill of the scope of the invention with reasonable certainty.  *Cf. Nautilus*, 134 S.Ct. at 2130 …

*GE Lighting Solutions, LLC v. Lights of America, Inc.*, 2015 WL 4660975 at *3 (N.D. OH. Aug. 5, 2015) (finding the term "elongated" was indefinite and quoting *California Inst. Of Tech. v. Hughes Communications Inc.*, 35 F. Supp. 3d 1176, 1181-82 (C.D. Cal. 2014)), *aff'd* regarding indefiniteness of "elongated", 663 F3d. Appx. 938, 940-941 (Fed. Cir. 2016) ("'Elongated' appears nowhere in the specification, nor, as GE admits, are the core's dimensions otherwise described in text or drawings.").  Based on Mass's admission, the claim is indefinite.

With respect to Mass's allegation that the definition of the term is "properly the subject of expert testimony," Planar disagrees.  Rather, indefiniteness is a question of law.  *IPXL Holdings*, 430 F.3d at 1380.  And "[a] party cannot transform into a factual matter the internal

Page 16 – MOTION FOR SUMMARY JUDGMENT OF INVALIDITY OF THE '331 PATENT
    **[AUTHORIZED TO BE FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER]**

coherence and context assessment of the patent simply by having an expert offer an opinion on it." *Teva Pharmaceuticals USA, Inc. v. Sandoz, Inc.*, 789 F.3d 1335, 1342 (Fed. Cir. 2015).

Thus, any opinion by Mass's proposed expert, if considered, will not create a material issue of fact.

But even if the court did consider the opinion (which it should not), the opinion set forth in Mass's proposed expert's report defies common sense. First, the proposed expert alleges that the width of the base would be measured along the same plane as the length of the arm, suggesting that "width" and "length" are the same dimension. However, in common usage, three dimensional objects have three dimensions, not two. Those dimensions are commonly denoted (a) width, length, and height; (b) width, depth, and height; (c) width, length, and depth; or (d) width, depth, and height. In no ordinary definition are width and length measured in the same direction.

Second, Mass's proposed expert shows a single image of a three dimensional object (without identifying any source), as reproduced below:



He states, without support, that this is how one of ordinary skill in the art would define dimensions, and states, again without support, that the width would be along the plane of the monitors from one side of the display system to the other side. There are three significant problems with this analysis.

First, it is unclear why the proposed expert would use a set of dimensions that does not include "length" and does include "depth," while the '331 patent uses the terms "length" and

Page 17 – MOTION FOR SUMMARY JUDGMENT OF INVALIDITY OF THE '331 PATENT
**[AUTHORIZED TO BE FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER]**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

"long" but does not ever use the terms "depth" or "deep."  The proposed expert should use the terms from the patent and prosecution history to comply with *Nautilus*, which requires that the claims be "read in the light of the specification delineating the patent, and the prosecution history…"  *Nautilus*, 134 S. Ct. at 2124.  The introduction of "depth" rather than "length" is not reasonable.

Second, as described by the '331 patent claims and the patent applicant, there is no plane of the monitors; so a POSITA would not have reasonable certainty about how to measure along the alleged plane of the monitors.  Rather, Mr. Moscovitch told the patent office that the monitors were not co-planar, stating, "Schematic D is consistent with the principles of the instant application. … All systems in the schematics show angled systems (not co-planar) …"  Oliver Decl., Ex. 2 at p. 24 (M218606).  And he illustrated the "not co-planar" monitors as follows:



Schematic D

*Id.* at p. 29 (M218611).  This is entirely consistent with the claims (requiring "the support arm tends to wrap around a user") and the specification.  *Id.*, Ex. 1 at p. 11 (col. 4:56-60, 3:36-43) ("… the screens 'wrap around' the user…").  The expert's "plane" of the monitors comment is not supported by the '331 patent and contradicts the prosecution file history and claims.

Third, the proposed expert doesn't identify any evidence that his method is one that would be used by a POSITA.  A simple online search of "length width depth" or "length width height" indicates that a large percentage of the search results show that it is "length" (not width) that is measured from side-to-side (or from left-to-right), as indicated below:

Page 18 – MOTION FOR SUMMARY JUDGMENT OF INVALIDITY OF THE '331 PATENT
        **[AUTHORIZED TO BE FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER]**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600  FAX (503) 227-6840



Oliver Decl., Ex. 7; *see also* Oliver Decl., Ex. 8 (showing a more even distribution of images measuring length and width from side-to-side).  In this example, as shown: (a) eight of the first eleven search results show that "length" is measured from side-to-side, (b) the remaining three results don't show any dimension definitively measured from side-to-side, instead showing diagonal measurements that could be front-to-back or side-to-side, and (c) zero of the first eleven results show "width" measured from side-to-side.  With this example in mind, the proposed expert's unsupported suggestion that a POSITA would unanimously measure "width" from side-to-side is inexplicable.  Rather, the example oliver dshows that a POSITA would not have "reasonable certainty" about how to measure "the width of the base."

Thus, Mass's expected fact and opinion allegations also support the conclusion that the claims are invalid for indefiniteness.

## IV.    Conclusion

The foregoing analysis shows that there are ample grounds for finding invalidity for lack of written description and indefiniteness under 35 U.S.C. §112.  No material factual disputes exist; the sole disputes, if any, will be matters of law.

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

Accordingly, Planar requests entry of summary judgment of invalidity of claims 1 through 18 of the '331 patent, under 35 U.S.C. §112, on both of the independent grounds set forth herein.

DATED this 18th day of April, 2017.

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.

By: s/Jacob S. Gill
    **Jacob S. Gill,** OSB No. 033238

209 SW Oak Street, Suite 500
Portland, OR 97204
Telephone:    (503) 227-1600
Facsimile:    (503) 227-6840
Email:        jgill@stollberne.com

-And-

**Jenny W. Chen** (admitted *pro hac vice)*
Email: Jenny.Chen@ChenIPLaw.com
CHEN IP LAW GROUP
7F, N0. 1, Alley 30, Lane 358
Rueiguang Road
Neihu District,  Taipei City  114
Taiwan (R.O.C.)
Telephone:  +(886)-2-7721-8855
Facsimile:   +(886)-2.-7721-8822

-And-

**Andrew T. Oliver**  (admitted *pro hac vice)*
Email: aoliver@ATWiplaw.com
AMIN, TUROCY & WATSON, LLP
160 West Santa Clara Street, Suite 975
San Jose, California 95113
Telephone: (650) 618-6481
Facsimile:  (216) 696-8731

**Attorneys for Defendant Planar Systems, Inc.**

Page 20 – MOTION FOR SUMMARY JUDGMENT OF INVALIDITY OF THE '331 PATENT
    **[AUTHORIZED TO BE FILED UNDER SEAL PURSUANT TO PROTECTIVE
    ORDER]**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840