**Jacob S. Gill,** OSB No. 033238
Email: jgill@stollberne.com
STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. Oak Street, Suite 500
Portland, Oregon 97204
Telephone:     (503) 227-1600
Facsimile:     (503) 227-6840

**Jenny W. Chen** (admitted *pro hac vice*)
Email: Jenny.Chen@ChenIPLaw.com
CHEN IP LAW GROUP
7F, N0. 1, Alley 30, Lane 358
Rueiguang Road
Neihu District, Taipei City 114
Taiwan (R.O.C.)
Telephone:  (886)-2-7721-8855
Facsimile:  (886)-2-7721-8822

**Andrew T. Oliver** (admitted *pro hac vice*)
Email: aoliver@ATWiplaw.com
AMIN, TUROCY & WATSON, LLP
160 West Santa Clara Street, Suite 975
San Jose, California 95113
Telephone: (650) 618-6481
Facsimile:  (216) 696-8731

**Attorneys for Defendant Planar Systems, Inc.**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| MASS ENGINEERED DESIGN, INC., | Case No. 3:16-CV-01510-SI |
| Plaintiff, | **CONCISE STATEMENT OF MATERIAL FACTS IN SUPPORT OF DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT OF NONINFRINGEMENT OF THE '978 PATENT** |
| v. | |
| PLANAR SYSTEMS, INC., | |
| Defendant. | **[AUTHORIZED TO BE FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER]** |

Pursuant to LR 56-1(a) and the Court's Amended Case Management Order [ECF No. 77], defendant Planar Systems, Inc. ("Planar") submits this concise statement of material facts in support of its *Motion for Partial Summary Judgment of Noninfringement of the '978 Patent*, filed contemporaneously herewith.

1.      Asserted U.S. Pat. No. RE36,978 (the " '978 patent") includes claims 1 through 38.  Oliver Decl.,[1] Ex. 1 ('978 patent) at p. 1.

2.      Plaintiff Mass Engineered Design, Inc. ("Mass") asserts that Planar infringes claims 16, 18, 25, and 27 of the '978 patent.  *Id.*, Exs. 2 (at p. 15) and 3 (at p. 3).

3.      Claim 16 of the '978 patent includes a limitation requiring "a pair of electronic displays."  *Id.*, Ex. 1 at col. 11:8-11.

4.      Each of asserted claims 18, 25, and 27 depend from claim 16 and, therefore, include the limitation requiring "a pair of electronic displays."  *Id.*, Ex. 1 at Ex Parte Reexamination Certificate (col. 1:27-2:31).

5.      Most of the accused products do not include "a pair of electronic displays."

6.      All of the accused products are sold unassembled.

7.      Mass asserts that the following products infringe the '978 patent:  model numbers 997-5253-00; 997-5602-00; 997-6035-00; 997-6504-00; 997-7705-00; 997-7720-00; and 997-7721-00.  *Id.*, Exs. 2 (at p. 15) and 3 (at p. 2).

8.      Only the following model numbers include electronic displays: 997-7721-00 and 997-7720-00.  *See, e.g., id.*, Exs. 3 (at p. 25) and 4 (at p. 8 (Tr. at 89:15-19)).

9.      The following model numbers are sold by Planar without displays: 997-5253-00; 997-5602-00; 997-6035-00; 997-6504-00; and 997-7705-00.  *See, e.g., id.*, Ex. 5 at p. 2 (PLANAR003770) (showing "Enclosed Parts" and "Additional Enclosed Parts" sections that

---

[1] "Oliver Decl." refers to the *Declaration of Andrew T. Oliver in Support of Defendant's Motion for Partial Summary Judgment of Noninfringement of the '978 Patent*, filed contemporaneously herewith.

Page 1 –    CONCISE STATEMENT OF MATERIAL FACTS IN SUPPORT OF MOTION FOR
            PARTIAL SUMMARY JUDGMENT OF NONINFRINGEMENT OF THE '978
            PATENT [AUTHORIZED TO BE FILED UNDER SEAL PURSUANT TO
            PROTECTIVE ORDER]

confirm that no displays are included in the products.").

10.     Mass claims that it is entitled to TOTAL damages of only $648 for all alleged infringement by the products that include electronic displays, i.e., models 997-7720-00 and 997-7721-00. *Id*., Ex. 6.

11.     The only purported evidence of direct infringement of the '978 patent presented by Mass is its purported expert's statement that, "[I]t is reasonable to assume that Planar uses its own display systems, with monitors mounted, in the operation of its business including when displaying such systems to resellers and customers, including as shown on its website…" *Id*., Ex. 3 at p. 25.

