**Jacob S. Gill,** OSB No. 033238
Email: jgill@stollberne.com
STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. Oak Street, Suite 500
Portland, Oregon 97204
Telephone:     (503) 227-1600
Facsimile:     (503) 227-6840

**Jenny W. Chen** (admitted *pro hac vice*)
Email: Jenny.Chen@ChenIPLaw.com
CHEN IP LAW GROUP
7F, N0. 1, Alley 30, Lane 358
Rueiguang Road
Neihu District,  Taipei City  114
Taiwan (R.O.C.)
Telephone:  (886)-2-7721-8855
Facsimile:  (886)-2-7721-8822

**Andrew T. Oliver**  (admitted *pro hac vice*)
Email: aoliver@ATWiplaw.com
AMIN, TUROCY & WATSON, LLP
160 West Santa Clara Street, Suite 975
San Jose, California 95113
Telephone: (650) 618-6481
Facsimile:  (216) 696-8731

**Attorneys for Defendant Planar Systems, Inc.**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| MASS ENGINEERED DESIGN, INC., | Case No. 3:16-CV-01510-SI |
| Plaintiff, | **DEFENDANT PLANAR SYSTEMS, INC.'S MOTION TO EXCLUDE EXPERT REPORT AND EXPERT TESTIMONY OF PETER HEUSER** |
| v. | |
| PLANAR SYSTEMS, INC., | |
| Defendant. | **[AUTHORIZED TO BE FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER]** |

## **Table of Contents**

I.    FACTS ............................................................................................................. 1

    A.    Mr. Heuser Does Not Explain How His Experience Informs His Opinions. ........................................................................... 2

    B.    Mr. Heuser Opines on the Law of Willful Infringement ............................. 2

    C.    Mr. Heuser's Description and Interpretation of the Patent Law is Internally Inconsistent and Omits Material Provisions of the Patent Act ........................................................... 3

    D.    Mr. Heuser Engages in "Fact-Finding" Regarding Lay Matters and Purports to Set Forth the Factual Record .................................. 5

    E.    Mr. Heuser Speculates About Planar's (and its Supplier Highgrade's) Intent and State of Mind ................................................ 6

    F.    Mr. Heuser Provides Conclusions Regarding Infringement, Willful Infringement, and Enhanced Damages ............................................. 6

II.    LEGAL STANDARD ........................................................................................ 7

III.    ARGUMENT ................................................................................................. 10

    A.    Mr. Heuser Should be Precluded From Testifying, Because He Does Not State or Establish How His "Expert" Status Informs His Opinions ........................................................... 10

    B.    Mr. Heuser Should be Precluded From Testifying as to the Legal Standards for Willful Infringement ........................................................ 12

    C.    Mr. Heuser Should be Precluded From Testifying About Facts Regarding Lay Matters and Setting Forth the Factual Record ........................................................................................... 14

    D.    Mr. Heuser Should Be Precluded From Testifying About Planar's Intent and State of Mind ................................................ 15

    E.    Mr. Heuser Should Be Precluded From Testifying That Planar Infringed Patents, That Planar Committed Willful Infringement, and That Enhanced Damages Are Justified ......................... 16

    F.    Mr. Heuser Should Be Precluded From Testifying About Whether Planar "Failed" to Obtain the Advice of Counsel ...................... 16

IV.    CONCLUSION ............................................................................................... 19

**Table of Authorities**

**Cases**

*Aguilar v. International Longshoremen's Union*
966 F. 2d 443 (9th Cir. 1992) .................................................................. 13

*Amco Ukrservice & Prompriladamco v. Am. Meter Co.*
2005 WL 1541029 (E.D. Pa. June 29, 2005) .......................................... 14

*AstraZeneca LP v. Tap Pharm. Prod., Inc.*
444 F.Supp.2d 278 (D. Del. 2006) .................................................... 10, 15

*Bott v. Four Star Corp.*
(1986) ........................................................................................................ 3

*Carson Optical Inc. v. eBay Inc.*
202 F.Supp.3d 247 (E.D.N.Y. 2016) ................................................... 4, 17

*Century Indem. Co. v. The Marine Grp., LLC*
2015 WL 5965614 (D. Or. Oct. 13, 2015) ............................................... 8

*Chemipal Ltd. v. Slim-Fast Nutritional Foods Int'l*
350 F.Supp.2d 582 (D. Del. 2004) ............................................... 8, 10, 14

*City of Pomona v. SQM N. Am. Corp.*
750 F.3d 1036 (9th Cir. 2014) .................................................................. 7

*Comark Communications, Inc. v. Harris Corp.*
(1998) ........................................................................................................ 3

*Crow Tribe of Indians v. Raciot*
87 F.3d 1039 (9th Cir. 1996) .................................................................... 9

*Daubert v. Merrell Dow Pharmaceuticals, Inc.*
509 U.S. 579 (1993) .............................................................................. 7, 8

*First Am. Title Ins. Co. v. Nw. Title Ins. Agency, LLC*
2016 WL 6471212 (D. Utah Nov. 1, 2016)
(same) ................................................................................................. 10, 15

*Flores v. Arizona*
516 F.3d 1140 (9th Cir. 2008). .............................................................. 13

*Fromson v. Western Litho Plate & Supply Co.*
853 F.2d 1568 (Fed. Cir. 1988) ................................................................ 4

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*
136 S.Ct. .......................................................................................... 3, 4, 13

*Hangarter v. Provident Life & Accident Ins. Co.*
373 F.3d 998 (9th Cir. 2004) .................................................................... 9

*In re Rezulin Prod. Liab. Litig.*
309 F. Supp. 2d 531 (S.D.N.Y. 2004) ................................................ 14, 15

*Indiana Ins. Co. v. Gen. Elec. Co.*
326 F.Supp.2d 844 (N.D. Ohio 2004) .................................................... 10

*Jinro Am. Inc. v. Secure Investments, Inc.*
266 F.3d 993 (9th Cir. 2001)
*amended on denial of reh'g*
272 F.3d 1289 (9th Cir. 2001) .................................................................. 7

*Knorr-Bremse Systeme Fuer Nutzfahrzeuge GmbH v. Dana Corp.*
  383 F.3d 1337 (Fed. Cir. 2004) (*en banc*) ............................................................. 4

*Lannett Co. Inc. v. KV Pharm., Drugtech Corp.*
  2009 WL 10657988 (D. Del. Mar. 9, 2009) ......................................................... 16

*LinkCo, Inc. v. Fujitsu Ltd.*
  2002 WL 1585551 (S.D.N.Y. July 16, 2002) .................................................... 8, 15

