Jacob S. Gill, OSB No. 033238
jgill@stollberne.com
STOLL BERNE
209 S.W. Oak Street
Suite 500
Portland, Oregon 97204
Tel.: (503) 227-1600
Fax.: (503) 227-6840

Jenny W. Chen (admitted *pro hac vice*)
Jenny.Chen@ChenIPLaw.com
CHEN IP LAW GROUP
7F, N0. 1, Alley 30, Lane 358, Rueiguang Road
Neihu District
Taipei, Taiwan 114
Tel.: +886.2.7721.8855
Fax: +886.2.7721.8822

Andrew T. Oliver (admitted *pro hac vice*)
aoliver@ATWiplaw.com
AMIN, TUROCY & WATSON LLP
160 W. Santa Clara Street
Suite 975
San Jose, CA  95113
Tel:  (650) 618-6477

Attorneys for Defendant Planar Systems, Inc.

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **MASS ENGINEERED DESIGN, INC.**, | Case No. 3:16-cv-01510-SI |
| Plaintiff, | PLANAR SYSTEMS, INC.'S OPPOSITION TO MOTION TO STRIKE INEQUITABLE CONDUCT COUNTERCLAIM (ECF NO. 351) |
| v. | |
| **PLANAR SYSTEMS, INC.**, | |
| Defendant. | |

# Contents

I. Introduction ..................................................................................................................3

II. Argument ....................................................................................................................3

    A. Mass's Motion to Strike is Without Any Stated Legal Basis ........................5

        1. Fed R. Civ. P. 12(b) ............................................................................5

        2. Fed. R. Civ. P. 12(e) ...........................................................................5

        3. Fed. R. Civ. P. 12(f) ............................................................................6

        4. Fed. R. Civ. P. 12(c) ...........................................................................6

        5. Fed. R. Civ. P. 56 ................................................................................6

        6. Other Authority ...................................................................................7

    B. Even if There is a Legal Basis for Mass's Motion, the Motion Should Be Denied as it is Without Factual Basis .............................7

        1. Corrections to Statement of Facts .......................................................7

        2. Mass Has Already Challenged and This Court Has Already Determined That Planar Met the Pleading Standards for Pleading a Counterclaim of Inequitable Conduct .......................................................................10

        3. Mass's Complaint About Timeliness of the Counterclaim Lack Merit ..................................................................13

        4. Mass's Complaints About Insufficient Discovery Lack Merit ..............................................................................................14

    C. Planar's Pleadings Are More Than Adequate to Support Its Positions, but if the Court Were to Determine Otherwise, it is Proper to Allow Planar to Permit the Pleadings to be Amended Under Rule 15(b)(1) .......................................................16

III. Conclusion ................................................................................................................17

**I.    Introduction**

Planar Systems, Inc. ("Planar") hereby opposes "Mass's Motion to Strike and Exclude Portions of Planar's Trial Brief and Proposed Findings of Fact and Conclusions of Law Which Contain Inequtable [sic] Conduct Theories and Allegations Regarding the '331 Patent Which Are (1) Not Plead in Planar's Answer and Counterclaims; and (2) Violative of, and Precluded By, This Court's Correct Ruling That The '103 Patent Priority Chain is Not Prior Art to the '331 Patent," ECF No. 351 (the "Motion").

**II.    Argument**

Initially, Planar notes that Mass neither met-and-conferred nor presented a brief that states the authority for granting its Motion. Planar has attempted to discern such authority, but notes that the Motion can be dismissed for either the failure to meet or the failure to provide authority upon which the motion should be granted.

Moving beyond Mass's failure to show why the Motion should be granted, Mass's substantive arguments lack substance. Planar fully, adequately, and timely pled inequitable conduct with respect to the '331 patent. Even though Planar's inequitable conduct pleading did not mention 35 U.S.C. §102 – and it was not required to mention §102 – Mass understood (and every defendant would understand) from the pleading that multiple subsections of section 102 are implicated by the pleading. This is demonstrated by at least two Mass filings *both filed before the alleged "new" theories were set forth in Planar's trial brief*. It is unclear how Mass could have identified new or undisclosed theories and briefed them in two filings prior, unless Mass was able to understand the theories from Planar's answer and counterclaims. For example, Mass's motion to exclude Dr. Yee's testimony recognizes that §102 is at issue and makes factual (not procedural) arguments about sections 102(a), 102(b), 102(c), 102(d), 102(f), and 102(g), *before* Planar's trial brief was filed or mentioned any of those sections. ECF No. 333 p. 5. This is because Mass understood from the pleading that those sections

