**Jacob S. Gill,** OSB No. 033238
Email: jgill@stollberne.com
STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. Oak Street, Suite 500
Portland, Oregon 97204
Telephone: (503) 227-1600
Facsimile:  (503) 227-6840

**Jenny W. Chen** (admitted *pro hac vice*)
Email: Jenny.Chen@ChenIPLaw.com
CHEN IP LAW GROUP
7F, N0. 1, Alley 30, Lane 358
Rueiguang Road
Neihu District,  Taipei City  114
Taiwan (R.O.C.)
Telephone: (886)-2-7721-8855
Facsimile:  (886)-2-7721-8822

**Andrew T. Oliver**  (admitted *pro hac vice*)
Email: aoliver@ATWiplaw.com
AMIN, TUROCY & WATSON, LLP
160 West Santa Clara Street, Suite 975
San Jose, California 95113
Telephone: (650) 618-6481
Facsimile:  (216) 696-8731

**Attorneys for Defendant Planar Systems, Inc.**

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| MASS ENGINEERED DESIGN, INC., | Case No. 3:16-CV-01510-SI |
| Plaintiff, | PLANAR SYSTEMS, INC.'S MOTION TO STRIKE VARIOUS OPINIONS IN THE DECLARATION OF WALTER BRATIC (ECF No. 415-2) AND RELATED PORTIONS OF MASS'S ROYALTY SUBMISSION |
| v. | |
| PLANAR SYSTEMS, INC., | |
| Defendant. | **[AUTHORIZED TO BE FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER]** |

Table of Contents

I.    Local Rule 7-1(a) Certification ........................................................................... 1

II.   Introduction ......................................................................................................... 1

III.  Statement of Facts .............................................................................................. 1

IV.   Legal Standards .................................................................................................. 2

      A.    Expert Opinions Must Be Disclosed in a Timely Manner ........................... 2

      B.    The *Daubert* standard and Rule 702 do not Permit
            Unfounded Expert Opinion Testimony ........................................................ 3

      C.    Patent Damages Must Be Apportioned ...................................................... 5

V.    Argument – The Identified Portions of Mr. Bratic's Declaration
      Should Be Stricken ............................................................................................. 6

      A.    Mr. Bratic's Opinions Are Untimely, Support a Burden
            That Mass Bears, and Are New ................................................................. 7

      B.    Mr. Bratic's Opinions Do Not Meet the Requirements of
            Rule 702 or Daubert ................................................................................. 10

            1.    Portions of Mr. Bratic's Testimony are not Based
                  on Sufficient Facts or Data ............................................................ 11

            2.    Portions of Mr. Bratic's Testimony are not the
                  Product of Reliable Principles and Methods ................................... 15

      C.    Mr. Bratic's Opinions Do Not Consider the Appropriate
            Legal Tests Regarding Apportionment and an Updated
            Georgia-Pacific Analysis .......................................................................... 18

      D.    Paragraph 4 of Mr. Bratic's Declaration Offers a Legal
            Conclusion ............................................................................................... 20

VI.   Conclusion ........................................................................................................ 21

<u>TABLE OF AUTHORITIES</u>

<u>Cases</u>

*Amado v. Microsoft Corp.*,
    517 F.3d 1353 (Fed. Cir. 2008) ......................................................................... 21

*Artic Cat Inc. v. Bombardier Rec. Prods.*,
    876 F.3d 1350 (Fed. Cir. 2017) ......................................................................... 15

*Chemipal Ltd.*,
    350 F.Supp.2d ....................................................................................................... 5

*City of Pomona v. SQM N. Am. Corp.*,
    750 F.3d 1036 (9th Cir. 2014) ................................................................... 3, 9, 11

*Crow Tribe of Indians v. Raciot*,
    87 F.3d 1039 (9th Cir. 1996) .......................................................................... 4, 21

*Daubert v. Merrell Dow Pharmaceuticals, Inc.*,
    509 U.S. 579 (1993) ............................................................................... 3, 4, 6, 10

*Exmark Mfg. Co. v. Briggs & Stratton Power Prods. Grp., LLC*,
    879 F.3d 1332 (Fed. Cir. 2018) ............................................................... 5, 19, 20

*Garretson v. Clark*,
    111 U.S. 120 (1884) .............................................................................................. 6

*Halo v. Pulse*,
    136 S. Ct. 1923 (June 13, 2016) ............................................................. 13, 14, 16

Hangarter v. Provident Life & Accident Ins. Co.,
    373 F.3d 998 (9th Cir. 2004) ................................................................................ 4

*Indiana Ins. Co. v. Gen. Elec. Co.*,
    326 F.Supp.2d 844 (N.D. Ohio 2004) .................................................................. 5

*Jinro Am. Inc. v. Secure Investments, Inc.*,
    266 F.3d 993 (9th Cir. 2001) ................................................................................ 3

*Johnson v. Mammoth Recreations, Inc.*,
    975 F.2d 604 (9th Cir. 1992) ................................................................................ 7

*Kimble v. Marvel Entm't, LLC*,
    135 S. Ct. 2401 (2015) ............................................................... 12, 13, 18, 20

*Lord Abbett Mun. Income Fund, Inc. v. Asami*,
    2014 WL 3417941 n.8 (N.D. Cal. July 11, 2014) ................................................ 5

*Lust v. Merrell Dow Pharm., Inc.*,
    89 F.3d 594 (9th Cir. 1996) .................................................................................. 4

*McGlinchy v. Shell Chemical Co.*,
    845 F.2d 802 (9th Cir. 1988) .............................................................................. 12

*Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*,
    523 F.3d 1051 (9th Cir. 2008) ........................................................................ 5

*Neb. Plastics, Inc. v. Holland Colors Ams., Inc.*,
    408 F.3d 410 (8th Cir. 2005) ........................................................................ 13

*Nieves-Villanueva v. Soto-Rivera*,
    133 F.3d 92 (1st Cir. 1997) .......................................................................... 4

*Power Integrations, Inc. v. Fairchild Semiconductor Int'l., Inc.*,
    894 F.3d 1258 (Fed. Cir. 2018) ............................................................... 6, 18

*Ramsey v. Conrail*,
    111 F. Supp. 2d 1030 (N.D. In. 2000) .......................................................... 13

*Rembrandt Soc. Media, LP v. Facebook, Inc.*,
    22 F. Supp. 3d 585 (E.D. Va. 2013) .............................................................. 6

*ResQNet.com, Inc. v. Lansa, Inc.*,
    594 F.3d 860 (Fed. Cir. 2010) ...................................................................... 8

*SEC v. Lipson*,
    46 F.Supp.2d 758 (N.D. Ill. 1998) ................................................................ 5

*Sundance, Inc. v. Del Monte Fabricating, Ltd.*,
    550 F.3d 1356 (Fed. Cir. 2008) .................................................................... 4

*Transocean Offshore Deepwater Drilling, Inc. v. Maersk Drilling United States, Inc.*,
    699 F.3d 1340 (Fed. Cir. 2012) .................................................................... 9

*United States v. Tamman*,
    782 F.3d 543 (9th Cir. 2015) ........................................................................ 4

*United States v. Various Slot Machines on Guam*,
    658 F.2d 697 (9th Cir. 1981) ...................................................................... 11

*VirnetX, Inc. v. Cisco Sys., Inc.*,
    767 F.3d 1308 (Fed. Cir. 2014) .................................................................... 6