12.     The statement in the preceding paragraph lacks many of the indicators of truth. First, he does not say the he adopts this assumption, but merely that an unidentified person might be reasonable to assume this. He is unwilling to make this assumption himself. Additionally, though he uses the accused products identifiers throughout the report and even defines them as the "Infringing Products" on page 2 of the report, he does not refer either to "Infringing Products" or product identifiers, but merely identifies Planar's "own display systems." Of course a company would use display systems that it owned with monitors, but there is no suggestion or basis for assuming that the accused products are used in this fashion.

13.     There is no evidence that Planar puts monitors on the accused products to display to customers or resellers. The testimony taken by Mass contradicts that, and establishes that the web site and printed "line cards" are Planar's only promotions of the accused products. Oliver Decl., Ex. 4 at pp. 2-3, 6 (Tr. at 64:20-65:7, 68:20-24). Contrary to the purported expert's assumption, there is no evidence of use of the display systems with monitors mounted to display to customers.

14.     With respect to purported expert's allegation about what is "shown on its website," there is no evidence establishing that the photos (a) show actual use, (b) were taken in

Page 2 –    CONCISE STATEMENT OF MATERIAL FACTS IN SUPPORT OF MOTION FOR
            PARTIAL SUMMARY JUDGMENT OF NONINFRINGEMENT OF THE '978
            PATENT [AUTHORIZED TO BE FILED UNDER SEAL PURSUANT TO
            PROTECTIVE ORDER]

the United States during "use" in the United States, or (c) are more than digitally created images.

15.     Mass deposed Planar multiple times, but never bothered to ask whether anyone at Planar actually uses the accused products.

16.     Mass has not produced, or identified in written discovery responses, any evidence showing whether Planar's distributor customers sell any of the accused products in the United States.

17.     Planar sold over 91,000 units of accused products that do not include monitors to Ingram Micro, Inc.  Oliver Decl., Ex. 7.

18.     Ingram Micro, Inc. is a distributor, not an end user.  *Id*., Exs. 8, 9.

19.     Ingram Micro, Inc. distributes products to 160 countries.  *Id*., Ex. 9.

20.     Mass did not provide evidence of where Ingram Micro, Inc. sells the accused products.  *See*, *e.g.*, *id*., Ex. 2 at pp. 14-16 (resp. to interrogatories nos. 10-11).

21.     Planar sold over 66,000 units of accused products that do not include monitors to Tech Data Product Management, Inc.  *Id*., Ex. 7.

22.     Tech Data Product Management, Inc. is a distributor, not an end user.  *Id*., Exs. 8, 11.

23.     Tech Data Product Management, Inc. distributes products to 100 countries.  *Id*., Ex. 11.

24.     Mass did not provide evidence of where Tech Data Product Management, Inc. sells the accused products.  *See*, *e.g.*, *id.*, Ex. 2 at pp. 14-16 (resp. to interrogatories nos. 10-11).

25.     Planar sold over 41,000 units of accused products that do not include monitors to Synnex Corporation.  *Id.*, Ex. 7.

26.     Synnex Corporation is a distributor, not an end user.  *Id*., Exs. 8, 12.

27.     Synnex Corporation distributes products to at least 5 countries.  *Id*., Ex. 12.

28.     Mass did not provide evidence of where Synnex Corporation sells the accused

Page 3 –   CONCISE STATEMENT OF MATERIAL FACTS IN SUPPORT OF MOTION FOR
            PARTIAL SUMMARY JUDGMENT OF NONINFRINGEMENT OF THE '978
            PATENT [AUTHORIZED TO BE FILED UNDER SEAL PURSUANT TO
            PROTECTIVE ORDER]

products.  *See*, *e.g.*, *id*., Ex. 2 at pp. 14-16 (resp. to interrogatories nos. 10-11).

29.    Planar sold over 28,000 units of accused products that do not include monitors to Ma Laboratories, Inc.  *Id*., Ex. 7.

30.    Ma Laboratories, Inc. is a distributor, not an end user.  *Id*., Exs. 8, 13.

31.    Ma Laboratories, Inc. distributes products to three continents:  Asia, Europe, and America.  *Id*., Ex. 13.

32.    Mass did not provide evidence of where Ma Laboratories, Inc. sells the accused products.  *See*, *e.g.*, *id.*, Ex. 2 at 14-16 (resp. to interrogatories nos. 10-11).

33.    Planar sold over 31,000 units of accused products that do not include monitors to ASI Computer Technologies Inc.  *Id*., Ex. 7.

34.    ASI Computer Technologies Inc. is a distributor, not an end user, and sells to "dealers, resellers, value added resellers, mail order resellers and other entities that acquire the Products from Distributor and resell the Products to End Users."  *Id*., Exs. 8, 14.