*Lord Abbett Mun. Income Fund, Inc. v. Asami*
  2014 WL 3417941 (N.D. Cal. July 11, 2014) ....................................................... 10

*Lust v. Merrell Dow Pharm., Inc.*
  89 F.3d 594 (9th Cir. 1996) ................................................................................... 8

*Markman v. Westview Instruments, Inc.*
  517 U.S. 370 (1996) ............................................................................................ 11

*McHugh v. United Service Automobile Ass'n*
  164 F.3d 451 (9th Cir. 1999) ............................................................................... 13

*Micro Chem., Inc. v. Lextron, Inc.*
  317 F.3d 1387 (Fed. Cir. 2003) ............................................................................. 7

*Minnesota Mining & Mfg. Co. v. Johnson & Johnson Orthopaedics, Inc.*
  (1992) ................................................................................................................... 3

*Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*
  523 F.3d 1051 (9th Cir. 2008) .......................................................................... 9, 16

*Nieves-Villanueva v. Soto-Rivera*
  133 F.3d 92 (1st Cir. 1997) ................................................................................... 9

*Oxford Gene Tech. Ltd. v. Mergen Ltd.*
  345 F.Supp.2d 431 (D. Del. 2004) .................................................................... 9, 10

*Read v. Portec*
  970 F.2d at 828 (1992) ................................................................................. 3, 4, 17

*SEC v. Lipson*
  46 F.Supp.2d 758 (N.D. Ill. 1998) .................................................................. 10, 14

*Stryker Corp. v. Zimmer, Inc.* ........................................................................ 3, 13

*Sundance, Inc. v. Del Monte Fabricating, Ltd.*
  550 F.3d 1356 (Fed. Cir. 2008) ............................................................................. 8

*The Medicines Co. v. Mylan Inc.*
  2014 WL 1758135 (N.D. Ill. May 2, 2014) ...................................................... 10, 12

*United States v. Tamman*
  782 F.3d 543 (9th Cir. 2015) ......................................................................... 9, 13, 16

*W.R. Grace & Co.-Conn. v. Intercat, Inc.*
  (1996) .............................................................................................................. 3, 17

*XY, LLC v. Trans Ova Genetics*
  2016 WL 97788 (D. Colo. Jan. 8, 2016) ...................................................... 10, 15, 16

*Zygo Corp. v. Wyko Corp.*
  79 F.3d 1563 (Fed. Cir. 1996) ............................................................................. 11

**Statutes**

35 U.S.C. § 284 ................................................................................................................. 1

35 U.S.C. § 298 .......................................................................................................... passim

**Rules**

Fed. R. Evid. 602 ............................................................................................................. 5

Fed. R. Evid. 702 .................................................................................................... 6, 7, 8, 9

Fed.R.Evid. 704(a) ........................................................................................................... 9

## <u>Other Authorities</u>

Leahy-Smith America Invents Technical Corrections
    Pub. L. No. 112–274, 126 Stat. 2456 (2013) ........................................................... 4

## Certification of Compliance with LR 7-1

Pursuant to Local Rule 7-1, the parties made a good faith effort by telephone conference to resolve this dispute and have been unable to do so.

## Motion

Pursuant to Rules 702 and 403 of the Federal Rules of Evidence, defendant Planar Systems, Inc. ("Planar") moves the Court for an order (i) excluding testimony of Peter E. Heuser, the expert witness proffered by plaintiff Mass Engineered Design, Inc. ("Mass"), on the issue of willful infringement and damages enhancement under 35 U.S.C. § 284; and (ii) excluding and/or striking Mr. Heuser's *Expert Report of Peter E. Heuser Regarding Willful Infringement By Defendant Planar Systems, Inc. of U.S. Pat. Nos.. [sic] RE36,978 and 8,102,33 [sic, recte 8,102,331]*, dated January 6, 2017.

This motion is supported by the following memorandum and the *Declaration of Jacob S. Gill in Support of Defendant's Motion to Exclude Expert Report and Expert Testimony of Peter Heuser* ("Gill Decl."), filed contemporaneously herewith.

## Memorandum

## I.      FACTS

Mass proffered Peter Heuser as an expert to testify on the matters disclosed in his expert report.  Mr. Heuser is "a shareholder and attorney in the law firm of Schwabe Williamson & Wyatt."  Gill Decl., Ex. 1 at p. 1.  Mr. Heuser has no experience with the technical field(s) of the patents asserted by Mass in this litigation (*i.e.*, U.S. Patent Nos. RE36,978 and 8,102,331).  Gill Decl., Ex. 1 at pp. 1-4.

In his expert report, Mr. Heuser opines that Planar's alleged infringement was "willful infringement" and that enhanced damages under 35 U.S.C. § 284 are justified.  Mr. Heuser impermissibly (i) opines about the legal standards; (ii) opines about the interpretation of case law; (iii) purports to set forth factual summaries that are both inaccurate and based, not on his own knowledge, but upon summaries of documents and testimony related to the lawsuit; (iv)

Page 1 –   MOTION TO EXCLUDE HEUSER EXPERT REPORT AND TESTIMONY
           **[AUTHORIZED TO BE FILED UNDER SEAL PURSUANT TO
           PROTECTIVE ORDER]**

speculates about Planar's intent and state of mind; (v) applies his purported facts to his opinions

regarding legal standards to express an ultimate opinion; and (vi) opines extensively about

whether Planar should have sought an opinion of counsel, which is prohibited by statute.

### A.    Mr. Heuser Does Not Explain How His Experience Informs His Opinions.

Mr. Heuser recites his experience on the first four pages of his report.  Gill Decl., Ex. 1 at

pp. 1-4.  Mr. Heuser does not otherwise explain how this recited experience informs his analysis.

*See* Gill Decl., Ex. 1.  He does not state any expectations that one in the legal field would have

about conduct or content of non-infringement opinions, willful infringement, or enhanced

damages.  He does not articulate any industry customs or standards against which the jury can

consider the evidence. And he does not establish a foundation or basis for his opinions.  Rather,

he forms his opinions without any such support.