were implicated and included in Planar's inequitable conduct counterclaim, in particular, they were included in the pleadings showing that the '742 application was "material." In the post-*Therasense* analysis, pleading that withheld evidence was "material" is an unquestionable indication that 35 U.S.C. §102 is at issue.[1] Thus, pleading the materiality prong of inequitable conduct put Mass on notice that section 102 was at issue. This is further confirmed by Mass's trial brief, which was filed *before* Planar's trial brief. Mass's brief recognizes that section 102 is implicated and makes further arguments about sections 102(a), 102(b), 102(e), and 102(g). ECF No. 340 p. 26. Mass's understanding of this prior to Planar's briefing shows that Mass's arguments in this Motion are meritless and fabricated as an attempted procedural "gotcha" on the eve of trial.

Rather, the pleadings show and the evidence at trial will demonstrate that Mr. Moscovitch and those working with him withheld material evidence from the patent examiner with intent to deceive, as was more than adequately pled in the counterclaim.

Additionally, it is worth noting that this Court's order regarding prior art (on which Mass relies heavily) was directed to presentation of the <u>invalidity</u> defense to the jury and did not consider either Planar's inequitable conduct pleadings or its evidence of <u>inequitable conduct</u> to be presented in the bench trial. The inequitable conduct defense and counterclaim have different requirements, different burdens, and different elements of proof than do invalidity counterclaims. (*See, e.g.,* footnote 1). And contrary to Mass's suggestions, Planar's inequitable conduct counterclaim and defense does not suggest that the '103 patent is prior art or rely upon the '103 patent as prior art. Rather, Planar's position is (and has been) that the '742 application should have been disclosed to the patent examiner as direct evidence of various categories of material and non-cumulative prior art

---

[1] *Therasense, Inc. v. Becton, Dickinson and Co.*, 649 F.3d 1276, 1291-92 (Fed. Cir. 2011) (*en banc*) ("[I]n assessing the materiality of a withheld reference, the court must determine whether the PTO would have allowed the claim if it had been aware of the undisclosed reference. In making this patentability determination, the court should apply the preponderance of the evidence standard and give claims their broadest reasonable construction.").

that was invented by others prior to Mr. Moscovitch's alleged invention of the '331 patent claims. It is also direct evidence that the '742 application and the prior art evidenced by it supplied the exact features and structures that both Mr. Moscovitch and the patent examiner stated were missing from the prior art of record.

Mass' Motion is without merit and should be denied.

### A. Mass's Motion to Strike is Without Any Stated Legal Basis

Mass's Motion should be denied outright, as it does not identify any provision under which portions of the trial brief, findings of fact, or conclusions of law may be stricken. Nor did Mass meet and confer (or offer to meet and confer) before filing the Motion. Had Mass done so, Planar would have inquired into the basis for the Motion. Thus, absent the meeting, Planar is left guessing at the basis for Mass's Motion and the proper legal standards to employ. Accordingly, Planar will set forth some potential bases for the Motion below and explain why the Motion does not meet those legal standards.

Planar also notes that the motion lacks a Local Rule 7-1 (a) certification. As noted above, Mass did not even request a meet-and-confer before filing the Motion. Thus, under Local Rule 7-1(a)(3), the Court may deny the Motion on that basis.

#### 1. Fed R. Civ. P. 12(b)

It is possible that this is a motion under Rule 12(b)(6), for failure to state a claim. However, the time for a Rule 12(b)(6) motion is before the responsive pleading is due. Mass's answer to the counterclaims of inequitable conduct was filed in April 2017. (*See* ECF No. 84). Thus, the time to file a Rule 12(b)(6) motion passed more than one year ago.

#### 2. Fed. R. Civ. P. 12(e)

If this is a motion for a more definite statement, such motion "must be made before filing a responsive pleading…" Fed. R. Civ. P. 12(e). As noted above, Mass filed its responsive pleading in

April 2017.  (ECF No. 84).  Thus, a Rule 12(e) motion is untimely.