*Whitserve, LLC v. Computer Packages, Inc.*,
    694 F.3d 10 (Fed. Cir. 2012) ................................................................. 16, 19

*Wisconsin Alumni Research Found. v. Apple, Inc.*,
    261 F. Supp. 3d 900 (W.D. Wis. 2017) ........................................................ 14

Rules

Fed. R. Civ. P. 16(b) .......................................................................... 3, 7, 10

Fed. R. Civ. P. 26(a)(e) ............................................................................. 3

Fed.R.Evid. 403 ..................................................................................... 3, 4

iii

Fed.R.Evid. 702 ........................................................................................................ 3, 5, 6, 11

Fed.R.Evid. 704(a) ........................................................................................................... 4

## I.      Local Rule 7-1(a) Certification

Pursuant to LR 7-l(a)(l), counsel for Defendant Planar Systems, Inc. hereby certifies that Defendant and Plaintiff Mass Engineered Design, Inc., by and through their counsel of record, conferred in good faith through a telephonic conference regarding the subject matter of this motion, but the parties were unable to reach a resolution of this matter.

## II.     Introduction

Pursuant to Local Rule 7, Planar Systems, Inc. ("Planar") hereby moves for an order striking paragraphs 4 and 6 through 12 of the Declaration of Walter Bratic (ECF No. 415-2) and all portions of "Plaintiff's Opening Brief on a Reasonable Ongoing Royalty Rate" (ECF No. 415) that rely upon any stricken paragraphs.

## III.    Statement of Facts

In this patent infringement case, plaintiff Mass Engineered Design, Inc. ("Mass") alleges that it requested an ongoing royalty in its original complaint, filed in 2014.  In a 2014 damages disclosure, Mass stated that it sought an ongoing royalty.  In 2015, Mass submitted an expert report regarding damages that did not contain analysis of an ongoing royalty.  In 2016, one of the asserted patents expired.  Later, in 2017, pursuant to an amended scheduling order, Mass submitted a supplement expert regarding damages that did not contain an analysis of what an ongoing royalty should be.

The relevant case law regarding the burden of proof has not changed in many years. Thus, Mass has known throughout this case that the plaintiff bears the burden of proof regarding damages.

Trial commenced in April 2018. The jury verdict issued in early May 2018.  Mass's trial brief stated that "a post-verdict royalty may be owed and due for ongoing infringement of the Patents-in-Suit."  Despite this, during the trial, Mass did not mention ongoing royalties.  Nor did Mass present evidence specifically directed at an ongoing royalty or suggest that it sought an ongoing royalty.  Minutes after the jury rendered its verdict and was released, Mass informed the

PAGE 1 -    PLANAR SYSTEMS, INC.'S MOTION TO STRIKE VARIOUS OPINIONS IN
          THE DECLARATION OF WALTER BRATIC (ECF No. 415-2) AND
          RELATED PORTIONS OF MASS'S ROYALTY SUBMISSION

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

Court that it sought an ongoing royalty.

Mass did not seek permission to reopen expert discovery and submit new expert opinions regarding the amount of an ongoing royalty, either (a) between the expert report deadline in January 2017 and the beginning of trial in April 2018, or (b) between the jury verdict in early May 2018 and Mass's submission of new expert opinions in late September 2018. Rather, expert reports were due in January 2017, and the schedule has not been modified with respect to this deadline.

Regardless of not seeking permission to submit new expert opinions, Mass submitted new opinions in paragraphs 4 and 6-12 of the Declaration of Walter Bratic, filed as ECF No. 415-2. These new opinions contain opinions on the state of the law, and other opinions that are conclusory, are unsupported by facts or data, and/or are otherwise problematic (e.g., for failure to apportion damages contrary to the established legal precedent).

Planar now moves to strike those opinions and the portions of Mass's submission regarding ongoing royalties that rely on the stricken opinions.

## IV. Legal Standards

As explained herein, the relevant authorities require (a) disclosure of expert opinions in a timely manner, (b) that expert opinions meet the requirements of Rule 702 and *Daubert*, and (c) that damages experts in patent cases apportion damages. Where expert opinions are not timely, the opinions should be stricken. Where expert opinions fail to meet the requirements of Rule 702 as explained in *Daubert*, the opinions should be stricken. Where a plaintiff's expert opinions fail to carry the burden of proof by failing to apportion damages, the opinions should be stricken. Here, as explained below, all three requirements dictate striking Mr. Bratic's declaration.

### A. Expert Opinions Must Be Disclosed in a Timely Manner

Rule 26 requires that an expert disclosure "must be accompanied by a written report" and that "[t]he report must contain (i) a complete statement of all opinions the witness will express

PAGE 2 -    PLANAR SYSTEMS, INC.'S MOTION TO STRIKE VARIOUS OPINIONS IN
THE DECLARATION OF WALTER BRATIC (ECF No. 415-2) AND
RELATED PORTIONS OF MASS'S ROYALTY SUBMISSION

and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them; …" and other standard requirements. Fed. R. Civ. P. 26(a)(2)(B). The time for such disclosures is "at the times and in the sequence that the court orders" or, absent stipulation or court order, "at least 90 days before the date set for trial…" *Id.* at (a)(2)(D).

Rule 16 provides that "the district judge … must issue a scheduling order…" Fed. R. Civ. P. 16(b)(1). This scheduling order may "modify the timing of disclosures under Rules 26(a) and 26(e)(1)." *Id.* at (b)(3)(B)(i). The Rule further provides, "A schedule may be modified only for good cause and with the judge's consent." *Id.* at (b)(4). Finally, Rule 16 allows the court to "issue any just orders … if a party … (C) fails to obey a scheduling or other pretrial order." *Id.* at (f)(1).

**B.  The *Daubert* standard and Rule 702 do not Permit Unfounded Expert Opinion Testimony**

The admissibility of expert testimony is governed by Rules 702 and 403 of the Federal Rules of Evidence. *Daubert v. Merrell Dow Pharmaceuticals, Inc*., 509 U.S. 579, 595 (1993) ("a judge assessing a proffer of expert scientific testimony under Rule 702 should also be mindful of other applicable rules").

"Rule 702 … provides that expert opinion evidence is admissible if: (1) the witness is sufficiently qualified as an expert by knowledge, skill, experience, training, or education; (2) the scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (3) the testimony is based on sufficient facts or data; (4) the testimony is the product of reliable principles and methods; and (5) the expert has reliably applied the relevant principles and methods to the facts of the case." *City of Pomona v. SQM N. Am. Corp*., 750 F.3d 1036, 1043 (9th Cir. 2014) (citing Fed. R. Evid. 702).

Rule 403 imposes "an important constraint on expert testimony". *Jinro Am. Inc. v. Secure Investments, Inc*., 266 F.3d 993, 1005 (9th Cir. 2001), amended on denial of reh'g, 272 F.3d 1289 (9th Cir. 2001). "Rule 403 permits the exclusion of relevant evidence if its probative value

PAGE 3 -    PLANAR SYSTEMS, INC.'S MOTION TO STRIKE VARIOUS OPINIONS IN THE DECLARATION OF WALTER BRATIC (ECF No. 415-2) AND RELATED PORTIONS OF MASS'S ROYALTY SUBMISSION

is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or

misleading the jury." *Daubert*, 509 U.S. at 595 (quotation marks and ellipsis omitted). As the

Supreme Court has explained: "Expert evidence can be both powerful and quite misleading

because of the difficulty in evaluating it. Because of this risk, the judge in weighing possible

prejudice against probative force under Rule 403 exercises more control over experts than lay

witnesses." Id. (quotation marks, citation, and ellipsis omitted).