35.    ASI Computer Technologies Inc. distributes products to 3 countries.  *Id*., Ex. 9.

36.    Mass did not provide evidence of where ASI Computer Technologies Inc. sells the accused products.  *See*, *e.g.*, *id.*, Ex. 2 at pp. 14-16 (resp. to interrogatories nos. 10-11).

37.    Planar sold over 21,000 units of accused products that do not include monitors to Syx Distribution, Inc.  *Id*., Ex. 7.

38.    Syx Distribution, Inc. is a distributor, not an end user.  *Id*., Ex. 15.

39.    Syx Distribution, Inc. distributes products to at least 2 countries.  *Id*..

40.    Mass did not provide evidence of where Syx Distribution, Inc. sells the accused products.  *See*, *e.g.*, *id.*, Ex. 2 at pp. 14-16 (resp. to interrogatories nos. 10-11).

41.    Planar sold over 16,000 units of accused products that do not include monitors to CDW Logistics Inc.  *Id*., Ex. 7.

42.    CDW Logistics Inc. is a distributor, not an end user.  *Id*., Ex. 16.

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

43.     CDW Logistics Inc. distributes products to at least 3 countries.  *Id.*

44.     Mass did not provide evidence of where CDW Logistics Inc. sells the accused products.  *See*, *e.g.*, *id.*, Ex. 2 at pp. 14-16 (resp. to interrogatories nos. 10-11).

45.     Planar sold over 10,000 units of accused products that do not include monitors to D&H Distributing Company.  *Id.*, Ex. 7.

46.     D&H Distributing Company is a distributor, not an end user.  *Id.*, Ex. 8.

47.     D&H Distributing Company distributes products to at least 2 countries.  *Id.*

48.     Mass did not provide evidence of where D&H Distributing Company sells the accused products.  *See*, *e.g.*, *id.*, Ex. 2 at pp. 14-16 (resp. to interrogatories nos. 10-11).

49.     Planar sold over 19,000 units of accused products that do not include monitors to other distributors.  *Id.*, Ex. 7).

50.     The other distributors are distributors, not end users.

51.     There is no evidence showing where the other distributors distribute their products.  *Id.*, Ex. 2 at pp. 14-16 (resp. to interrogatories nos. 10-11).

52.     Mass did not provide evidence of where the other distributors sell the accused products.  *See*, *e.g.*, *id.*, Ex. 2 at pp. 14-16 (resp. to interrogatories nos. 10-11).

53.     Many of the distributors listed above make sales to the federal government of the United States.

54.     Patent infringement wherein the alleged direct infringement is use by the federal government of the United States must be adjudicated in the Court of Federal Claims.

55.     Mass did not provide evidence showing that any of the distributors' accused sales were to entities other than the federal government of the United States.

///

///

///

Page 5 –   CONCISE STATEMENT OF MATERIAL FACTS IN SUPPORT OF MOTION FOR
           PARTIAL SUMMARY JUDGMENT OF NONINFRINGEMENT OF THE '978
           PATENT [AUTHORIZED TO BE FILED UNDER SEAL PURSUANT TO
           PROTECTIVE ORDER]

DATED this 18th day of April, 2017.

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.


By: s/Jacob S. Gill
     **Jacob S. Gill,** OSB No. 033238

209 SW Oak Street, Suite 500
Portland, OR 97204
Telephone:   (503) 227-1600
Facsimile:    (503) 227-6840
Email:        jgill@stollberne.com


-And-

**Jenny W. Chen** (admitted *pro hac vice*)
Email: Jenny.Chen@ChenIPLaw.com
CHEN IP LAW GROUP
7F, N0. 1, Alley 30, Lane 358
Rueiguang Road
Neihu District, Taipei City  114
Taiwan (R.O.C.)
Telephone:  +(886)-2-7721-8855
Facsimile:   +(886)-2.-7721-8822

-And-

**Andrew T. Oliver** (admitted *pro hac vice*)
Email: aoliver@ATWiplaw.com
AMIN, TUROCY & WATSON, LLP
160 West Santa Clara Street, Suite 975
San Jose, California 95113
Telephone: (650) 618-6481
Facsimile:  (216) 696-8731

**Attorneys for Defendant Planar Systems, Inc.**

Page 6 –   CONCISE STATEMENT OF MATERIAL FACTS IN SUPPORT OF MOTION FOR
              PARTIAL SUMMARY JUDGMENT OF NONINFRINGEMENT OF THE '978
              PATENT [AUTHORIZED TO BE FILED UNDER SEAL PURSUANT TO
              PROTECTIVE ORDER]