### B.    Mr. Heuser Opines on the Law of Willful Infringement

Mr. Heuser's proffered testimony purports to set forth the legal standards and tests for

willful infringement, including damages enhancement, competent advice of counsel, oral

opinions, etc.  Gill Decl., Ex. 1 at pp. 6-10, 16, and 20 (report sections VI A, VI B, VI C, VI D,

VIII A, and VIII B).  Many of the statements in these sections go well beyond identifying the

legal principles underlying Mr. Heuser's opinions, instead providing impermissible general

testimony interpreting patent law.  Examples of such statements include:

- "The legal test to be applied … begins and ends with [*Halo*] and its companion case [*Stryker*]" (Gill Decl., Ex. 1 at p. 6);

- "One issue *Halo* at least clarified and arguably changed concerns …" (*iId*. at p. 7);

- "Other decisions … have been critical of …" (*id*.);

- "Under this test, district courts are allowed to punish the full range …" (*id*. at p. 8);

- "*Read v. Portec* … provides another helpful guide of how to determine …" (*id*.);

- "In *Read*, the Circuit examined whether …" (*id*. at 9)

- Characterizing *Read v. Portec* by using terms of degree, such as "detailed" and "numerous" to describe case-related facts (*id*.);

Page 2 –   MOTION TO EXCLUDE HEUSER EXPERT REPORT AND TESTIMONY
      **[AUTHORIZED TO BE FILED UNDER SEAL PURSUANT TO PROTECTIVE
      ORDER]**

- "… Halo lowered the standard of proof …" (*id.*);

- "*Read* is still good law and provides a guide for the present case" (*id.* at 10);

- "Pursuant to … other decisions, all of the circumstances … are to be considered" (*id.*);

- "For example, it is very pertinent if …" (*id.*)

- "… [certain] arguments are no longer relevant in view of *Halo*.  Instead, *Halo* tells us to focus on …" (*id.* at p. 16);

- "… the focus on Planar's state of mind under *Halo* is when …, not years later when …" (*id.* at p. 20);

- "… did nothing to alleviate Planar's responsibility under *Halo* to …" (*id.* at p. 21);

- "Given the discretion that the Court has been given by *Halo*, free of the inelastic constraints of *Seagate* …" (*id.* at p. 22).

Statements such as these do not set forth the basis of how one arrived at an opinion, but actually attempt to interpret the meaning of the patent law, which is solely the role of the court, not a witness.

### C.    Mr. Heuser's Description and Interpretation of the Patent Law is Internally Inconsistent and Omits Material Provisions of the Patent Act

Mr. Heuser's discussion of the law is internally inconsistent.  Mr. Heuser states: "The legal test to be applied to determine whether a patent infringement has been willful **begins and ends** with *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, and its companion case *Stryker Corp. v. Zimmer, Inc.*"  Gill Decl., Ex. 1 at p. 6 (emphasis added).  But Mr. Heuser does not ground his analysis on *Halo* or *Stryker*—he instead looks to a number of other, older, cases, including *Bott v. Four Star Corp.* (1986); *Read v. Portec* (1992); *Minnesota Mining & Mfg. Co. v. Johnson & Johnson Orthopaedics, Inc.* (1992); *W.R. Grace & Co.-Conn. v. Intercat, Inc.* (1996); and *Comark Communications, Inc. v. Harris Corp.* (1998).  *See* Gill Decl., Ex. 1 at pp. 8-10, 15-22.

Mr. Heuser invokes those older cases because they fit the dominant theme of his report— his assertion that Planar had a "responsibility … to investigate the merits of infringement and/or validity."  Gill Decl., Ex. 1 at p. 21.  At the time those older cases were decided, Federal Circuit

Page 3 –    MOTION TO EXCLUDE HEUSER EXPERT REPORT AND TESTIMONY
        **[AUTHORIZED TO BE FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER]**

willfulness law "imposed an 'affirmative duty' to obtain advice of counsel prior to initiating any possible infringing activity." *Halo*, 136 S.Ct. at 1935 (citation omitted); *see also, e.g.*, *Read*, 970 F.2d at 828 ("One who has actual notice of another's patent rights has an affirmative duty to respect those rights. That affirmative duty normally entails obtaining advice of legal counsel ….") (citations omitted). Indeed, until the Federal Circuit's 2004 decision in *Knorr-Bremse Systeme Fuer Nutzfahrzeuge GmbH v. Dana Corp.*, 383 F.3d 1337 (Fed. Cir. 2004) (*en banc*), any infringer not relying on an opinion of counsel as a defense to willfulness faced an adverse inference "'that either no opinion was obtained or, if an opinion were obtained, it was contrary to the infringer's desire to initiate or continue its use of the patentee's invention.'" *Knorr-Bremse*, 383 F.3d at 1343 (quoting *Fromson v. Western Litho Plate & Supply Co.*, 853 F.2d 1568, 1572–73 (Fed. Cir. 1988)).

Although *Knorr-Bremse* did away with the adverse inference, the continued emphasis on opinions of counsel in the willfulness context led Congress to enact legislation directly addressing the issue. *See Carson Optical Inc. v. eBay Inc.*, 202 F.Supp.3d 247, 259 (E.D.N.Y. 2016). The result is 35 U.S.C. § 298, which provides:

> The failure of an infringer to obtain the advice of counsel with respect to any allegedly infringed patent, or the failure of the infringer to present such advice to the court or jury, may not be used to prove that the accused infringer willfully infringed the patent or that the infringer intended to induce infringement of the patent.

This statute applies to any civil action "commenced on or after January 14, 2013 regardless of when the patents-in-suit were issued." *Carson Optical*, 202 F.Supp.3d at 260 (citing Leahy-Smith America Invents Technical Corrections, Pub. L. No. 112–274, § 1(a), 126 Stat. 2456 (2013)).

Mass commenced this action in 2014 and is therefore subject to the evidentiary restrictions imposed by 35 U.S.C. § 298. **Mr. Heuser, however, fails to even address the statute**. This failure, particularly in light of his reliance on the caselaw targeted by the statute, renders Mr. Heuser's testimony unreliable and inadmissible.

Page 4 –   MOTION TO EXCLUDE HEUSER EXPERT REPORT AND TESTIMONY
**[AUTHORIZED TO BE FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER]**

**D.      Mr. Heuser Engages in "Fact-Finding" Regarding Lay Matters and Purports to Set Forth the Factual Record**

Throughout his report, Mr. Heuser engages in "fact-finding" regarding issues that require no specialized knowledge.  For example, in sections VII and VIII of his report, Mr. Heuser recites portions of the record, deposition testimony, information collected from documents, and compilations of hearsay statements, which include inaccuracies and mischaracterizations of the facts.  Gill Decl., Ex. 1 at pp. 10-22.  In Section VII, Mr. Heuser provides his "fact-finding" regarding various selected events that happened between 2006 and present, some of which mingle purported "facts" with Mr. Heuser's interpretation of case law and opinions regarding accuracy of the "facts".  *Id.* at pp. 10-15.  For example, Mr. Heuser states that "the Texas court's [order] is at odds with the Trop opinion in that the Trop opinion erroneously assumes …"  *Id.* at p. 11.  And Mr. Heuser repeatedly speculates or opines about the meaning of various purported "facts" and provides his speculation as part of the statement of "facts," without identifying them as opinions.  *See*, *e.g*., *id*. at pp. 11, 12, and 14.  Mr. Heuser also speculates multiple times that "there is no evidence" regarding various matters, without personal knowledge of whether such evidence exists.[1]  *Id.* at pp. 15-17.  Finally, Mr. Heuser speculates about the implications of his other purported "facts" with respect to Planar's state of mind as to whether its products infringed.  *Id*. at 17-18, 20.