### 3. Fed. R. Civ. P. 12(f)

Based upon the title, it appears likely that the Motion is an untimely motion to strike under Rule 12(f).  However, such motions do not relate to counterclaims (as is being asserted here), but to "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  Thus, Mass's motion under Rule 12(f) must be denied insofar as it relates to Planar's counterclaim of inequitable conduct.  Additionally, Rule 12(f)(2) requires such a motion to be "made by a party either before responding to the pleading or … within 21 days after being served…"  The counterclaims were filed in March 2017 (ECF No. 81), and the answer was filed in April 2017 (ECF No. 84).  Thus, both deadlines have passed.

If this is a Rule 12(f) motion, it should be denied.

### 4. Fed. R. Civ. P. 12(c)

A motion for judgment on the pleadings under Rule 12(c) may be brought at any time before trial, so long as it is "early enough not to delay trial."  Fed. R. Civ. P. 12(c).  Yet Mass did not request judgment.  Additionally, as is briefed more fully in Planar's motion for judgment on the pleadings (ECF No. 61), the Ninth Circuit applies the Rule 12(b)(6) standards.  ECF No. 61 p. 8.  And the Court must accept as true the material facts alleged in the complaint.  *Id.* (citing *Hospital Building Co. v. Trustees of Rex Hospital*, 425 U.S. 738, 740 (1976)).  In its Motion, however, Mass does not attack the sufficiency of the pleadings, but rather argues as to the relationship between the pleadings and the trial brief.  This does not provide grounds to dismiss under Rule 12(c).

If this is a Rule 12(c) motion, it should be denied.

### 5. Fed. R. Civ. P. 56

It is possible that Mass is moving under Rule 56 for summary judgment.  The Court set April 18, 2017 as the deadline for summary judgment motions.  ECF No. 77.  And Mass has not

requested a modification of the summary judgment schedule.

If this is a Rule 56 motion, it should be denied as untimely.

### 6. Other Authority

Planar is not aware of other authority on which Mass's Motion to strike may be based. If it is based on other authority, Planar requests an opportunity to properly respond to such authority after being informed of the authority. However, as almost every hour of Planar's lead counsel's time between now and the beginning of trial on July 9 is accounted for with pretrial preparation, Planar requests that any such briefing be deferred until after trial is completed.

### B. Even if There is a Legal Basis for Mass's Motion, the Motion Should Be Denied as it is Without Factual Basis

Even if authority exists on which Mass's Motion can be brought, Planar's counterclaim regarding inequitable conduct with respect to the '331 patent is pled more than sufficiently. Mass recognized this in both its earlier motion to exclude and its trial brief, by discussing the various potentially relevant subsections of 35 U.S.C. §102 in both briefs. *See, e.g.,* ECF No. 333 p. 5, ECF No. 340 p. 26. And Mass's arguments regarding this Court's order excluding invalidity arguments related to the '103 patent have no bearing on the inequitable conduct counterclaim. (In fact, the '103 patent could not have been withheld from the patent examiner, because the '103 patent did not even issue until after the '331 patent issued.)

Before discussing the merits, Planar wishes to correct some misstatements of alleged "Facts" by Mass.

### 1. Corrections to Statement of Facts

Planar notes at least the following inaccurate statements in Mass's purported statement of facts at Motion pp. 5-7. Due to the compressed schedule for briefing this response, Planar has not had the opportunity to fully investigate the statement of facts and does not adopt that statement of facts by remaining silent as to any unmentioned "fact."

Mass incorrectly argues that Planar's inequitable conduct allegations "related only to the non-citation of certain material evidence. Motion p. 6. This is incorrect, as the allegations spanned paragraphs 46 to 122 and incorporated other paragraphs by reference. ECF No. 81 at ¶¶46-122. The allegations were explicit as to both the intent and materiality prongs.

Mass incorrectly argues that Dr. Yee's expert report included inequitable conduct allegations "limited solely to non-citation of the '742 US provisional application as prior art." Motion p. 6. This is an incorrect characterization, as Dr. Yee's analysis does not refer to the '742 application as prior art, but rather considers whether it discloses elements that are missing from the prior art that was cited to the patent examiner during prosecution of the '331 patent. ECF No. 333-2 at ¶¶ 176-201, 205. Dr. Yee also provided much additional analysis regarding the field of art, scope of the prior art, understanding of persons of ordinary skill in the art, and other information that supports his opinions. *See generally* ECF No. 333-2. Much of this information may also be relevant to the inequitable conduct inquiry.