The decision to admit or exclude expert opinion testimony is committed to the sound

discretion of the trial court. *See, e.g., Lust v. Merrell Dow Pharm., Inc*., 89 F.3d 594, 596–97

(9th Cir. 1996) (applying abuse of discretion standard even though the ruling was dispositive of

motion for summary judgment); *Sundance, Inc. v. Del Monte Fabricating, Ltd*., 550 F.3d 1356,

1360 (Fed. Cir. 2008). This discretion is not unlimited, however.

In general, "an expert cannot testify to a matter of law amounting to a legal conclusion."

*United States v. Tamman*, 782 F.3d 543, 552-53 (9th Cir. 2015) (holding that an opinion which

"provided only a recitation of facts and the legal conclusion that [defendant] acted in conformity

with unidentified SEC rules and regulations and otherwise did not break the law … is not a

proper expert opinion"); *Crow Tribe of Indians v. Raciot*, 87 F.3d 1039, 1045 (9th Cir. 1996)

("Expert testimony is not proper for issues of law."); *see also Nieves-Villanueva v. Soto-Rivera*,

133 F.3d 92, 99 (1st Cir. 1997) ("It is black-letter law that it is not for witnesses to instruct the

jury as to applicable principles of law, but for the judge.") (quotation marks, citations, and

brackets omitted). The Ninth Circuit has explained:

> As a general rule, "testimony in the form of an opinion or
> inference otherwise admissible is not objectionable because it
> embraces an ultimate issue to be decided by the trier of fact."
> Fed.R.Evid. 704(a). "That said, an expert witness cannot give an
> opinion as to her legal conclusion, i.e., an opinion on an ultimate
> issue of law. Similarly, instructing the jury as to the applicable law
> is the distinct and exclusive province of the court." Hangarter v.
> Provident Life & Accident Ins. Co., 373 F.3d 998, 1016 (9th Cir.
> 2004) (internal citations and quotation marks omitted); see also
> Fed.R.Evid. 702 (requiring that expert opinion evidence "assist the

PAGE 4 -    PLANAR SYSTEMS, INC.'S MOTION TO STRIKE VARIOUS OPINIONS IN
THE DECLARATION OF WALTER BRATIC (ECF No. 415-2) AND
RELATED PORTIONS OF MASS'S ROYALTY SUBMISSION

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

> trier of fact to understand the evidence or to determine a fact in
> issue").

*Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1058 (9th Cir. 2008).

"Moreover, testimony of an expert that constitutes mere personal belief as to the weight of the evidence invades the province of the jury." *Indiana Ins. Co. v. Gen. Elec. Co.*, 326 F.Supp.2d 844, 847 (N.D. Ohio 2004); *Chemipal Ltd.*, 350 F.Supp.2d at 588 (same). And "[e]xpert testimony may not be used merely to repeat or summarize what the jury independently has the ability to understand." *SEC v. Lipson*, 46 F.Supp.2d 758, 763 (N.D. Ill. 1998); *see also Lord Abbett Mun. Income Fund, Inc. v. Asami*, 2014 WL 3417941, at *13 n.8 (N.D. Cal. July 11, 2014) (excluding opinion "based upon [the expert]'s interpretation of the evidence" where "[the expert]'s opinion merely summarize[d] the record evidence and gratuitously interpret[ed] it").

## C.    Patent Damages __Must__ Be Apportioned

"A patent expert must 'apportion value between the patented features and the vast number of non-patented features contained in the accused products.[']" *Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, no. 12-cv-5501-SI, 2018 U.S. Dist. LEXIS 121074 at *57 (N.D. Cal. July 19, 2018). "[T]he expert must [] apportion damages and sufficiently tie the royalty rate to the facts of the case" regardless of the royalty rate. *Exmark Mfg. Co. v. Briggs & Stratton Power Prods. Grp., LLC*, 879 F.3d 1332, 1351 (Fed. Cir. 2018) (remanding for new trial because district court erred by not excluding the damages expert's opinion). As further noted in *Exmark*, "the patent owner must apportion or separate the damages between the patented improvement and the conventional components of the multicomponent product" to "ensure[] that [the patent owner] is compensated for the patented improvement … rather than the entire [product]." *Id.* at 1348. "The essential requirement is that the ultimate reasonable royalty award must be based on the incremental value that the patented invention adds to the end product." *Id.* "[A] patentee's obligation to apportion damages only to the patented features does not end with the identification of the smallest salable unit if that unit still contains significant unpatented features." *VirnetX,*

PAGE 5 -    PLANAR SYSTEMS, INC.'S MOTION TO STRIKE VARIOUS OPINIONS IN
THE DECLARATION OF WALTER BRATIC (ECF No. 415-2) AND
RELATED PORTIONS OF MASS'S ROYALTY SUBMISSION

*Inc. v. Cisco Sys., Inc.*, 767 F.3d 1308, 1329 (Fed. Cir. 2014) (vacating damages award and remanding because expert's testimony "should have been excluded" because he "did not even try to link demand for the accused device to the patented feature, and failed to apportion value between the patented features and the … non-patented features…"); *see also Rembrandt Soc. Media, LP v. Facebook, Inc.*, 22 F. Supp. 3d 585, 595 (E.D. Va. 2013) (holding that "[Plaintiff's] expert apportioned improperly when calculating a royalty base, and his expert testimony must be excluded on that basis alone," and further noting that even if cross-examination were permitted, giving the inflated numbers to a jury would be prejudicial).

It has been established (for over 100 years) that the patentee has the burden of proof regarding apportionment: "The patentee 'must in every case give evidence tending to separate or apportion the defendant's profits and the patentee's damages between the patented feature and the unpatented features.'" *Power Integrations, Inc. v. Fairchild Semiconductor Int'l., Inc.*, 894 F.3d 1258, 1270 (Fed. Cir. 2018) (quoting *Garretson v. Clark*, 111 U.S. 120, 121 (1884)).

## V.      Argument – The Identified Portions of Mr. Bratic's Declaration Should Be Stricken

Mr. Bratic's declaration has numerous problems, as explained further below, that should lead the Court to strike paragraphs 4 and 6-12 (as well as any portions of Mass's submission regarding royalties that rely upon those paragraphs).  First, Mr. Bratic's new opinions come well over a year after the deadline for expert reports.  They are not timely.  Mass did not diligently seek to update the opinions either before or after trial.  And the Court has not reopened expert discovery.  Thus, the new opinions should be stricken.  Second, Mr. Bratic's new opinions fail to comply with the requirements of Rule 702, 403, and *Daubert*.  One new opinion interprets the state of the law.  Others are conclusory or ignore relevant facts.  And other opinions fail to rely on reliable methodologies.  Finally, Mr. Bratic's opinions ignore – wholesale – the Supreme Court's requirement that damages be apportioned where the features of the asserted patent are not the sole basis for demand for the product.

Based on any or all of these reasons, Mr. Bratic's new opinions should be stricken.