Mr. Heuser does not claim to be a lay witness with "personal knowledge of the matter" under Fed. R. Evid. 602.  And he does not claim to bring "scientific, technical, or other

---

[1] Several of these instances of "there is no evidence" speculation are demonstrably false.  By way of one example, Mr. Heuser, referring to the time period after May 5, 2014 (when this lawsuit was commenced), states: "There is no evidence that Planar retained its own counsel to analyze either patent or conducted any study of either patent on its own."  Gill Decl., Ex. 1 at p. 19 (Report p. 15).  Counsel of record respectfully submits that the docket reports in this case (both in this district and the Eastern District of Texas) plainly show that Planar retained its own counsel to defend this case, which necessarily would include analyzing the patents and studying them, including the counsel listed in the signature block on this motion who appeared in this case well before Mr. Heuser's report was written.

Other speculations of "there is no evidence" can be disproven as well, but doing so would occupy more proof and would not be necessary for purposes of deciding this motion.

Page 5 –  MOTION TO EXCLUDE HEUSER EXPERT REPORT AND TESTIMONY
        **[AUTHORIZED TO BE FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER]**

specialized knowledge" related to the technical field(s) of the asserted patents, under Fed. R. Evid. 702.  Mr. Heuser makes no claims of having knowledge of any of the facts pertinent to this case outside of what he describes as reviewing "a substantial amount of material in order to render this report" and providing a listing of materials reviewed.  Gill Decl., Ex. 1 at pp. 1, 5-6. Rather, he claims to be an experienced attorney.

### E.   Mr. Heuser Speculates About Planar's (and its Supplier Highgrade's) Intent and State of Mind

Mr. Heuser repeatedly engages in speculation as to the intent and state of mind of Planar and its supplier Highgrade Tech. Co. Ltd. ("Highgrade").  For example, Mr. Heuser speculates regarding:

- "the careless attitude that HighGrade had about this infringement" (Gill Decl., Ex. 1 at p. 17);

- "impossible for Planar to know" (*id.*);

- "Planar should have had a heightened concern" (*id.*);

- "Planar was not concerned" (*id.*);

- "… shows how cavalier Planar was and is …" (*id.* at p. 8);

- "Planar … didn't care … didn't care …" (*id.* at p. 20);

- "Planar has or may argue that … caused Planar to form the conclusion … I find this argument to be baseless …" (*id.* at p. 21);

- "… had Planar legitimately believed …" (*id.* at p. 21);

- "None of the facts indicate that Planar formed a good-faith belief …" (*id.* at p. 21).

### F.   Mr. Heuser Provides Conclusions Regarding Infringement, Willful Infringement, and Enhanced Damages

With regard to various issues, Mr. Heuser opines regarding ultimate legal conclusions. On infringement, without any supporting analysis or appropriate technical background, Mr. Heuser concludes, "I concur with [Mass's infringement expert's] evaluation of infringement but will not discuss his analysis or his conclusions …."  Gill Decl., Ex. 1 at p. 1.

Page 6 –   MOTION TO EXCLUDE HEUSER EXPERT REPORT AND TESTIMONY
[AUTHORIZED TO BE FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER]

Regarding willful infringement, Mr. Heuser implicitly opines on willful infringement by stating, "Was Planar's Willful Infringement Sufficiently Egregious to Justify Enhanced Damages?" *Id.* at p. 15.  Later, he opines on both willful infringement and enhanced damages, "It is hard to imagine a case where an opinion … is present but where willful infringement is so clearly present … I will be prepared to testify at trial that Planar's conduct is so egregious as to justify an award of enhanced damages in this case." *Id.* at p. 20.  And finally, he opines, "[T]he present case is a particularly appropriate case for the Court to order substantial enhanced damages." *Id.* at p. 22.

## II.    LEGAL STANDARD

The admissibility of expert testimony is governed by Rules 702 and 403 of the Federal Rules of Evidence.  *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 595 (1993) ("a judge assessing a proffer of expert scientific testimony under Rule 702 should also be mindful of other applicable rules").

"Rule 702 … provides that expert opinion evidence is admissible if: (1) the witness is sufficiently qualified as an expert by knowledge, skill, experience, training, or education; (2) the scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (3) the testimony is based on sufficient facts or data; (4) the testimony is the product of reliable principles and methods; and (5) the expert has reliably applied the relevant principles and methods to the facts of the case." *City of Pomona v. SQM N. Am. Corp.*, 750 F.3d 1036, 1043 (9th Cir. 2014) (citing Fed. R. Evid. 702).[2]

Rule 403 imposes "an important constraint on expert testimony".  *Jinro Am. Inc. v. Secure Investments, Inc.*, 266 F.3d 993, 1005 (9th Cir. 2001), *amended on denial of reh'g*, 272 F.3d 1289 (9th Cir. 2001).  "Rule 403 permits the exclusion of relevant evidence if its probative

---

[2] The decision as to whether to admit expert testimony in a trial is a procedural issue governed by the law of the regional circuit.  *Micro Chem., Inc. v. Lextron, Inc.*, 317 F.3d 1387, 1390-91 (Fed. Cir. 2003).

Page 7 –   MOTION TO EXCLUDE HEUSER EXPERT REPORT AND TESTIMONY
          **[AUTHORIZED TO BE FILED UNDER SEAL PURSUANT TO PROTECTIVE
          ORDER]**

value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." *Daubert*, 509 U.S. at 595 (quotation marks and ellipsis omitted). As the Supreme Court has explained: "Expert evidence can be both powerful and quite misleading because of the difficulty in evaluating it. Because of this risk, the judge in weighing possible prejudice against probative force under Rule 403 exercises more control over experts than lay witnesses." *Id.* (quotation marks, citation, and ellipsis omitted).

The decision to admit or exclude expert opinion testimony is committed to the sound discretion of the trial court. *See*, *e.g.*, *Lust v. Merrell Dow Pharm., Inc.*, 89 F.3d 594, 596–97 (9th Cir. 1996) (applying abuse of discretion standard even though the ruling was dispositive of motion for summary judgment); *Sundance, Inc. v. Del Monte Fabricating, Ltd.*, 550 F.3d 1356, 1360 (Fed. Cir. 2008). This discretion is not unlimited, however.