Mass overstates the scope of the Court's order regarding the '103 patent. Motion p. 7. This is discussed in more detail in ECF No. 359, filed June 30, 2018. Initially, though, Planar notes that this Court's order with respect to the '103 patent and section 102(g) related to potential presentation of invalidity evidence to the jury, not to presentation of inequitable conduct evidence (ECF No. 303 p. 7); and because Planar knew that inequitable conduct was not being tried to the jury, it did not argue its inequitable conduct positions during the jury trial. (*See* ECF No. 73 (ordering that inequitable conduct issues will be resolved "after the jury has resolved all matters properly submitted to the jury."). The, the ruling in ECF No. 303 did not relate to the status of the '742 application in the inequitable conduct defense.

Similarly, Mass misstates the Court's ruling regarding section 102(a), arguing, "This Court also held that the '103 patent … was not prior art under §102(a)…" Motion p. 7. This is not the

ruling. Rather, the Court actually ruled "that inventor's knowledge alone would not meet the [publicly known] requirement of section 102(a)." ECF No. 303 p. 7. In the inequitable conduct trial, Planar will present evidence that the invention was publicly known by others beyond the inventors. And, again, when the prior order was issued, it was directed to Planar's invalidity evidence, not its inequitable conduct pleading or evidence. Inequitable conduct was not at issue in the prior trial.

Finally, Mass asserts that Planar is asserting certain inequitable conduct theories for the first time. Motion p. 7. This is not accurate. Planar adequately pled its counterclaim. *See* ECF No. 81 at ¶¶46-122. Mass recognized that defense and that it implicated 35 U.S.C. §102. *See supra* analysis of Mass's trial brief and motion to exclude. And inequitable conduct relates to intentional withholding of material evidence, regardless of whether that evidence is prior art or direct evidence of the existence of prior art.

Mass's lack of veracity regarding the Court's order and Mass's alleged lack of understanding of the inequitable conduct pleading are not surprising. Mass completely flip-flopped regarding at least one item cited that counterclaim. Specifically, when Mass was arguing to exclude Planar's inequitable conduct counterclaim, Mass stated:

> [A]ny examiner knows that under 35 U.S.C. §102(e) the '493 Publication is prior art back to its earliest filing date in 1998 via the '742 Provisional Application.

ECF No. 58 p. 28. Yet when it suited Mass better at trial, Mass argued the opposite:

> [T]he '493 PCT Application would be prior art, if at all, only after July 6, 2000 under §102(a) and (b), but would not be prior art under §102(e).

ECF No. 173 p. 18. Mass has not explained how the same reference can both (a) be prior art when it helps Mass overcome inequitable conduct and (b) not be prior art when it helps Mass overcome invalidity. Yet, this is the type of position that Mass consistently takes when faced with a defense. Mass's alleged facts (and Mass's claim that it does not understand the inequitable conduct pleading)

should be disregarded in favor of seeking what actually happened.

### 2. Mass Has Already Challenged and This Court Has Already Determined That Planar Met the Pleading Standards for Pleading a Counterclaim of Inequitable Conduct

Planar set forth its inequitable conduct counterclaim in paragraphs 46 – 122 of its amended answer.  ECF No. 81 at ¶¶46 – 122.  Mass opposed the entry of this answer, arguing, "Planar's proposed counterclaims related to the '331 patent (fourth counterclaim) are not adequately pled and are futile."  ECF No. 58 at p. 27 et seq.  This Court already rejected that argument and allowed the counterclaim to stand.  ECF No. 73.  Mass's argument regarding inadequate pleading has already been resolved.

#### (a) Mass's Arguments Regarding §102(a) Are Incorrect

Mass argues incorrectly that Planar's evidence at trial "can only be the same theory that Planar expressed during trial – which this Court rejected."  Motion p. 8.  Contrary to this, Planar understands that the Court determined that "inventor's knowledge alone" would not meet the requirements of section 102(a).  ECF No. 303 p. 7.  Accordingly, Planar would not seek to present evidence deemed inadequate alone at trial.

Rather, Planar's trial evidence, which includes Mass's discovery responses and admissions as well as testimony by Mr. Moscovitch and supporting exhibits, will show that the relevant structures of the '742 application were known to the public prior to the filing date of the application for the '331 patent and, thus, the '742 application is material evidence of this prior art that was withheld from the patent examiner with intent to deceive.  The '742 application itself supplies incontrovertible evidence that the structures were invented by an inventive entity different from Mr. Moscovitch.  A sworn declaration by the four inventors confirms this.  The '742 application also supplies incontrovertible evidence that the invention was dated before Mr. Moscovitch's alleged invention date.