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

A.    **Mr. Bratic's Opinions Are Untimely, Support a Burden That Mass Bears, and Are New**

Mr. Bratic's new opinions are untimely, as they were disclosed over 19 months after the close of expert discovery in this case. On August 25, 2016, the Court entered its Rule 16 scheduling order in this case. (ECF No. 53). In that order, the Court set January 6, 2017 as the "Deadline to designate opening expert witnesses and file original or updated opening expert reports." *Id.* at p. 3, line 3. The Court also set a deadline for rebuttal reports on January 27, 2017, and the close of expert discovery on February 17, 2017. *Id.* at p. 3, lines 4 and 5. Thus, Mr. Bratic's opinions are not permitted under Rule 16, unless Mass seeks, and the Court grants, a modification of the scheduling order to open a new expert discovery period.

Pursuant to Rule 16, to seek a modification of the scheduling order at this late date to permit disclosure of new expert opinions, Mass must – but has not and cannot – show "good cause." Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). "Under Rule 16(b), [] 'the focus of the inquiry is on the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end.'" *Mass Eng'r Design, Inc. v. Planar Systems, Inc.*, no. 3:16-cv-1510-SI, ECF No. 270 p. 6 (D. Or. Nov. 27, 2017) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)). "Prejudice to the opposing party 'might supply additional reasons to *deny* a motion,' but the lack of prejudice is not a reason to grant a motion." *Id.* Here, Mass was not diligent, and any request to allow a belated expert opinion should be denied. Mass alleges that it has requested ongoing royalties since its Complaint: "Mass's pleas for a reasonable royalty for Planar's infringement clearly contemplates royalties for all of Planar's infringement, and what Mass has pled is amply sufficient for it to be awarded on-going royalties." (ECF No. 407 p. 26). And Mass alleged as far back as 2014 that it sought "post-judgment royalties"[1] and would defer to its "royalty expert." Specifically, in a court-ordered damages estimate, Mass stated, "MASS also seeks post-judgment

---

[1] Planar maintains its objections to an award of ongoing royalties, and notes that the cited document is not a pleading that would establish Mass's right to seek such royalties.

PAGE 7 -    PLANAR SYSTEMS, INC.'S MOTION TO STRIKE VARIOUS OPINIONS IN THE DECLARATION OF WALTER BRATIC (ECF No. 415-2) AND RELATED PORTIONS OF MASS'S ROYALTY SUBMISSION

royalty damages." (*See* Attachment 1 ("Mass's Non-Binding, Good Faith Damages Estimate to Planar," dated Dec. 29, 2014 at p. 2).[2]  In the same document, Mass asserted that it "defers to the timely analysis of its royalty expert."  *Id.* at p. 1.  Later, in 2015, Mass's damages expert opined,

> I may be asked to determine the post-verdict royalty that would be owed and due for ongoing infringement of the Patents-in-Suit.  I intend to use the guidance provided by the Court in the *Mass Engineered v. Ergotron* matter, in which the Court imposed a post-verdict royalty rate of 5.9% applied to sales of CSAV's licensed products.

(ECF No. 417-1 at p. 5).  Yet, this statement did not provide a timely, supported opinion regarding an ongoing royalty.  Nor did this expert update his statement or provide a reasonable or supported opinion in his supplemental report of January 2017, in which he repeated the same statement verbatim, ignoring the fact that the patent that formed the basis of the 5.9% royalty had expired 9 months earlier, in April 2016, thereby removing any basis for a 5.9% post-verdict royalty.  (ECF No. 417-2 at p. 5).  Thus, Mass undoubtedly knew that it would seek an ongoing royalty and knew that it wished to introduce expert testimony on the issue, but Mass "was not diligent" in seeking to disclose or introduce such testimony, so "the inquiry should end.'"  *Mass Eng'r Design, Inc. v. Planar Systems, Inc.*, no. 3:16-cv-1510-SI, ECF No. 270 p. 6 (D. Or. Nov. 27, 2017).

Mass's lack of diligence cannot be excused on this issue, because Mass bears the burden of proof on the issue of a reasonable royalty amount.  *ResQNet.com, Inc. v. Lansa, Inc.*, 594 F.3d 860, 872 (Fed. Cir. 2010) ("[I]t was [the patent owner's] burden, not [the defendant's], to persuade the court with legally sufficient evidence regarding an appropriate reasonable royalty."); *Transocean Offshore Deepwater Drilling, Inc. v. Maersk Drilling United States, Inc.*, 699 F.3d 1340, 1357 (Fed. Cir. 2012) ("The patentee bears the burden of proving damages."). Because the amount of an ongoing royalty is an issue on which Mass bears the burden of proof,

---

[2] This disclosure was required by the initial case management order in this case.  ECF No. 33 (in E.D. Tex. Case no. 6:14-cv-411-RWS-KNM) at pp. 1-2 at ¶¶ 2-3 (setting initial disclosure date of Dec. 15, 2014 and "Good Faith Damages Estimate" for 14 days after initial disclosures).

PAGE 8 -   PLANAR SYSTEMS, INC.'S MOTION TO STRIKE VARIOUS OPINIONS IN THE DECLARATION OF WALTER BRATIC (ECF No. 415-2) AND RELATED PORTIONS OF MASS'S ROYALTY SUBMISSION

Mass could and should have included such analysis in its expert reports within the expert discovery period.  If that was not possible, Mass should have requested permission to update the expert report prior to trial, so that evidence regarding the ongoing royalty could have been introduced to the jury and tested through cross-examination or rebuttal testimony at trial.  As the Ninth Circuit has noted, it is desirable to "attack[ expert testimony] by cross examination, contrary evidence, and attention to the burden of proof…" *City of Pomona*, 750 F.3d at 1043. However, when testimony is submitted after the expert discovery period and after trial, such attacks are not possible, thereby prejudicing the opposing party.  In this instance, rather than exercising diligence, Mass chose to merely introduce a belated expert report.  This does not demonstrate diligence.

Finally, the opinions are new, but most could have been disclosed in one or both expert reports.  Mr. Bratic's opinions on the state of the law in paragraph 4 are based on rulings from 2012 and earlier, but are not found in his expert reports of 2015 and 2017.  (*See generally* ECF No. 417-1 (Bratic report of 2015) and ECF No. 417-2 (Bratic report of 2017)).  Mr. Bratic's opinions in paragraph 6 are based in part on trial testimony.  But the information could have been gleaned from an interview with Mr. Moscovitch.  Yet the paragraph 6 opinions are not found in earlier expert reports.  *Id.*  Mr. Bratic's opinions in paragraph 7 could have been expressed prior to trial, but are not found in his earlier reports.  *Id.*  Mr. Bratic's opinions in paragraph 8 are partial summaries of legal opinions that – except for one July 2017 opinion[3] – all issued well before the expert discovery deadline; yet the paragraph 8 opinions are not found in Mr. Bratic's earlier reports.  *Id.*  The opinions in Mr. Bratic's paragraphs 9 through 12 are simple mathematical calculations for which expert testimony is not useful,[4] and are indisputably new,

---

[3] This July 2017 opinion issued nine months before trial in this case.  A diligent actor could have sought permission to include it in an expert report during that time period.