For example, it is an abuse of discretion for a trial court to allow a "patent law" expert to testify about technical issues unless qualified in the relevant art. *Sundance*, 550 F.3d at 1361; *see also*, *e.g.*, *Chemipal Ltd. v. Slim-Fast Nutritional Foods Int'l*, 350 F.Supp.2d 582, 588 (D. Del. 2004) ("A party can only elicit expert testimony from someone who has specialized knowledge or training sufficient to qualify him or her to opine on an issue within their field of expertise, and the expert's opinion must be confined to that field.") (citations omitted). Admitting such testimony "serves only to cause mischief and confuse the factfinder." *Sundance*, 550 F.3d at 1362 ("Unless a patent lawyer is also a qualified technical expert, his testimony on these kinds of technical issues is improper and thus inadmissible.").

Accordingly. "[w]here an expert witness relies primarily on experience for his or her qualifications, then the expert 'must explain how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts.'" *Century Indem. Co. v. The Marine Grp., LLC*, 2015 WL 5965614, at *2 (D. Or. Oct. 13, 2015) (quoting Fed. R. Evid. 702 advisory committee notes, 2000 Amendment); *see also*, *e.g.*, *LinkCo, Inc. v. Fujitsu Ltd.*, 2002 WL 1585551, at *2 (S.D.N.Y. July 16, 2002)

Page 8 –   MOTION TO EXCLUDE HEUSER EXPERT REPORT AND TESTIMONY
**[AUTHORIZED TO BE FILED UNDER SEAL PURSUANT TO PROTECTIVE
ORDER]**

("Nowhere does [the expert] seek to explain complex technical issues. An expert who does not reveal how he has made use of his extensive qualifications and fails to articulate industry customs or standards for consideration by the jury has failed to establish a basis for his opinion.") (quotation marks, citation, and ellipses omitted).

In general, "an expert cannot testify to a matter of law amounting to a legal conclusion." *United States v. Tamman*, 782 F.3d 543, 552-53 (9th Cir. 2015) (holding that an opinion which "provided only a recitation of facts and the legal conclusion that [defendant] acted in conformity with unidentified SEC rules and regulations and otherwise did not break the law … is not a proper expert opinion"); *Crow Tribe of Indians v. Raciot*, 87 F.3d 1039, 1045 (9th Cir. 1996) ("Expert testimony is not proper for issues of law."); *see also Nieves-Villanueva v. Soto-Rivera*, 133 F.3d 92, 99 (1st Cir. 1997) ("It is black-letter law that it is not for witnesses to instruct the jury as to applicable principles of law, but for the judge.") (quotation marks, citations, and brackets omitted). The Ninth Circuit has explained:

> As a general rule, "testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact." Fed.R.Evid. 704(a). "That said, an expert witness cannot give an opinion as to her *legal conclusion*, i.e., an opinion on an ultimate issue of law. Similarly, instructing the jury as to the applicable law is the distinct and exclusive province of the court." *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004) (internal citations and quotation marks omitted); *see also* Fed.R.Evid. 702 (requiring that expert opinion evidence "assist the trier of fact to understand the evidence or to determine a fact in issue").

*Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1058 (9th Cir. 2008). Thus, courts have excluded expert testimony regarding the legal standard governing the question of willfulness. *See, e.g., Oxford Gene Tech. Ltd. v. Mergen Ltd.*, 345 F.Supp.2d 431, 443 (D. Del. 2004) (holding that plaintiff's expert, an experienced patent attorney, "will not, however, be permitted to testify as to the legal standard for willfulness").

Neither may an expert offer opinion testimony concerning a party's intent, motive, or state of mind. *AstraZeneca LP v. Tap Pharm. Prod., Inc.*, 444 F.Supp.2d 278, 293 (D. Del.

Page 9 –    MOTION TO EXCLUDE HEUSER EXPERT REPORT AND TESTIMONY
            **[AUTHORIZED TO BE FILED UNDER SEAL PURSUANT TO PROTECTIVE
            ORDER]**

2006) ("Expert witnesses are not permitted to testify regarding intent, motive, or state of mind, or evidence by which such state of mind may be inferred.") (quotation marks, citation, and ellipsis omitted); *First Am. Title Ins. Co. v. Nw. Title Ins. Agency, LLC*, 2016 WL 6471212, at *3 (D. Utah Nov. 1, 2016) (same); *Oxford Gene Tech.*, 345 F.Supp.2d at 443 (same); *XY, LLC v. Trans Ova Genetics*, 2016 WL 97788, at *5 (D. Colo. Jan. 8, 2016) ("Nor may [the expert] opine that Trans Ova was aware, or should have been aware, of anything; he is not qualified to testify to Trans Ova's knowledge or intent, and would invade the jury's role in making that determination."); *The Medicines Co. v. Mylan Inc.*, 2014 WL 1758135, at *5 (N.D. Ill. May 2, 2014) ("Patent experts may not testify that they know the patentee's intent … because they are not mind-readers.") (quotation marks and citation omitted)

"Moreover, testimony of an expert that constitutes mere personal belief as to the weight of the evidence invades the province of the jury." *Indiana Ins. Co. v. Gen. Elec. Co.*, 326 F.Supp.2d 844, 847 (N.D. Ohio 2004); *Chemipal Ltd.*, 350 F.Supp.2d at 588 (same). And "[e]xpert testimony may not be used merely to repeat or summarize what the jury independently has the ability to understand." *SEC v. Lipson*, 46 F.Supp.2d 758, 763 (N.D. Ill. 1998); *see also Lord Abbett Mun. Income Fund, Inc. v. Asami*, 2014 WL 3417941, at *13 n.8 (N.D. Cal. July 11, 2014) (excluding opinion "based upon [the expert]'s interpretation of the evidence" where "[the expert]'s opinion merely summarize[d] the record evidence and gratuitously interpret[ed] it").

## III.    ARGUMENT

### A.    Mr. Heuser Should be Precluded From Testifying, Because He Does Not State or Establish How His "Expert" Status Informs His Opinions

Because Mr. Heuser's report does not reveal or establish any manner in which he makes use of his extensive claimed experience, the report  fails to establish a basis for his opinion and should be stricken.  An expert must use his specialized knowledge to explain the complex issues, articulate industry customs or standards, and establish a basis for his opinion.

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

Mr. Heuser recites his experience on pages 1-4 of his report. Gill Decl., Ex. 1 at pp. 1-4. He does not, however, explain how this alleged experience informs his analysis. Mr. Heuser does not state any expectations that one in the legal field would have about conduct or content of non-infringement opinions. He does not articulate any legal industry customs or standards against which the jury can consider the evidence. And he does not establish a foundation/basis for his opinions. Rather, he states his opinions without any such support.