Mass also incorrectly claims that Planar "cannot establish any foundational knowledge of Mr. Elchuk because he is not being called as a witness in this case." However, this statement is false. Mr. Elchuk is listed on Planar's witness list as appearing by deposition testimony. ECF No. 360. Planar has already provided deposition designations from Mr. Elchuk's depositions to Mass and will be filing them with the Court in due course. In those designations, Mr. Elchuk confirms that he is a joint inventor of the '742 application.

### (b) Mass's Arguments Regarding §102(f) Are Incorrect

Mass correctly cites several cases applying section 102(f) in an invalidity analysis, but incorrectly suggests that the same standards are applied in an inequitable conduct analysis. The cases cited by Mass suggest that after patent issuance, in an invalidity analysis, the "inventors are presumed to be correct" and that "a district court should first determine whether there exists clear and convincing proof that the alleged unnamed inventor was in fact a co-inventor." Motion p. 10. However, the *en banc* Federal Circuit clearly stated that the assessment must be made as if it was before the patent was issued. *Therasense*, 649 F.3d at 1291-92 ("[T]he court must determine whether the PTO would have allowed the claim…"). Therefore, no presumption of correct inventorship attaches. And "the court should apply the preponderance of the evidence standard…" rather than clear and convincing evidence. *Id.* Thus, the standards cited by Mass are inapplicable to the inequitable conduct analysis to be performed by the Court.

Here, the '742 application supplies incontrovertible evidence that the structures were invented by an inventive entity different from Mr. Moscovitch. A sworn declaration by the four inventors confirms this. The '742 application also supplies incontrovertible evidence that the invention was dated before Mr. Moscovitch's alleged invention date.

Mass's suggestions that Planar must have specifically pled which inventors contributed "which parts of which claims" (Motion p. 15) are incorrect. Rather, Planar pled that all the

structures of the '742 application were jointly invented. *See, e.g.,* ECF No. 81 at ¶¶53, 55. And the filing of an application by joint inventors presumptively indicates a "joint" invention. Though Mass argues for three pages of its Motion about what is allegedly lacking from Planar's pleading, Mass's arguments are without merit. Planar pled that the structures of the '742 application were jointly invented, that the structures of the '742 application were invented by a different inventive entity than the application for the '331 patent, that Mass did not disclose the '742 application to the patent examiner, and that this was material to patentability. *See generally* ECF No. 81 at ¶¶46-122. This pleading plainly includes an allegation that the disclosure of the '331 patent was derived from other inventors.

### (c) Mass's Arguments Regarding §102(g) Are Incorrect

Mass argues incorrectly that "any argument by Planar regarding §102(g) is legal error." Motion p. 13. Contrary to this, the evidence at trial will show that the requirements of section 102(g) were met.

Planar's trial evidence, which includes Mass's discovery responses and admissions as well as testimony by Mr. Moscovitch and supporting exhibits, will show that the relevant structures of the '742 application were actually reduced to practice by creation of a physical device including the structures prior to the filing date of the application for the '331 patent. Thus, the '742 application is material evidence of this prior art that was withheld from the patent examiner with intent to deceive. The '742 application itself supplies incontrovertible evidence that the structures were invented by an inventive entity different from Mr. Moscovitch. A sworn declaration by the four inventors confirms this. The '742 application also supplies incontrovertible evidence that the invention was dated before Mr. Moscovitch's alleged invention date.

Mass's argument that "Planar did not plead a theory of inequitable conduct under §102(g) in its Amended Answer" is also incorrect. Planar pled, among other things, that the '742 application

was withheld "so that the USPTO would allow the '331 patent to issue with claims of scope that could not otherwise be obtained if the '742 application had been disclosed to the USPTO." ECF No. 81 ¶121. This is a pleading of materiality under any applicable subsection of 35 U.S.C. §102. It contains no limitation and it is not limited, as Mass seems to argue, to §102(e). *See* Motion p. 18. Rather, section 102(e) could not even apply to the '742 application, because section 102(e) is limited to granted patents and published applications, and the '742 application is neither. There is no theory under which Mass could have reasonably assumed that this pleading regarding the '742 application was directed or limited to section 102(e). Rather, Planar pled a counterclaim that encompassed all applicable subsections of 35 U.S.C. §102. And Mass's unfounded assumption that it was limited to section 102(e) is either unreasonable or fabricated for purposes of the Motion.