[4] The paragraph 9 through 12 opinions merely express simple mathematical manipulations of the jury verdict, not expert opinions.  Paragraph 9 is an overview of paragraphs 10 – 12.  In paragraph 10, Mr. Bratic divides the jury verdict by his damages request to arrive at 82.2%, then multiplies his prior royalty rate by 82.2%.  He then multiplies that amount by 1, 2, and 3 to produce his table.  In paragraph 11, Mr. Bratic assumes that the entire damages that he

PAGE 9 -   PLANAR SYSTEMS, INC.'S MOTION TO STRIKE VARIOUS OPINIONS IN
THE DECLARATION OF WALTER BRATIC (ECF No. 415-2) AND
RELATED PORTIONS OF MASS'S ROYALTY SUBMISSION
STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600  FAX (503) 227-6840

because they are based on the amount that the jury awarded.  These are not found in Mr. Bratic's earlier reports, but if Mass had been acting diligently, Mass could have requested permission to update its reports in May (shortly after the verdict) so that Planar would have had an opportunity to formulate a rebuttal or depose the expert; instead, Mass waited over four months and until the eleventh hour to submit a report without prior notice or permission to submit new expert opinion testimony.

Because Mass's expert testimony was not timely and Mass did not demonstrate diligence, the new opinion testimony should be stricken pursuant to Rules 16 and 26.

### B.    Mr. Bratic's Opinions Do Not Meet the Requirements of Rule 702 or Daubert

In addition to the belated proffer of opinions, Mr. Bratic's opinions do not meet the requirements of either Rule 702 or the *Daubert* test.

Mr. Bratic's opinions do not meet Rule 702's requirements, as clarified in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) and its progeny.  In particular, "Rule 702 … provides that expert opinion evidence is admissible if: (1) the witness is sufficiently qualified as an expert by knowledge, skill, experience, training, or education; (2) the scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (3) the testimony is based on sufficient facts or data; (4) the testimony is the product of reliable principles and methods; and (5) the expert has reliably applied the relevant principles and methods to the facts of the case." *City of Pomona v. SQM N. Am. Corp.*, 750 F.3d 1036, 1043 (9th Cir. 2014) (citing Fed. R. Evid. 702).  Here, various portions of Mr. Bratic's objectionable testimony lack one or more of elements (3), (4), and (5) of the test set forth in *City of Pomona*.

---

requested for the '331 patent was awarded, subtracts that amount from the verdict, and then divides the remainder of the verdict by the amount that he requested at trial.  He then discards that result and just multiplies his original 3.5% royalty by 1, 2, and 3 to produce his table.  In paragraph 12, he says that one could also apply no adjustment.  The court does not need expert opinions to accomplish simple subtraction, division and multiplication.

PAGE 10 -    PLANAR SYSTEMS, INC.'S MOTION TO STRIKE VARIOUS OPINIONS IN
THE DECLARATION OF WALTER BRATIC (ECF No. 415-2) AND
RELATED PORTIONS OF MASS'S ROYALTY SUBMISSION

### 1.    Portions of Mr. Bratic's Testimony are not Based on Sufficient Facts or Data

As set forth below, Mr. Bratic's testimony in paragraphs 6-12 is not based on sufficient facts or data.

In paragraph 6, Mr. Bratic opines about competition between Planar and Mass, but fails to address the trial testimony establishing that Mass sold its products for between $3,150 and $10,999 per unit (July 9, 2018 Trial Transcript p. 121, line 19 to p. 122, line 10), while Planar sells its over 90% of its accused products for less than $100, demonstrating that the companies are not competitors.  (Trial Transcript p. 1373, line 17 to p. 1374, line 4).  And Mr. Bratic fails to address the trial testimony showing that Mass has already sold virtually all of the units that it manufactured before Mass even approached Planar in 2007.  (*See, e.g.,* July 9, 2018 Trial Transcript p. 78, lines 4-10 *and* Trial Ex. 335 p. M169321).  Mr. Bratic does not account for the fact that Planar's annual sales are on the same order as Mass's total sales from 1995 to present.  Thus, Mr. Bratic did not consider sufficient facts regarding his opinions that the companies are competitors.

Similarly, in paragraph 6, Mr. Bratic makes a conclusory statement that in the present-day analysis, "the degree of competitiveness between Mass and Planar is no different than that of Mass's other licensees…"  (ECF No. 415-2 ¶ 6).  However, Mr. Bratic doesn't show or allude to any facts or data underlying this conclusion.  *See United States v. Various Slot Machines on Guam*, 658 F.2d 697, 700 (9th Cir. 1981) (considering summary judgment and stating "an expert must back up his opinion with specific facts").

Also in paragraph 6, Mr. Bratic concludes that in the post-verdict analysis, "no adjustment is necessary with respect to Mass's royalty rate of 5.9% for a license to the '978 Patent as of the date of judgment in this matter."  Not only is this conclusion devoid of factual support, it is directly contradictory to recent Supreme Court precedent.  *Kimble v. Marvel Entm't, LLC*, 135 S. Ct. 2401, 2405 (2015) (declining to overrule a 1964 case in which "this Court held that a patent holder cannot charge royalties for the use of his invention after its patent term has

PAGE 11 -    PLANAR SYSTEMS, INC.'S MOTION TO STRIKE VARIOUS OPINIONS IN THE DECLARATION OF WALTER BRATIC (ECF No. 415-2) AND RELATED PORTIONS OF MASS'S ROYALTY SUBMISSION

expired."). Given that the '978 patent expired in 2016, and in view of the recent affirmation of 54-year-old precedent, there is no basis for Mr. Bratic's opinion that the royalty rate should stay at 5.9%. Yet, despite this, Mr. Bratic opined, "Based on the information available to me as of the date of this declaration, the *Georgia-Pacific* factors discussed above would not have changed as of the date of adjudication …" (ECF No. 415-2 ¶ 6). (Note: Strangely, Mr. Bratic does acknowledge the expiration of the '978 patent in that sentence, but then states that there is no basis to adjust the royalty on the expired patent.)

Further, with respect to paragraph 6, Mr. Bratic does not even address various *Georgia-Pacific* factors that have indisputably changed since his earlier evaluation. Mr. Bratic does not address the drop in Planar's profit margin from over 40% to less than 13% (*Georgia-Pacific* factor 8). *See, e.g.,* ECF No. 416 at pp. 24-25 (listing testimony regarding drop in profit margin). Mr. Bratic does not address the change in "utility and advantage of the patent property" (*Georgia-Pacific* factor 9) that occurred after the '978 patent expired. *See, e.g.,* ECF No. 416 p. 25. And Mr. Bratic ignores the evidence that Planar was unable to use the accused products to drive other sales (*Georgia-Pacific* factor 6). *See, e.g.,* ECF No. 416 at p. 22. Finally, Mr. Bratic ignores the three recent license agreements that show running royalty rates of 3.25%, 0%, and 0% for the '331 patent (*Georgia-Pacific* factor 1). *See, e.g.,* ECF No. 416 p. 17-19. A recognition that an expert witness ignored relevant facts is a sufficient basis to exclude that expert's opinion. *McGlinchy v. Shell Chemical Co.*, 845 F.2d 802, 807 (9th Cir. 1988) (affirming exclusion of expert's study and testimony where the "study rests on unsupported assumptions and ignores distinctions crucial to arriving at a valid conclusion" and the expert "did not confirm that relevant market conditions were the same before and after the time [of] the injury"); *see Neb. Plastics, Inc. v. Holland Colors Ams., Inc.*, 408 F.3d 410, 416 (8th Cir. 2005) ("An expert opinion that fails to consider the relevant facts of the case is fundamentally unsupported: If a party believes that an expert opinion has not considered all of the relevant facts, an objection to its admission is appropriate…"); *see also Ramsey v. Conrail*, 111 F. Supp.