By way of example, Planar notes the following three exemplary issues where this is readily apparent:

First, Mr. Heuser's facially deficient analysis of the purported problems with Mr. Trop's non-infringement opinion does not establish that Mr. Heuser is even aware of, let alone that he knows how to apply, the standard two-step process for determining patent infringement[3] or any of the other tests that may come into play around opinion competence. Rather, Mr. Heuser criticizes the non-infringement opinion without any context for the relevant legal standards, or industry standards that might guide a jury in assessing competence of either Mr. Trop's non-infringement opinion or Mr. Heuser's critical opinion. *See* Gill Decl., Ex. 1 at pp. 11-13.

Second, Mr. Heuser's facially deficient analysis of Planar's recent hypothetical re-designs of the accused products fails to establish that Mr. Heuser is even aware of the relevance of hypothetical design-arounds in patent infringement matters or the manner in which such hypothetical design-arounds are analyzed. *See* Gill Decl., Ex. 1 at pp. 22. Mr. Heuser does not set forth the relevant legal tests or industry standards regarding such re-designs. In fact, to Planar's knowledge, hypothetical re-designs are relevant to the reasonable royalty damages inquiry,[4] but not to the willful infringement analysis. And it is not possible to know why or how

---

[3] *See Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 384 (1996) ("The two elements of a simple patent case [are] construing the patent and determining whether infringement occurred ….").

[4] *See, e.g., Zygo Corp. v. Wyko Corp.*, 79 F.3d 1563, 1571-72 (Fed. Cir. 1996) ("Wyko would have been in a stronger position to negotiate for a lower royalty rate knowing it had a competitive noninfringing device 'in the wings.' On remand, the court shall reconsider its

Page 11 – MOTION TO EXCLUDE HEUSER EXPERT REPORT AND TESTIMONY
          **[AUTHORIZED TO BE FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER]**

Mr. Heuser believes such hypothetical re- designs are relevant, because he does not set forth the relevant legal test, identify how he applied his expertise, or make any analysis of industry customs or standards that might guide a jury, the Court, or opposing counsel.

Third, Mr. Heuser's facially deficient analysis of the effects of dismissal of Mass's prior lawsuit fails to establish the legal tests or principles on which one should rely, or whether Mr. Heuser even took such tests into account in his analysis. *See* Gill Decl., Ex. 1 at p. 21. Mr. Heuser opines that "I find this argument to be baseless," but does not establish what knowledge he applies, what industry standard or custom he relies upon, or how his purported expertise informs his analysis in a way that allows the jury to meaningfully consider his analysis and whether to treat his analysis as credible.

These three examples are just that—examples of a problem that occurs throughout Mr. Heuser's report. The entire report is deficient for failing to (i) explain how his credentials inform his analysis, (ii) set forth the industry customs or standards, and (iii) provide a basis against which his opinions may be measured.

For these reasons, Mr. Heuser's report should be stricken and his testimony precluded.

## B.    Mr. Heuser Should be Precluded From Testifying as to the Legal Standards for Willful Infringement

Mr. Heuser's report includes no less than 14 pages that include statements purporting to explain the law of willful infringement, many of which go beyond explaining the bases of how he arrived at his opinions and provide general testimony interpreting patent law. *See supra*, Section I; *see also* Gill Decl., Ex. 1 at pp. 6-10, 16 and 20-22.

Courts allow an expert to "testify regarding the legal standards upon which she relies for her opinions" and "[cite] to statutes, legal definitions, and cases … when a legal expert is explaining the bases of how she arrived at her opinions." *The Medicines Co. v. Mylan Inc.*, 2014

---

award of a 25% royalty rate in light of Wyko's ability to market the noninfringing [alternative].").

Page 12 – MOTION TO EXCLUDE HEUSER EXPERT REPORT AND TESTIMONY
**[AUTHORIZED TO BE FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER]**

WL 1758135, at *6 (N.D. Ill. May 2, 2014).  However, it is the Court's function—and not Mr. Heuser's—to determine the applicable law and legal standards and to interpret those standards. The Ninth Circuit has further ruled that "there may be 'instances in rare, highly complex and technical matters…'" such as a bench trial inquiring into "law and policy," in which it is not reversible error to allow expert testimony on federal law.  *Flores v. Arizona*, 516 F.3d 1140, 1166 (9th Cir. 2008).  However, where the subject matter is "matters of law for the court's determination," such subjects are "inappropriate subjects for expert testimony."  *Aguilar v. International Longshoremen's Union*, 966 F. 2d 443, 447 (9th Cir. 1992); *McHugh v. United Service Automobile Ass'n*, 164 F.3d 451, 454 (9th Cir. 1999) ("[Experts'] testimony cannot be used to provide legal meaning or interpret the policies as written."). "In general … an expert cannot testify to a matter of law amounting to a legal conclusion."  *Tamman*, 782 F.3d at 552-553.

Applied to Mr. Heuser's testimony, it is apparent that Mr. Heuser is not identifying legal standards and citing cases, but rather providing his opinions interpreting the law.  His statements that "[a case] at least clarified and arguable changed [the law]," "district courts are allowed to punish," "[a case] provides another helpful guide," "[a case] is still good law and provides a guide," and the many others listed in Section I, *supra*, are not identification of standards set forth in cases, but are prohibited opinions regarding the state of the law.

Mr. Heuser's opinions interpreting the law are particularly unreliable and objectionable because Mr. Heuser (i) fails to adhere to his own standard, *i.e.*, that "[t]he legal test to be applied to determine whether a patent infringement has been willful **begins and ends** with *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, and its companion case *Stryker Corp. v. Zimmer, Inc*" (Gill Decl., Ex. 1 at p. 6 (emphasis added)); (ii) invokes outdated caselaw to support an outdated thesis asserting an affirmative "responsibility … to investigate the merits of infringement and/or validity" (*id*. at p. 21); and (iii) disregards entirely the statutory evidentiary restriction set forth in 35 U.S.C. § 298, which directly undermines that thesis.

Page 13 – MOTION TO EXCLUDE HEUSER EXPERT REPORT AND TESTIMONY
 **[AUTHORIZED TO BE FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER]**

As such, Mr. Heuser should be precluded from testifying regarding legal standards.

### C.    Mr. Heuser Should be Precluded From Testifying About Facts Regarding Lay Matters and Setting Forth the Factual Record

Because Mr. Heuser is not a lay witness and does not have scientific, technical, or other specialized knowledge related to the asserted patents, he should be precluded from testifying about the factual record and facts regarding lay matters.