(If Mass had desired a more definite statement because it felt that it could not respond, Rule 12(e) provided Mass the opportunity to request a more definite statement. It would be improper to, at this late date, strike an adequately pled counterclaim merely because Mass made an unreasonable assumption about the scope of the counterclaim.)

### (d)  Incorporation of Prior Arguments

To the extent that the above arguments are deemed inadequate, Planar expressly incorporates its arguments stated in ECF No. 359, filed June 30, 2018, into this opposition. In ECF No. 359, Planar explained, at times in more detail, the meaning of its pleadings and the proper analysis to be undertaken with respect to the various subsections of 35 U.S.C. §102.

### 3.  Mass's Complaint About Timeliness of the Counterclaim Lack Merit

Mass's complaint that Planar did not raise its inequitable conduct theories during the discovery period is without merit. Planar added its inequitable conduct counterclaims within the period permitted by the scheduling order in this case. (*See* ECF No. 57 p. 6). And Mass advocated for a deadline to amend pleadings that was after the close of both fact discovery and expert

discovery. As Planar pointed out in December 2016,

> Mass previously proposed a schedule that provided for a period to amend the pleadings (without permission of the Court) that would have extended well after the close of discovery. Specifically, in the parties' Joint Status Report, Mass proposed a schedule that included a September 30, 2016 discovery deadline, and a December 12, 2016, deadline to amend pleadings. *See* ECF No. 50 at pp. 20, 21. Moreover, in proposing that the case schedule should freely allow amendments for 73 days after the close of discovery, Mass specifically stated that "it is not necessary to file a Motion for Leave to Amend before the deadline to amend pleadings…" *Id.* at p. 20.

(ECF No. 57 p. 8). Thus, Mass is without reasonable basis to complain that Planar amended its pleadings at the end of discovery.

Moreover, as Planar pointed out when it amended its pleadings, the depositions in which Planar discovered the information forming the basis for the counterclaims were taken on December 14, 15, and 21, 2016. (ECF No. 57 at pp. 3-4). And the deadline to amend pleadings was December 23, 2016 (extended to Dec. 27 due to court closures). Thus, discovery was taken in a timely manner (within the discovery period) and the pleadings were amended extremely promptly and within the deadline. Following the Court's scheduling order is not improper.

### 4. Mass's Complaints About Insufficient Discovery Lack Merit

Mass's complaints that it was foreclosed from taking proper discovery from Messrs. Elchuk, Chung, and Hall are without merit. (ECF No. 351 p. 4). Mass knew the issues that Planar was pursuing and knew that those issues were related to a potential inequitable conduct claim. And Mass did not seek discovery of Messrs. Elchuk, Chung, and Hall when it had the opportunity.

For example, large portions of Planar's December 14, 2016 deposition of Mr. Moscovitch were devoted to the false statements that Mr. Moscovitch intentionally made to the patent office and the material evidence that Mr. Moscovitch intentionally withheld from the patent office. Large portions of Planar's December 15, 2016 deposition of Mr. Waraksa were devoted to false statements that Mr. Moscovitch intentionally made to the patent office during prosecution of the '978 patent. (*See, e.g.,* ECF No. 58-4 pp. 36-39). And most of the deposition of Mr. Elchuk on December 21,

2016 was devoted to filing of the false statements and withholding material information from the patent office. (Copies of these transcripts are not attached, but can be submitted if the Court deems them material.) Mass knew then and knows now that such testimony is only related to inequitable conduct. In fact, Mass filed a motion in a related case confirming as much with respect to Mr. Waraksa, stating,

> SpaceCo should be precluded from presenting to the jury any testimony from or references to the testimony of Mirek Waraksa … Any such testimony would be relevant, if at all, solely to the allegations of inequitable conduct … or other equitable issues properly reserved for the Court and not the jury.

(ECF No. 178 at p. 16 in *Mass Engineered Design, Inc. v. SpaceCo Business Solutions, Inc.*, case No. 6:14-cv-411-RWS in the Eastern District of Texas).