PAGE 12 - PLANAR SYSTEMS, INC.'S MOTION TO STRIKE VARIOUS OPINIONS IN THE DECLARATION OF WALTER BRATIC (ECF No. 415-2) AND RELATED PORTIONS OF MASS'S ROYALTY SUBMISSION

2d 1030, 1038 (N.D. In. 2000) ("Many cases decided under Daubert have excluded opinion testimony from experts who ignored facts or considerations that must be considered under methods based on reliable principles.").

Likewise, paragraph 7 is based on insufficient facts and data, because Mr. Bratic assumes that the value of the license should stay the same without any apportionment of damages due to the expiration of the '978 patent. However, the Supreme Court clarified, "'an article on which the patent has expired,' like an unpatentable article, 'is in the public domain and may be made and sold by whoever chooses to do so.'" *Kimble*, 135 S. Ct. at 2407. Mr. Bratic failed to consider the effect of the expiration of the '978 patent and failed to consider facts or data that would show how to apportion damages for the limited features that remain patented.[5] (The apportionment issue is discussed below in more complete detail.)

In paragraph 8, Mr. Bratic relied on several damages opinions, but failed to consider the underlying change in law or the facts of the cases. Most of the opinions cited by Mr. Bratic were authored before *Halo v. Pulse*, 136 S. Ct. 1923 (June 13, 2016). Judge Bryson of the Federal Circuit, sitting as a trial judge by designation, specifically questioned the applicability of pre-*Halo* cases (including specifically identifying the *Mondis* case cited by Mr. Bratic) with respect to their assumption that post-verdict infringement was willful. *Erfindergemeinschaft UroPep GbR v. Eli Lilly & Co.*, No. 2:15-cv-1202-WCB, 2017 U.S. Dist. LEXIS 111425 at *36 and *36 n. 2 (E.D. Tex. July 18, 2017) (noting that "the Halo decision counsels against" an assumption that post-verdict infringement is willful). And Judge Bryson also pointed out that "the entry of a verdict and judgment does not justify recharacterizing [defendant's] post-verdict behavior as 'wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or – indeed – characteristic of a pirate.'" *Id.* at *34 (citing *Halo*). Rather, Judge Bryson reasoned,

> Although [defendant] nows know that a jury has found its conduct to be

---

[5] As explained in Planar's prior briefing, these features are limited to the "wrap around" (or "bowed") arm and, possibly, the hole/aperture feature. *See, e.g.,* ECF No. 416 at pp. 10-11 and 14.

PAGE 13 - PLANAR SYSTEMS, INC.'S MOTION TO STRIKE VARIOUS OPINIONS IN THE DECLARATION OF WALTER BRATIC (ECF No. 415-2) AND RELATED PORTIONS OF MASS'S ROYALTY SUBMISSION

> infringing, [defendant] has not committed any new acts deserving of enhanced
> punishment.  [Defendant] has merely continued its previous conduct with the
> reasonable belief that [plaintiff] would not seek an injunction and in
> circumstances in which [defendant] would be required to pay any ongoing royalty
> to which [plaintiff] is entitled… And because [plaintiff] has in fact not sought an
> injunction, there is no apparent reason that [plaintiff] would want [defendant] to
> cease its infringing conduct at this point.

*Id.* at *34-*35.  This is consistent with another post-*Halo* opinion, i.e., *Wisconsin Alumni*

*Research Found. v. Apple, Inc.*, 261 F. Supp. 3d 900 (W.D. Wis. 2017) ("WARF"), *reversed on*

*other grounds by* 2018 U.S. App. LEXIS 27664 (Fed. Cir. Sept. 28, 2018).  In *WARF*, the Court

noted,

> … the court rejects WARF's attempt to describe Apple's infringement post-jury
> verdict as willful… Rather, Apple reasonably believed that the court would not
> enter a permanent injunction … and instead would award an ongoing royalty
> based on a hypothetical negotiation – an expectation shared by this Court.  Given
> this context, Apple knew that it was going to have to pay for its continued use of
> the infringing technology, unlike a willfully infringing party who hopes to conceal
> its knowing infringement.

*Id.* at 922.  Mr. Bratic, however, did not consider the import or impact of either of these well-

reasoned post-*Halo* opinions, nor attempt to explain them away, even though he cited the

*Erfindergemeinschaft* case in his paragraph 8.

    Significantly, there is an obvious explanation as to why the two post-*Halo* cases

identified by Mr. Bratic resulted in enhanced ongoing royalties.  In the *Erfindergemeinschaft*

case, the Court noted that defendant's "profit margins would be approximately 5.2 times as high

during the post-verdict period as during the pretrial infringement period…", resulting in an

enhanced royalty.  *Erfindergemeinschaft*, 2017 U.S. Dist. LEXIS 111425 at *38.  (That situation

is the opposite of the situation here, where Planar's profit margin dropped from Mr. Bratic's over

40% pre-trial assessment to less than 13% post-verdict.)  And, in the *Arctic Cat* case, the jury

found that the infringement was willful, so the Court trebled damages.  *See, e.g., Artic Cat Inc. v.*

*Bombardier Rec. Prods.*, 876 F.3d 1350, 1371 (Fed. Cir. 2017) (addressing treble damages for

willful infringement).  Thus, as noted in the district court's opinion (cited but ignored by Mr.

Bratic), the royalty awarded by the district court was actually "$307.62 per infringing unit."

*Artic Cat Inc. v. Bombardier Rec. Prods.*, no. 14-cv-62369, 2017 U.S. Dist. LEXIS 1607 at *7

PAGE 14 -    PLANAR SYSTEMS, INC.'S MOTION TO STRIKE VARIOUS OPINIONS IN
        THE DECLARATION OF WALTER BRATIC (ECF No. 415-2) AND
        RELATED PORTIONS OF MASS'S ROYALTY SUBMISSION

(S.D. Fla. Jan. 3, 2017).  Thus, the "ongoing royalty rate of $205.08 per infringing unit" (*id.* at *14) was lower than the amount awarded by the court for pre-verdict infringement, even though the defendant was an adjudged "willful infringer."  As discussed in this paragraph, Mr. Bratic's analysis in paragraph 8 is not based on sufficient facts or data and should be stricken.

In paragraphs 9 through 12, Mr. Bratic makes unsupported assumptions about how the jury proportionally awarded damages with respect to the '978 and '331 patents.  These assumptions are not based on facts or data.  Rather, all that can be gleaned from the jury award is that the jury awarded less than the amount requested by Mass and more than the amount requested by Planar.  The jury did not provide any clues as to whether it awarded a high royalty for the '331 patent and no damages for the '978 patent or the opposite with no damages for the '331 patent and all damages for the '978 patent, or a third option anywhere in the extreme range between the two.  Mr. Bratic's analysis of the jury award in paragraphs 9 to 12 is not based on sufficient facts or data, but is merely based on conjecture.  Accordingly, the Court should strike those paragraphs as well.

### 2.    Portions of Mr. Bratic's Testimony are not the Product of Reliable Principles and Methods

Mr. Bratic failed to apply reliable principles and methods in at least four different ways.