Rule 602 requires that a lay witness have "personal knowledge of the matter," which Mr. Heuser does not claim to have.  Rule 702 requires that an expert witness bring "scientific, technical, or other specialized knowledge [that] will help the trier of fact to understand the evidence or to determine a fact in issue," which Mr. Heuser does not claim to have (outside of his legal knowledge).

"[T]he expert's opinion must be confined to [the] field [in which the expert has expertise]. Moreover, testimony of an expert that constitutes mere personal belief as to the weight of the evidence invades the province of the fact-finder." *Chemipal Ltd.*, 350 F.Supp.2d at 588. "Expert testimony may not be used merely to repeat or summarize what the jury independently has the ability to understand." *SEC v. Lipson*, 46 F. Supp. 2d 758, 763 (N.D. Ill. 1998).

Mr. Heuser makes no claims of having knowledge of any of the facts pertinent to this case outside of what he describes as reviewing "a substantial amount of material in order to render this report" and providing a listing of materials reviewed.  Gill Decl., Ex. 1 at pp. 1, 5-6. Accordingly, Mr. Heuser should be precluded from testifying to establish, repeat, or summarize the purported "facts" that he identifies in his report.  *See, e.g.*, *Amco Ukrservice & Prompriladamco v. Am. Meter Co.*, 2005 WL 1541029, at *5 (E.D. Pa. June 29, 2005) (precluding expert "merely from summarizing facts, documents, or others' depositions"); *In re Rezulin Prod. Liab. Litig.*, 309 F. Supp. 2d 531, 554 (S.D.N.Y. 2004) ("It is for counsel to make the arguments … and not for an expert to testify as to whether the company did or did not do

Page 14 – MOTION TO EXCLUDE HEUSER EXPERT REPORT AND TESTIMONY
**[AUTHORIZED TO BE FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER]**

something.");[5] *LinkCo*, 2002 WL 1585551, at *2 (precluding expert testimony consisting of "arguments and conclusory statements about questions of fact masquerading behind a veneer of technical language").

### D.    Mr. Heuser Should Be Precluded From Testifying About Planar's Intent and State of Mind

Mr. Heuser should not be permitted to speculate regarding Planar's (or Planar's supplier Highgrade's) intent or state of mind.  "Expert witnesses are not permitted to testify regarding intent, motive, or state of mind, or evidence by which such state of mind may be inferred." *AstraZeneca*, 444 F.Supp.2d at 293 (quotation marks, citation, and ellipsis omitted); *see also*, *e.g.*, *First Am. Title Ins.*, 2016 WL 6471212, at *3 (same); *XY, LLC*, 2016 WL 97788, at *5 ("Nor may [the expert] opine that Trans Ova was aware, or should have been aware, of anything; he is not qualified to testify to Trans Ova's knowledge or intent, and would invade the jury's role in making that determination."); *The Medicines Co.*, 2014 WL 1758135 at *5 ("Patent experts may not testify that they know the patentee's intent … because they are not mind-readers.") (quotation marks and citation omitted).

In this case, as noted in Section I, *supra*, Mr. Heuser attempts to opine about Highgrade's "attitude," Planar's "concern" or lack thereof, Planar's "cavalier" attitude, Planar's "conclusion," Planar's "belie[fs]," and whether Planar "formed a good-faith belief."

Mr. Heuser is not a mind reader, and such testimony should not be permitted.

---

[5] The *In re Rezulin* opinion more fully explains: "It is for counsel to make the arguments about the significance of Warner-Lambert's conduct or omissions with respect to its researchers and not for an expert to testify as to whether the company did or did not do something. Furthermore, Dr. Smith's statements as to the intent or motives that underlay that same—as yet undetermined—conduct are improper musings as to the defendants' motivations.  Finally, an expert who, like Dr. Smith, lacks personal knowledge may only testify about the underlying facts if he is actually bringing to bear his scientific expertise.  Dr. Smith has no first-hand knowledge of the circumstances underlying his charge of data-suppression but brings no scientific or other technical expertise to bear on his testimony."  309 F.Supp.2d at 554 (quotation marks, citations, and brackets omitted).

Page 15 – MOTION TO EXCLUDE HEUSER EXPERT REPORT AND TESTIMONY
       **[AUTHORIZED TO BE FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER]**

**E.** **Mr. Heuser Should Be Precluded From Testifying That Planar Infringed Patents, That Planar Committed Willful Infringement, and That Enhanced Damages Are Justified**

Mr. Heuser should not be permitted to testify regarding ultimate legal conclusions, such as infringement, willful infringement, and enhanced damages. "[A]n expert cannot testify to a matter of law amounting to a legal conclusion." *Tamman*, 782 F.3d at 552-553; *Nationwide Transp. Fin.*, 523 F.3d at 1058 ("[A]n expert witness cannot give an opinion as to her legal conclusion, *i.e.*, an opinion on an ultimate issue of law."). The Federal Rules of Evidence do not permit expert testimony as to legal conclusions. *Lannett Co. Inc. v. KV Pharm., Drugtech Corp.*, 2009 WL 10657988, at *5 (D. Del. Mar. 9, 2009) (striking expert report and testimony where legal conclusion was offered because the "report usurps the role of the [fact finder] and should not be permitted," and noting that the report "is not an attempt to assist the Court in understanding the facts … but rather is a platform … to offer testimony on the ultimate legal issue in the case."). The same holds true with respect to the issue of willful infringement. *See XY, LLC*, 2016 WL 97788 at *5 ("[The expert] may not testify to legal conclusions, and thus may not opine as to the objectively high risk of infringement.").

Thus, Mr. Heuser's opinions regarding ultimate legal conclusions should be stricken and his testimony precluded.

**F.** **Mr. Heuser Should Be Precluded From Testifying About Whether Planar "Failed" to Obtain the Advice of Counsel**

Mr. Heuser should be precluded from offering any of his extensive opinions about whether Planar obtained an opinion of counsel in support of Mass's affirmative case on willful infringement (and completely precluded from offering such opinions unless Planar introduces an opinion of counsel during trial). Such testimony is prohibited by statute, which provides:

> The failure of an infringer to obtain the advice of counsel with respect to any allegedly infringed patent, or the failure of the infringer to present such advice to the court or jury, may not be used to prove that the accused infringer willfully infringed the patent or that the infringer intended to induce infringement of the patent.

Page 16 – MOTION TO EXCLUDE HEUSER EXPERT REPORT AND TESTIMONY
    **[AUTHORIZED TO BE FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER]**

35 U.S.C. §298.  This section controls the scope of Mr. Heuser's testimony here, because this case was filed in 2014, and section 298 applies to any civil action "commenced on or after January 14, 2013 regardless of when the patents-in-suit were issued."  *Carson Optical*, 202 F.Supp.3d at 260.