Knowing that the depositions were related to a potential inequitable conduct claim, Mass could have questioned Mr. Elchuk, but chose to end the deposition early. Planar will soon be filing its deposition designations from the Elchuck deposition, in which the transcript indicates that the deposition commenced at 9:34 am and concluded at 12:45 pm, after Mr. Edmonds stated, "That's all the questions for you. Thank you." Mass had almost four hours remaining in which it could have deposed Mr. Elchuk, but it chose to end after only 3 hours of deposition.

Additionally, Mass could have deposed Messrs. Son and Chung. Planar specifically sought their depositions and both depositions were denied by Mass's counsel who represented both witnesses. As Planar explained in 2016,

> Planar also attempted to depose Mr. Son Chung (a Canadian resident, formerly of Mass) and Mr. Ian Hall (a Canadian resident, formerly of Mass). Mr. Chung initially agreed to sit for a voluntary deposition, but rescinded his agreement through Mass's counsel after Mass's counsel undertook to represent him. Mass's counsel undertook to represent Mr. Hall shortly after he was contacted regarding a deposition in this case. Mr. Hall, through Mass's counsel, informed Planar that he would not voluntarily sit for deposition. As both Mr. Chung and Mr. Hall reside in Canada, a subpoena from this court would lack power to compel their attendance at a deposition.

(ECF No. 57 at p. 4 n. 2). Thus, Mass's complaint that it is lacking discovery from Messrs. Chung

and Hall rings false.

Even if one assumes that Mass didn't recognize the relevance of Messrs. Chung, Hall, and Elchuk during discovery, the relevance of those individuals became clear immediately and Mass could have requested leave to seek discovery from them. Specifically, in its proposed amended complaint that was filed Dec. 27, 2016, Planar pleaded:

> 53. On December 23, 1998, patent attorney Mark Elchuk filed the '742 application and identified four inventors named Moscovitch, Mark Elchuk, Son Chung and Ian Hall.
>
> …
>
> 55. Under the U.S. patent laws, the '047 application was invented by a different inventive entity than the '742 …
>
> …
>
> 66. Both Moscovitch and Mr. Elchuk understood that the '742 application was filed on December 23, 1998, prior to the earliest priority claim of the '331 patent on November 12, 1999.

(ECF No. 57 at pp. 25, 27).

Moreover, if Mass had wanted to take such discovery, Mass could have applied for a discovery period in which to depose these witnesses. Mass chose not to do so. In fact, the Court later reopened discovery for another purpose and Mass chose not to request discovery from Chung, Hall, or Elchuk at that time. (ECF No. 162 p. 2 n. 1 ("At oral argument, … The Court reopened discovery…")).

Mass was not diligent in pursuing discovery and does not have a legitimate complaint about lacking discovery regarding inventorship or patent prosecution.

### C. Planar's Pleadings Are More Than Adequate to Support Its Positions, but if the Court Were to Determine Otherwise, it is Proper to Allow Planar to Permit the Pleadings to be Amended Under Rule 15(b)(1)

Mass's Motion should be denied, because Planar more than adequately pled its counterclaim. But if the Motion is not denied, Planar should be permitted to amend its pleadings. Rule 15

provides,

> If, at trial, a party objects that evidence is not within the issues raised in the pleadings, the court may permit the pleadings to be amended. The court should freely permit an amendment when doing so will aid in presenting the merits and the objecting party fails to satisfy the court that the evidence would prejudice that party's action or defense on the merits. The court may grant a continuance to enable the objecting party to meet the evidence.

Fed. R. Civ. P. 15(b)(1). Permitting amendment, rather than striking pleadings, will aid in presenting the merits. And Mass has not shown any actual prejudice that is not of Mass's own creation. Accordingly, though Planar does not believe that such amendment is needed, if the Court determines that it is, Planar should be permitted to amend its pleadings.

## III. Conclusion

The '742 application is material to patentability of the '331 patent. And the '742 application is not cumulative of any cited prior art. It was withheld from the patent examiner with intent to deceive. Planar more than adequately pled this. Mass recognized the scope of the pleadings, as demonstrated by at least two filings before Planar's trial brief that both indicate Mass's understanding. Planar should not be precluded from presenting its evidence and arguments at trial.

Dated: July 5, 2018                                       Respectfully submitted,

                                                          By:    /s/ Andrew T. Oliver
                                                                 Jacob S. Gill, OSB No. 033238
                                                                 Jenny W. Chen (admitted *pro hac vice*)
                                                                 Andrew T. Oliver (admitted *pro hac vice*)
                                                                 Attorneys for Defendant Planar Systems, Inc.