First, Mr. Bratic ignored the facts and various "factors" when conducting his alleged present-day *Georgia-Pacific* analysis.  As set forth above, Mr. Bratic concluded that multiple *Georgia-Pacific* factors had not changed without even addressing the relevant evidence, addressing the factors, or explaining why it would not affect the factors.  He merely ignored it.  But he did not even inform the reader of his declaration that he was ignoring the relevant evidence.  Mr. Bratic is not required to rely on all fifteen *Georgia-Pacific* factors.  *Whitserve, LLC v. Computer Packages, Inc.*, 694 F.3d 10, 31 (Fed. Cir. 2012) ("We do not require that witnesses use any or all of the *Georgia-Pacific* factors…").  However, where Mr. Bratic analyzed and relied upon the factors in his pre-verdict damages analysis, it is disingenuous and

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

improper to ignore the changed factors in a later analysis and declare that the factors have not changed. *Accord id.* ("Expert witnesses should concentrate of *fully* analyzing the *applicable* factors, not cursorily reciting all fifteen… [S]ome explanation of both why and generally to what extent the particular factor impacts the royalty calculation is needed."). Mr. Bratic's choice to ignore the unfavorable factors and evidence rather than addressing them demonstrates that he did not employ reliable principles and methods.

Second, Mr. Bratic made an improper assumption that Planar is now a willful infringer and based his analysis on that assumption. *See, e.g.,* ECF No. 415-2 at ¶¶ 4, 7, 8, 10, 11, 12. For example, at paragraph 4, Mr. Bratic states that "the adjudicated infringer is deemed to be a willful infringer as a result of the adjudication." However, that assumption relies on older case law that issued prior to the Supreme Court's overhaul of the willful infringement analysis in *Halo v. Pulse*, 136 S. Ct. 1923 (June 13, 2016). In *Halo*, the Supreme Court "directed district courts to exercise their discretion to award enhanced damages for willfulness as a means of punishing 'egregious' conduct" but the Supreme Court "did not suggest adopting a bright-line rule punishing all instances of knowing infringement." *Erfindergemeinschaft*, 2017 U.S. Dist. LEXIS 111425 at *35. Turning to our case, two separate juries refused to find that Planar was a willful infringer. And Mass points to no "egregious" conduct by Planar. Rather, Planar is merely continuing its course of conduct while waiting (1) for the Court to determine the amount of an ongoing royalty and (2) for the appropriate time to appeal what Planar reasonably believes was an incorrect verdict. After learning the amount of the ongoing royalty, Planar can determine whether to continue selling the products subject to the royalty or not. This is reasonable behavior, not egregious behavior. Thus, Mr. Bratic's assumption that Planar is "deemed to be a willful infringer" does not comport with the current state of the law of willful infringement. Accordingly, Mr. Bratic does not employ reliable principles and methods in making this assumption.

PAGE 16 -   PLANAR SYSTEMS, INC.'S MOTION TO STRIKE VARIOUS OPINIONS IN
            THE DECLARATION OF WALTER BRATIC (ECF No. 415-2) AND
            RELATED PORTIONS OF MASS'S ROYALTY SUBMISSION

Third, Mr. Bratic failed to employ reliable principles and methods when he chose to ignore a third reasonable possibility in the jury's verdict apportionment and, rather than point out that third possibility as an option, merely excluded it from his analysis. Mr. Bratic omitted this analysis from paragraphs 9-12 of his declaration, where he analyzed two assumed results. First, in paragraph 10, he assumed that the jury evenly reduced both royalty rates to 82% of the amount requested by Mass, resulting in an assumption that the jury awarded a 2.88% royalty for the '331 patent. (ECF No. 415-2 ¶10). Next, in paragraph 11, he assumed that the jury awarded the full 3.5% royalty for the '331 patent and that the jury only reduced the royalty rate for the '978 patent. *Id.* at ¶11.

However, Mr. Bratic did not address a third assumption that is as reasonable as the other two. Specifically, it is possible that the jury awarded the full amount sought for the '978 patent only, and reduced the royalty for the '331 patent. As Mr. Bratic points out, he sought $1,130,141 in damages for the '978 patent. *Id.* at ¶11. If the jury awarded this amount, then the jury only awarded $19,859 (i.e., $1,150,000 - $1,130,141 = $19,859) for infringement of the '331 patent. Using Mr. Bratic's methodology from paragraph 11, this would be only 7.4%[6] of the amount requested for the '331 patent, an effective royalty rate of 0.26%[7] for infringement of the '331 patent. This methodology and this option (resulting in a 0.26% rate) is as reasonable as Mr. Bratic's assumptions[8] from paragraphs 9-12 (resulting in either 2.88% or 3.5% rate). Yet, Mr. Bratic ignored it, because he was merely interested in presenting the highest numbers for his client, rather than employing reliable principles and methods. Because Mr. Bratic ignored this equally reliable option without any reasoned basis, his new opinions should be stricken.

Finally, Mr. Bratic did not consider apportionment of damages. In Mr. Bratic's initial damages report and trial testimony, he assigned paramount importance to the '978 patent, calling

---

[6] That is, $19,859/$269,541 = 0.074 or 7.4%.

[7] That is, 0.074 X 3.5% = 0.26%.

[8] Actually, it may be even more reasonable in view of Mr. Bratic's position that the '978 patent was the "flagship" patent.

PAGE 17 -  PLANAR SYSTEMS, INC.'S MOTION TO STRIKE VARIOUS OPINIONS IN
            THE DECLARATION OF WALTER BRATIC (ECF No. 415-2) AND
            RELATED PORTIONS OF MASS'S ROYALTY SUBMISSION

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

it the "flagship" patent, such that the '978 patent alone was the sole driver of demand for the accused products. *See* analysis at ECF No. 416 pp. 13-14. By alleging this, Mr. Bratic was able to allege that damages should accrue based on the entire market value of the accused products. *See Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.,* 894 F.3d 1258, 1272 (Fed. Cir. July 3, 2018) ("[T]he entire market value rule is appropriate only when the patented feature is the sole driver of customer demand or substantially creates the value of the component parts."). However, the '978 patent expired in 2016; it is now in the public domain. *Kimble*, 135 S. Ct. at 2407 ("'an article on which the patent has expired,' like an unpatentable article, 'is in the public domain and may be made and sold by whoever chooses to do so.'"). The issue of apportioning damages is addressed more fully below; Mr. Bratic's failure to apportion damages is a failure to use reliable principles and methods.

Based on Mr. Bratic's consistent failure to use reliable principles and methods, the Court should strike the identified portions of his declaration and the portions of Mass's royalty brief that rely upon the stricken portions.

### C. Mr. Bratic's Opinions Do Not Consider the Appropriate Legal Tests Regarding Apportionment and an Updated Georgia-Pacific Analysis

Mr. Bratic's opinions must also be excluded because Mr. Bratic failed to apportion value between the patented feature(s) and the large number of unpatented features in the accused products, an issue on which Mass bears the burden of proof. "A patent expert must 'apportion value between the patented features and the vast number of non-patented features contained in the accused products.[']" *Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, no. 12-cv-5501-SI, 2018 U.S. Dist. LEXIS 121074 at *57 (N.D. Cal. July 19, 2018). "The essential requirement is that the ultimate reasonable royalty award must be based on the incremental value that the patented invention adds to the end product." *Exmark*, 879 F.3d at 1348.