Rather than presenting facts suggesting an actual basis for a willful infringement claim, Mr. Heuser extensively and impermissibly offers opinions about whether Planar allegedly failed "to obtain the advice of counsel with respect to [the] allegedly infringed patent[s]" in the form of an opinion letter.  At pages 7-8 of his report, Mr. Heuser opines regarding the *I-Flow* and *SRI* opinions, both pre-§298 cases that refer to whether and/or what type of opinion letter was obtained.  *See* Gill Decl., Ex. 1 at pp. 11-12.  At pages 9-10 of his report, opining on the pre-§298 *Read* and *W.R. Grace* cases, Mr. Heuser offers entire sections titled "What constitutes competent advice of counsel?" and "Can an oral opinion constitute competent advice of counsel?" in another attempt to violate §298.  *See* Gill Decl., Ex. 1 at pp. 13-14.  At page 11 (in a section titled, "Facts That Are Pertinent to Willful Infringement"), Mr. Heuser includes paragraphs at the top and bottom of the page, referring to obtaining the advice of counsel.  *See* Gill Decl., Ex. 1 at p. 15.  Mr. Heuser's opinion regarding whether Planar obtained advice of counsel continues for the entirety of pages 12 and 13, and portions of page 14, of his report.  *See* Gill Decl., Ex. 1 at pp. 16-18.  This prohibited testimony/opinion constitutes the vast majority of what Mr. Heuser calls "Pertinent" facts.  Yet, §298 prohibits using such allegations in any way to prove willful infringement.

Mr. Heuser's impermissible reliance on whether "advice of counsel" was obtained continues into his "Analysis" section.  On pages 15 and 16 of his report, Mr. Heuser refers to an "opinion" (*i.e.*, advice of counsel) in every paragraph.  *See* Gill Decl., Ex. 1 at pp. 19-20.  On page 17, he refers to an "opinion" explicitly in the first two paragraphs and draws conclusions about it in the other two paragraphs.  *See* Gill Decl., Ex. 1 at p. 21.  On page 18, the paragraph of analysis focuses on whether Planar "investigate[d] patent infringement" (*i.e.*, obtained advice of

Page 17 – MOTION TO EXCLUDE HEUSER EXPERT REPORT AND TESTIMONY
         **[AUTHORIZED TO BE FILED UNDER SEAL PURSUANT TO PROTECTIVE
         ORDER]**

counsel).  *See* Gill Decl., Ex. 1 at p. 22.  After reciting some deposition testimony, Mr. Heuser again refers, on page 20 of his report, to his presumptions about the competence of counsel's advice (*e.g.*, "The presumptive reason … prior counsel was deemed insufficient.") and offers further opinions based on whether Planar failed to obtain advice of counsel, opining that "Planar … didn't care to demand the written opinion [of counsel] …, didn't care to engage its own counsel to study the patent, …."  Gill Decl., Ex. 1 at p. 24.

Mr. Heuser's prohibited attempt to rely on the alleged "failure" to obtain "advice of counsel" continues into his conclusions on pages 20-21 of his report.  The first factor in this conclusion, as listed by Mr. Heuser, is "whether the infringer, when he knew of the other's patent protection, investigated the scope of the patent and formed a good-faith belief that it was invalid or that it was not infringed."  Gill Decl., Ex. 1 at pp. 24-25.  To the extent that "advice of counsel" is implicated, this entire factor is prohibited and abrogated by §298, yet Mr. Heuser relates the entirety of his analysis to the factor, stating: "As to the first *Read* factor, the foregoing analysis indicates … that Planar did not investigate the scope of the patent."  Gill Decl., Ex. 1 at p. 25.  Later on the same page, Mr. Heuser again opines: "The foregoing analysis … indicates that Planar did not investigate the scope of the '331 patent …" (*i.e.*, obtain advice of counsel). Gill Decl., Ex. 1 at p. 25.  Pursuant to 35 U.S.C. §298, this testimony is not permitted in lawsuits filed after 2013, such as this case.

As can be seen, Mr. Heuser's report is almost entirely based on the alleged "failure of an infringer to obtain the advice of counsel with respect to any allegedly infringed patent," (35 U.S.C. §298) but such information "may not be used to prove that the accused infringer willfully infringed the patent or that the infringer intended to induce infringement of the patent."  *Id.*  This analysis and these opinions must be stricken / precluded.

(Notably, without this impermissible testimony, Mass's fabricated willful infringement claim withers away.  Mass's fabricated willful infringement claim is the subject of a co-pending summary judgment motion filed concurrently with this motion.)

Page 18 – MOTION TO EXCLUDE HEUSER EXPERT REPORT AND TESTIMONY
        **[AUTHORIZED TO BE FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER]**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

**IV.    Conclusion**

Mass proffers Mr. Heuser as an expert to provide testimony and opinions regarding matters on which Mr. Heuser should not be permitted to testify or opine, and Mass and Mr. Heuser have failed to establish how Mr. Heuser's "expertise" contributes.  Additionally, Mr. Heuser offers extensive testimony and opinion regarding whether Planar failed to obtain the advice of counsel, about which he is not permitted to testify.  Accordingly, Mr. Heuser's testimony and report should be excluded pursuant to Rules 702 and 403 of the Federal Rules of Evidence and 35 U.S.C. §298.

DATED this 18th day of April, 2017.

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.

By: s/Jacob S. Gill
    **Jacob S. Gill,** OSB No. 033238

209 SW Oak Street, Suite 500
Portland, OR 97204
Telephone:      (503) 227-1600
Facsimile:      (503) 227-6840
Email:              jgill@stollberne.com

-And-

**Jenny W. Chen** (admitted *pro hac vice*)
Email: Jenny.Chen@ChenIPLaw.com
CHEN IP LAW GROUP
7F, N0. 1, Alley 30, Lane 358
Rueiguang Road
Neihu District, Taipei City  114
Taiwan (R.O.C.)
Telephone:  +(886)-2-7721-8855
Facsimile:    +(886)-2.-7721-8822

-And-

**Andrew T. Oliver**  (admitted *pro hac vice*)
Email: aoliver@ATWiplaw.com
AMIN, TUROCY & WATSON, LLP
160 West Santa Clara Street, Suite 975
San Jose, California 95113
Telephone: (650) 618-6481
Facsimile:  (216) 696-8731

**Attorneys for Defendant Planar Systems, Inc.**

Page 19 – MOTION TO EXCLUDE HEUSER EXPERT REPORT AND TESTIMONY
        **[AUTHORIZED TO BE FILED UNDER SEAL PURSUANT TO PROTECTIVE
        ORDER]**