Despite the clear requirement to apportion damages between patented and unpatented features of the accused products, Mr. Bratic made no attempt to apportion damages in his

PAGE 18 -    PLANAR SYSTEMS, INC.'S MOTION TO STRIKE VARIOUS OPINIONS IN THE DECLARATION OF WALTER BRATIC (ECF No. 415-2) AND RELATED PORTIONS OF MASS'S ROYALTY SUBMISSION

declaration.  *See generally* ECF No. 415-2.  Mr. Bratic chose to ignore apportionment, even though he knew that it was required and knew that this unapportioned opinion would directly contradict his prior expert reports.  Specifically, in an expert report in this case, Mr. Bratic stated, ""[A]pportionment of Mass's 5.9% royalty rate may be necessary if the '978 Patent is not found to be valid and infringed."  (ECF No. 417-1 at p. 49 n. 316).  Mr. Bratic made this statement because, in his opinion, "According to Dr. Akin, the '978 Patent is the most technologically valuable and important patent that has been licensed by Mass … Therefore, Mass's established royalty rate … is an indicator of the importance and value of the '978 Patent …"  *Id.* at p. 49 ¶ 134.  Approximately 15 months later, Mr. Bratic authored a supplemental report in which he admitted that apportionment would be necessary after April 26, 2016: "[N]o further apportionment of Mass's established royalty rate of 5.9% is necessary if the '978 patent is found to be valid and infringed and the sale occurred before the '978 Patent expired on April 26, 2016."  (ECF No. 417-2 at p. 17 ¶48).  Again, this was due to "the importance and value of the '978 Patent to the multi-monitor stands licensed by Mass."  *Id.*

Today, however, we are past April 26, 2016.  The '978 patent, which Mr. Bratic and Mr. Akin referred to as "the most technologically valuable and important patent" is expired.  All of its features are in the public domain for free use by anyone.  *Kimble*, 135 S. Ct. at 2407 ("'an article on which the patent has expired,' like an unpatentable article, 'is in the public domain and may be made and sold by whoever chooses to do so.'").  Thus, Mr. Bratic was required to apportion damages only to the incremental value that the '331 patent adds to the accused products, e.g., the value of the "wrap around" (a.k.a. "bowed") arm for the triple monitor stand.[9]  *Exmark Mfg. Co.*, 879 F.3d at 1348 ("The essential requirement is that the ultimate reasonable royalty award must be based on the incremental value that the patented invention adds to the end product.").  Mr. Bratic did not apportion the damages to this feature (or to any other incremental

---

[9] As noted in Planar's September 28, 2018 submission regarding the ongoing royalty, the '331 patent's added feature has value only for the triple monitor stands that account for 3% of unit sales and 6% of revenue.  (ECF No. 416 p. 19).

PAGE 19 -    PLANAR SYSTEMS, INC.'S MOTION TO STRIKE VARIOUS OPINIONS IN
THE DECLARATION OF WALTER BRATIC (ECF No. 415-2) AND
RELATED PORTIONS OF MASS'S ROYALTY SUBMISSION

feature that Mass might alleged that the '331 patent adds).  Therefore, Mr. Bratic's expert opinions regarding the ongoing royalty should be stricken.

### D.    Paragraph 4 of Mr. Bratic's Declaration Offers a Legal Conclusion

Paragraph 4 of Mr. Bratic's declaration should be stricken because it offers a bare legal opinion and, in fact, is contrary to the relevant case law.  Mr. Bratic opines that the post-verdict royalty should be enhanced because an adjudicated infringer is deemed to be a willful infringer and that enhancing the royalty for such willful infringement is based on various factors. Contrary to this opinion, however, the relevant case law states "the Federal Circuit rejected the 'willfulness' ground for an enhanced ongoing royalty in *Amado*." *Erfindergemeinschaft UroPep GbR v. Eli Lilly & Co.*, No. 2:15-cv-1202-WCB, 2017 U.S. Dist. LEXIS 111425 at *30 (E.D. Tex. July 18, 2017) (Federal Circuit Judge Bryson sitting by designation) (further stating, "If it is improper to use willfulness as a basis for enhancing the ongoing royalty in a case in which an injunction has been granted and stayed, it would seem at least equally improper to use willfulness as a basis to enhance the ongoing royalty in a situation in which the equities would not even permit the issuance of an injunction in the first place. And it may be even more improper in a case such as this one, which involves a non-competitor, in which the plaintiff chooses not to seek an injunction, and in which the defendant's continuing infringement in fact benefits the plaintiff by generating sales from which ongoing royalties can be awarded."); *see also Amado v. Microsoft Corp.*, 517 F.3d 1353, 1362 (Fed. Cir. 2008) ("[W]illfulness, as such, is not the inquiry when the infringement is permitted by a court-ordered stay.").  Thus, even if Mr. Bratic was permitted to opine regarding the law, his opinion here contradicts the relevant Federal Circuit authority and an opinion authored by a Federal Circuit judge explaining that authority.

Moreover, even if Mr. Bratic was correct, he would not be permitted to testify regarding issues of law.  *Crow Tribe of Indians v. Raciot*, 87 F.3d 1039, 1045 (9th Cir. 1996) ("Expert testimony is not proper for issues of law.").  Thus, Mr. Bratic's attempt to opine on the state of the law in paragraph 4 should be stricken.

PAGE 20 -    PLANAR SYSTEMS, INC.'S MOTION TO STRIKE VARIOUS OPINIONS IN
             THE DECLARATION OF WALTER BRATIC (ECF No. 415-2) AND
             RELATED PORTIONS OF MASS'S ROYALTY SUBMISSION

## VI.     Conclusion

For the foregoing reasons, Planar respectfully requests that the Court enter an order

striking paragraphs 4 and 6 through 12 of the Declaration of Walter Bratic (ECF No. 415-2) and

all portions of "Plaintiff's Opening Brief on a Reasonable Ongoing Royalty Rate" (ECF No.

415) that rely upon any stricken paragraphs.

Dated:  October 12, 2018

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.


By: s/Jacob S. Gill
     **Jacob S. Gill,** OSB No. 033238

209 SW Oak Street, Suite 500
Portland, OR 97204
Telephone:  (503) 227-1600
Facsimile:  (503) 227-6840
Email:       jgill@stollberne.com

-And-

**Jenny W. Chen** (admitted *pro hac vice*)
Email: Jenny.Chen@ChenIPLaw.com
CHEN IP LAW GROUP
7F, N0. 1, Alley 30, Lane 358
Rueiguang Road
Neihu District,  Taipei City  114
Taiwan (R.O.C.)
Telephone:  +(886)-2-7721-8855
Facsimile:  +(886)-2-7721-8822

**Andrew T. Oliver**  (admitted *pro hac vice*)
Email: aoliver@ATWiplaw.com
AMIN, TUROCY & WATSON, LLP
160 West Santa Clara Street, Suite 975
San Jose, California 95113
Telephone:  (650) 618-6481
Facsimile:  (216) 696-8731

**Attorneys for Defendant**

PAGE 21 -   PLANAR SYSTEMS, INC.'S MOTION TO STRIKE VARIOUS OPINIONS IN
              THE DECLARATION OF WALTER BRATIC (ECF No. 415-2) AND
              RELATED PORTIONS OF MASS'S ROYALTY SUBMISSION
                    STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
                         209 S.W. OAK STREET, SUITE 500
                              PORTLAND, OREGON 97204
                       TEL. (503) 227-1600  FAX (503) 227-6840